1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Mark Clifford Sykes, | Case No. 2:21-cv-01479-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1). Plaintiff is proceeding in this action *pro se.* The Court finds these matters properly resolved without a hearing. LR 78-1.

Under 28 U.S.C. § 1915(a)(1), the Court may only authorize a party to proceed with an action without paying the fees or costs or providing security for them if that person submits an affidavit including a statement showing the person is unable to pay the costs. The Court's Local Rules provide that a person who is unable to prepay fees in a civil case may apply for leave to proceed *in forma pauperis. See* LSR 1-1. The application must be on the form provided by the court and include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities. *See* LSR 1-1. Finally, under Local Rule IC 5-1, an electronic signature may either be in the form of "/s/ [name]" or a facsimile of a handwritten signature. LR IC 5-1.

Here, the Court finds that Plaintiff's application is incomplete because: (1) it does not state the amount of money received from Social Security Benefits under question three; (2) does not explain whether the Plaintiff owns any automobile, real estate, stock, bond, security, jewelry, art work, or other financial instrument or thing of value under question five; (3) crosses out "declare under penalty of perjury" in the declaration section and replaces it with "certify"; and (4) uses an electronic signature without the "/s/ [name]" convention required by Local Rule IC 5-

1. Crucially, without complete answers to questions three and five, the Court is unable to determine Plaintiff's income or find that Plaintiff is unable to pay the costs of commencing this action.

Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant is immune from such relief. Plaintiff is instructed to state the amount of money received from Social Security Benefits under question three and respond to question five. Plaintiff is also instructed not to cross language out of the declaration section and, if he uses an electronic signature, to sign using the "/s/ [name]" convention.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file a complete application with a more detailed answer to questions three and five. In the alternative, Plaintiff may make the necessary arrangements to pay the filing fee of $402, accompanied by a copy of this Order. Plaintiff shall have thirty days from the date of this order—until Thursday, October 7, 2021—to comply by filing a new application to proceed *in forma pauperis* or to pay the filing fee. Failure to comply will result in a recommendation to the District Judge for dismissal of this action.

DATED: September 7, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE