# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mark Clifford Sykes,<br><br>                    Plaintiff,<br><br>         v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01479-RFB-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

**I.    *In forma pauperis* application.**

    *Pro se* plaintiff Mark Sykes bring a civil rights case under 42 U.S.C. § 1983 and other statutes for events that occurred when he was arrested for unlawfully using an emergency number and failing to update his address as a convicted person. (ECF No. 1-1). Plaintiff moves to proceed *in forma pauperis*. (ECF No. 4). Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Plaintiff's request to proceed *in forma pauperis* will therefore be granted. The Court now screens Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

**II.   Screening standard.**

    Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**III.    Screening the complaint.**

Plaintiff alleges that on August 8, 2020, he was stopped while driving by Las Vegas Metropolitan Police Department Officer S. Hunt for having a headlight out. (ECF No. 1-1 at 4). Plaintiff asserts that, after he was stopped, he asked to get out of his car and inspect his headlight. (*See id.* at 5). After seeing that both of his headlights were working, Officer Hunt refused to let Plaintiff go, stating "I have to evaluate you now, what's your name?" (*Id.* at 7). Plaintiff gave Officer Hunt his name and date of birth but questioned Officer Hunt why he was being detained. (*Id.*).

Apparently after Officer Hunt looked up Plaintiff's information, Officer Hunt noted that Plaintiff was a felon and began questioning Plaintiff. (*See id.* at 8). Plaintiff demanded that Officer Hunt call a watch commander, arguing that Officer Hunt had no probable cause to pull him over. (*See id.* at 8). Plaintiff then called 911. (*See id.*).

Officer Hunt ordered Plaintiff to stand in front of his car, which Plaintiff did, asking Officer Hunt why. (*See id.*). When the Doe Sergeant—whose name Plaintiff does not know—arrived, Plaintiff informed him that Officer Hunt had pulled Plaintiff over because his headlight was out and asked Doe Sergeant to check the light. (*See id.* at 9). Doe Sergeant then allegedly became irate and put Plaintiff in cuffs. (*See id.*). Officer Hunt then began to search Plaintiff's car and glove compartment. (*See id.*). When Plaintiff protested the search to Doe Sergeant, Doe Sergeant said that Officer Hunt was not in Plaintiff's vehicle. (*See id.*).

Plaintiff was then arrested and allegedly stripped and held for two days in the Clark County Detention Center's "drunk tank." (*See id.* at 4). Plaintiff asserts that he was ill for three weeks after the incident. (*See id.*). Plaintiff asserts numerous claims against LVMPD, Officer Hunt, Sherriff Joe Lombardo, the Doe Sergeant, and other Doe parties in their official and individual capacities.

### A. Count 1: 42 U.S.C. § 1983 against all Defendants.

In his first claim, Plaintiff asserts that the City of Las Vegas, LVMPD, Officer Hunt, and Doe Sergeant violated his constitutional rights. (*Id.* at 11). He claims that LVMPD—and apparently the City of Las Vegas—maintained policies and customs tolerating constitutional right violations, that LVMPD failed to exercise reasonable care in hiring officers, and that LVMPD had a policy or custom of inadequately training its officers. (*See id.* at 11-12). Plaintiff asserts that Officer Hunt and Doe Sergeant believed their actions would not be monitored by supervisory officers, investigated, or sanctioned. (*See id.*).

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law. *See, e.g.*, *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). States and state officers sued in their official capacity are not "persons" for the purposes of a § 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). However, § 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Liability can attach to an officer in

his individual capacity if the plaintiff is able to establish: (1) that the official caused the deprivation of the plaintiff's rights while acting personally under color of state law, and (2) that the official is not entitled to the protection of qualified immunity. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

The Court notes that Plaintiff appears to be alleging false arrest under § 1983. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

        1.     <u>Officer Hunt and Doe Sergeant in their official capacities.</u>

Because an official capacity suit against a municipal officer is equivalent to a suit against the government entity, the court may dismiss the officer as a redundant defendant where the officer and the entity are named. *Center for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.2d 780, 799 (9th Cir. 2008). Because Plaintiff has named Officer Hunt and Doe Sergeant in their official capacities along with LVMPD, Officer Hunt and Doe Sergeant are redundant defendants in their official capacities. The Court thus dismisses Plaintiff's § 1983 claims against Officer Hunt and Doe Sergeant in their official capacities without prejudice.

        2.     <u>Officer Hunt and Doe Sergeant in their individual capacities.</u>

With respect to the officers named in their individual capacity, when government officials abuse their offices, actions for damages under § 1983 may offer injured parties the only avenue for vindicating violations of their constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Courts have provided qualified immunity to government officials who act reasonably in performing discretionary functions. *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1125 n.5 (9th Cir. 1997). Plaintiff has alleged that Officer Hunt and Doe Sergeant arrested him without

probable cause or justification. There is a question whether qualified immunity applies to Officer Hunt and Doe Sergeant in their individual capacities. The Court will thus permit Plaintiff's § 1983 claim against Officer Hunt and Doe Sergeant in their individual capacities to survive screening at this point.

### 3. LVMPD and the City of Las Vegas.

As a preliminary matter, although Plaintiff has asserted claims against LVMPD and the City of Las Vegas in their official and individual capacities, as entities, these Defendants can only be named in their official capacity. In *Monell v. Department of Social Services*, the Supreme Court held that a municipality could be held liable under § 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights. *See Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978). However, a municipality cannot be held liable simply because it employs an officer who commits a constitutional tort. *See Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018). Thus, neither the City of Las Vegas nor the LVMPD can be held liable merely because their employees violated Plaintiff's constitutional rights.

Municipalities may be held liable under § 1983 if action pursuant to municipal custom or policy caused a constitutional violation that damaged the plaintiff. *See id.* There must be a custom or policy and that custom or policy must have caused the alleged constitutional deprivation. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016). Furthermore, the plaintiff also must show that the custom or policy was adhered to with deliberate indifference to the plaintiff's constitutional rights. *Id.* at 1076. The deliberate indifference standard for municipalities is an objective inquiry into whether the facts known by the municipal policymakers put them on constructive notice that the particular conduct or omission is substantially certain to result in the violation of constitutional rights. *Id.*

Merely including a conclusory allegation that there is a custom or policy is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). A plaintiff must go beyond bare assertions and plead facts sufficient to show that there is a policy and what the policy is. *Id.* at 678-81. To adequately allege a custom, a plaintiff must allege facts sufficient to show a practice or custom

that constitutes the standard operating procedure of the local government entity. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "The custom must be so 'persistent and widespread' that it constitutes a permanent and well settled city policy." *Id.* (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

Here, Plaintiff has not stated a colorable claim against LVMPD or the City of Las Vegas. He has not alleged sufficient facts to show a policy or custom adhered to with deliberate indifference that caused a violation of his rights. Plaintiff's complaint merely states that "[i]t was the policy and/or custom of the [City of ] Las Vegas, [and] Las Vegas Metropolitan Police Department to fail to exercise reasonable care in hiring its police officers…" (ECF No. 1-1 at 11-12). Because this is not enough facts to establish a colorable claim against the LVMPD or the City of Las Vegas, the Court dismisses Plaintiff's § 1983 claim against LVMPD and the City of Las Vegas without prejudice.

### B. Count 2: 18 U.S.C. §§ 1001, 1002 against all Defendants.

Plaintiff asserts that Officer Hunt, Doe Sergeant, and a Roe records agency violated 18 U.S.C. §§ 1001 and 1002 when Officer Hunt and Doe Sergeant used false information to say that Plaintiff was a felon and included false information—including that Plaintiff misused 911—on the police report. (ECF No. 1-1 at 12). However, although 18 U.S.C. §§ 1001 and 1002 prohibit false statements or representations to the United States government and possession of false papers to defraud the United States, they do not provide for a private right of action. *See Navarro v. United States*, No. 2:17-cv-00650-KJD-VCF, 2017 WL 1944107, at *4 n.2 (D. Nev. Apr. 21, 2017). Because amendment would be futile, the Court thus recommends dismissing Plaintiff's claims under 18 U.S.C. §§ 1001 and 1002 with prejudice.

### C. Count 3: NRS 200.510 against all Defendants.

Plaintiff alleges that Officer Hunt and a Roe records agency defamed him. Plaintiff claims that Officer Hunt included facts that were not true in the police report and that the Roe records agency published false information that Plaintiff was a twelve-time felon. Defamation

encompasses both slander (spoken) and libel (written) defamatory statements. *Flowers v. Carville*, 292 F. Supp. 2d 1225, 1232 n.1 (D. Nev. 2003), aff'd, 161 F. App'x 697 (9th Cir. 2006). To state a claim for defamation, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel).

Here, Plaintiff has alleged a prima facie case of libel against Officer Hunt and the Roe records agency. Plaintiff has alleged that: (1) Officer Hunt wrote a false statement that Plaintiff unlawfully called 911 in the police report and that a Roe record keeping agency published a false statement about Plaintiff's status as a twelve-time felon; (2) Officer Hunt published the police report to the LVMPD and the Roe record keeping agency published the false statement to everyone capable of accessing the record; (3) that the publications were intentional; and (4) that Plaintiff suffered damages. However, Plaintiff does not explain how Doe Sergeant, LVMPD, or the City of Las Vegas played any role in this claim. Plaintiff's claims for defamation against Officer Hunt and the Roe record keeping agency shall thus proceed. The Court dismisses Plaintiff's defamation claim against Doe Sergeant, LVMPD, and the City of Las Vegas without prejudice.

### D.      Count 4: NRS 200.460 against all Defendants.

Plaintiff asserts that LVMPD, Officer Hunt, and Doe Sergeant have violated NRS 200.460 by falsely arresting and imprisoning him. (ECF No. 1-1 at 13-14). He does not explain how the City of Las Vegas was involved. However, NRS 200.460 is a criminal statute which makes false imprisonment a felony but does not create a civil cause of action. *See* NRS 200.460 Plaintiff's claims for false arrest are more appropriately addressed under 42 U.S.C. § 1983, for which this Court has permitted Plaintiff's claims to move forward against Officer Hunt and Doe Sergeant. Because amendment would be futile under this statute, because it does not create a private cause of action, the Court recommends dismissing Plaintiff's NRS 200.460 claims against all Defendants with prejudice.

**E.     Count 5: Respondeat Superior *against the City of Las Vegas and LVMPD.***

Plaintiff assets that the City of Las Vegas and the LVMPD are liable for the actions of Officer Hunt and Doe Sergeant.  However, as addressed more fully above, a municipality cannot be held liable simply because it employs an officer who commits a constitutional tort.  *See Hervey*, 65 F.3d at 791 (citing *Monell*, 436 U.S. at 690–91).  Because neither the City of Las Vegas nor the LVMPD can be liable solely on a theory of *respondeat superior*, the Court recommends dismissal of this claim with prejudice.

**F.     Count 6: NRS 200.571 *against Officer Hunt and Doe Sergeant.***

Plaintiff claims that Officer Hunt and Doe Sergeant harassed Plaintiff in violation of this statute by pulling him over under a false pretense.  (ECF No. 1-1 at 14).  However, again, NRS 200.571 is a criminal statute which does not create a civil cause of action.  The statute does, however, contemplate that the victim of harassment may seek additional remedies, such as by bringing a common law cause of action for harassment, which the Court addresses below.  NRS 200.571(3).  The Court thus recommends dismissal of Plaintiff's NRS 200.571 claim against Officer Hunt and Doe Sergeant with prejudice as amendment would be futile.

**G.     Count 7: 42 U.S.C. § 1986 *against Officer Hunt and Doe Sergeant.***

Plaintiff asserts that Officer Hunt and Doe Sergeant, "after knowledge that none of plaintiff's headlights [were] out failed to stop and correct his wrongs an allow the plaintiff to continue with his travels."  (ECF No. 1-1- at 14).  Under 42 U.S.C. § 1986,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

As discussed more fully below, Plaintiff has not sufficiently alleged a conspiracy under 42 U.S.C. § 1985 and thus, does not sufficiently allege a violation of 42 U.S.C. § 1986.  The Court thus dismisses Plaintiff's 42 U.S.C. § 1986 claim against Officer Hunt and Doe Sergeant without prejudice.

### H. Count 8: 42 U.S.C. § 1985 and 18 U.S.C. § 241 against Officer Hunt and Doe Sergeant.

Plaintiff asserts that Officer Hunt and Doe Sergeant, after realizing that Plaintiff's headlight was not out, failed to allow Plaintiff to leave and "conspired and deprived plaintiff out of his liberty…" (ECF No. 1-1 at 15). 18 U.S.C. § 241 is a criminal statute. Plaintiff cannot base civil claims on this criminal statute. *See Gordon v. City of Henderson*, No. 2:19-cv-01045-APG-VCF, 2019 WL 2778089, at *2 (D. Nev. July 2, 2019). However, under 42 U.S.C. § 1985(3),

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws, or of equal privileges or immunities under the laws ... the party or person so deprived may have an action for the recovery of damages.

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *See Gilliespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980), *citing Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Griffin*, 403 U.S. at 102. "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

Here, the Court recommends dismissing Plaintiff's 18 U.S.C. § 241 claim against Officer Hunt and Doe Sergeant with prejudice because amendment would be futile. It dismisses Plaintiff's 42 U.S.C. § 1985 claim against Officer Hunt and Doe Sergeant without prejudice because Plaintiff could amend his complaint to assert a cognizable claim. At this stage, however, Plaintiff has not sufficiently alleged facts to support a conspiracy.

### I. Count 9: 18 U.S.C. § 242 against Officer Hunt and Doe Sergeant.

Like 18 U.S.C. § 241, 18 U.S.C. § 242 is a criminal statute on which Plaintiff cannot base a civil claim. *See Gordon*, 2019 WL 2778089 at *2. Moreover, Plaintiff's claims for deprivation of his rights are encompassed in his 42 U.S.C. § 1983 claim. Because amendment would be futile under this statute, the Court thus recommends that Plaintiff's 18 U.S.C. § 242 claim against Officer Hunt and Doe Sergeant be dismissed with prejudice.

### J. Count 10: 18 U.S.C. §§ 1341; 1343 and NRS 173.105 against Officer Hunt and Doe Sergeant.

Plaintiff cannot sue Defendants under 18 U.S.C. §§ 1341 or 1343—addressing mail fraud and wire fraud, respectively—because those statutes do not confer private rights of action. *See Reyes v. Flagg*, No. 2:18-cv-01727-GMN-BNW, 2020 WL 5645326 at *2 (D. Nev. Sept. 22, 2020) (compiling cases). Neither does NRS 173.105, which only provides that if a defendant is charged by a fictitious or erroneous name and the defendant's true name is discovered, it must be inserted in subsequent proceedings. *See* NRS 173.105. Moreover, Plaintiff does not assert facts related to any of these statutes. The Court thus recommends that Plaintiff's 18 U.S.C. §§ 1341 and 1343 claim and NRS 173.105 claim against Officer Hunt and Doe Sergeant be dismissed with prejudice because amendment would be futile.

### K. Miscellaneous claims.

Plaintiff also appears to assert common law claims for assault and battery, "constructive trust fraud," unjust enrichment, bank fraud, and malicious prosecution. However, Plaintiff does not assert these claims in separate counts, instead he merely names them. Nor does he assert sufficient facts to establish these claims.

"To establish an assault claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact. To establish a battery claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive contact, and (2) such contact did occur." *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001) (internal citations omitted). "Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship." *Long v. Towne*, 98 Nev. 11, 13, 639

P.2d 528, 530 (1982). Nevada courts require plaintiffs to plead constructive fraud with Rule 9(b) particularity. *See Patterson v. Grimm*, No. 2:10–cv–1292–JCM–RJJ, 2010 WL 4395419, at *3–5 (D. Nev. Nov.1, 2010) (noting that any claim of fraud must be pled with particularity under Rule 9(b) including plaintiff's constructive fraud claim); *Hutchison v. KFC Corp.*, 809 F.Supp. 68, 70 (D. Nev. 1992) (granting plaintiffs leave to amend to plead their common law and constructive fraud claims with more particularity). In Nevada, "[u]njust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is 'acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Certified Fire Prot. Inc. v. Precision Constr. Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012); *citing to Unionamerica Mtg. v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981). Bank fraud is a federal crime prohibited by 18 U.S.C. § 1344. *See Gettings v. Philippine Airlines*, No. 2:15-cv-00705-APG-PAL, 2015 WL 3609718, at *3 (D. Nev. June 9, 2015).

Generally, a malicious prosecution claim is not cognizable under § 1983 if process is available in the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[A]n exception exists [ ... ] when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). To proceed on a malicious prosecution claim under § 1983, then, a plaintiff must show he was prosecuted "with malice and without probable cause," and "for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995). A malicious prosecution claim under § 1983 is based on state law elements. *Usher*, 828 F.2d at 562. Under Nevada law, the elements of a malicious prosecution claim are: "(1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002).

Here, the Court dismisses Plaintiff's claims for assault, battery, unjust enrichment, constructive fraud, and malicious prosecution without prejudice because he merely names them

without providing facts to support them, listing them as counts in his complaint, or explaining against which party he asserts them. Plaintiff has not asserted that officers placed him in fear of harmful or offensive physical contact or physically contacted him in a harmful or offensive way to support assault or battery. Nor has he asserted that he had a confidential relationship with any party that the party breached to establish constructive fraud. Plaintiff has not identified an underlying agreement or benefit on which to base his unjust enrichment claim. And Plaintiff has not alleged sufficient intent to establish malicious prosecution, although he appears to assert that his criminal proceedings were terminated. (ECF No. 1-1 at 6). The Court does, however, recommend dismissing Plaintiff's bank fraud claim with prejudice because it already addressed and recommended dismissal for Plaintiff's claim under 18 U.S.C. § 1344.

## ORDER

**IT IS THEREFORE ORDERED** that:

- Plaintiff's 42 U.S.C. § 1983 claim against Officer Hunt and Doe Sergeant in their official capacities is dismissed without prejudice.
- Plaintiff's 42 U.S.C. § 1983 claim against LVMPD and the City of Las Vegas is dismissed without prejudice.
- Plaintiff's claim for defamation against Doe Sergeant, LVMPD, and the City of Las Vegas is dismissed without prejudice.
- Plaintiff's 42 U.S.C. § 1986 claim against Officer Hunt and Doe Sergeant is dismissed without prejudice.
- Plaintiff's 42 U.S.C. § 1985 claim against Officer Hunt and Doe Sergeant is dismissed without prejudice.
- Plaintiff's claims for assault, battery, unjust enrichment, constructive fraud, and malicious prosecution are dismissed without prejudice.

**IT IS FURTHER ORDERED** that:

- Plaintiff's 42 U.S.C. § 1983 claim against Officer Hunt and Doe Sergeant in their individual capacities shall proceed.
- Plaintiff's claim for defamation against Officer Hunt and the Roe record keeping agency shall proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1).  The Clerk of Court is also kindly directed to issue summonses to Defendant Officer S. Hunt and deliver the summons along with a copy of the complaint to the U.S. Marshal for service.

**IT IS FURTHER ORDERED that** Plaintiff shall have twenty-one days—until **Monday, December 27, 2021**[1]—in which to send the U.S. Marshal the required Form USM-285.[2]  Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether the defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have ninety days—until **Thursday, March 3, 2022**—within which to serve the Defendants against whom Plaintiff's claims are proceeding.  Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff will have twenty-one days—until **Monday, December 27, 2021**[3]—to file an amended complaint to the extent he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended

---

[1] This date has been moved to the next Monday to accommodate the holiday.

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf

[3] This date has been moved to the next Monday to accommodate the holiday.

complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

## REPORT AND RECOMMENDATION

**IT IS RECOMMENDED** that:

- Plaintiff's 18 U.S.C. §§ 1001 and 1002 claims against all Defendants be dismissed with prejudice.
- Plaintiff's NRS 200.460 claims against all Defendants be dismissed with prejudice.
- Plaintiff's *respondeat superior* claims against the City of Las Vegas and LVMPD be dismissed with prejudice.
- Plaintiff's NRS 200.571 claim against Officer Hunt and Doe Sergeant be dismissed with prejudice.
- Plaintiff's 18 U.S.C. § 241 claim against Officer Hunt and Doe Sergeant be dismissed with prejudice.
- Plaintiff's 18 U.S.C. § 242 claim against Officer Hunt and Doe Sergeant be dismissed with prejudice.

- Plaintiff's 18 U.S.C. §§ 1341 and 1343 claim and NRS 173.105 claim against Officer Hunt and Doe Sergeant be dismissed with prejudice.
- Plaintiff's bank fraud claim be dismissed with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 3, 2021

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE