1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mark Clifford Sykes, | Case No. 2:21-cv-01479-RFB-DJA |
| Plaintiff, | |
| v. | **Report & Recommendation** |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

Plaintiff Mark Clifford Sykes is proceeding *pro se* and *in forma pauperis*. Since the Court screened his initial complaint, Plaintiff has filed an amended complaint (ECF No. 10), a motion for service on unserved defendants (ECF No. 13), a motion for extension of time to serve defendants (ECF No. 16), a motion for the recusal of the undersigned magistrate judge (ECF No. 17), and a motion for the recusal of the assigned district judge (ECF No. 18). The assigned district judge, the Honorable District Judge Richard F. Boulware, has referred these items to the undersigned for a report and recommendation.

Because the Court finds that certain of Plaintiff's amended claims pass screening, it recommends allowing those claims to proceed and recommends dismissing others. Because the Court finds that Plaintiff's motion for service is premature, the Court recommends denying it. Because the Court finds that Plaintiff's motion for extension is supported by good cause, the Court recommends granting it. Finally, because the Court finds that Plaintiff has not articulated an extrajudicial basis for recusal, it recommends denying Plaintiff's motions for recusal. The Court finds these matters properly resolved without a hearing. LR 78-1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  Background.

### A.  Procedural background.

The Court screened Plaintiff's complaint, issuing an order and report and recommendation on December 3, 2021.  (ECF No. 5).  Plaintiff objected to the report and recommendation (ECF No. 8) and filed an amended complaint on December 27, 2021 (ECF No. 10).  Before the Court screened Plaintiff's amended complaint, Plaintiff filed a notice containing summonses for the amended complaint (ECF No. 11), a notice that his summons to Officer Hunt had been returned unexecuted (ECF No. 12), and a motion to serve his amended complaint on Doe and Roe defendants, who Plaintiff has since identified (ECF No. 13).  Plaintiff then filed proposed summonses on the docket.  (ECF No. 15).  On March 1, 2022, Plaintiff moved to extend the time for service.  (ECF No. 16).  Plaintiff then moved for the recusal of the undersigned magistrate judge and the assigned district judge on April 8, 2022.  (ECF Nos. 17 and 18).

### B.  Factual background.

In his amended complaint, Plaintiff alleges that on August 8, 2020, Las Vegas Metropolitan Police Department (LVMPD) Officer S. Hunt pulled him over for having a headlight out.  (ECF No. 10 at 7-8).  Plaintiff asserts that, after he stopped, he asked to get out and inspect his headlight.  (*Id.*).  After seeing that both headlights were working, Officer Hunt refused to let Plaintiff leave, stating, "I have to evaluate you now, what's your name?"  (*Id.*).  Plaintiff gave Officer Hunt his name and date of birth but questioned Officer Hunt about why he was being detained.  (*Id.*).

Officer Hunt then looked up Plaintiff's information, which record check erroneously revealed that Plaintiff is a twelve-time convicted felon.  (*Id.* at 6, 8, 21-22).  Plaintiff asserts that the record keeping agency responsible for providing information to the LVMPD—named as a Roe defendant—published this false information, which Officer Hunt then used to wrongfully detain Plaintiff.  (*Id.*).  After Officer Hunt looked up Plaintiff's information, he exclaimed, "you're a felon!"  (*Id.* at 8).  Plaintiff asserts that he "felt an immediate intervention was necessary to protect his physical safety" because "Black males have been getting shot by police officers across the nation after being pulled over…"  (*Id.* at 7).  He thus asked Officer Hunt to call

his watch commander, which request Officer Hunt initially declined.  (*Id.* at 8-9).  Officer Hunt continued to ask Plaintiff questions, during which Plaintiff repeated his request that Officer Hunt call his watch commander.  (*Id.*).  During this exchange, Plaintiff called 911.  (*Id.*).  Officer Hunt then asked Plaintiff to stand in front of Officer Hunt's vehicle, which Plaintiff did.  (*Id.*).  At some point during the incident, Plaintiff asserts that Officer Hunt called his supervisor, who Plaintiff asserts was aware of Officer Hunt's violations and failed to prevent them.  (*Id.* at 12-13). Plaintiff speculates that Officer Hunt was on the phone with Sheriff Lombardo.  (*Id.* at 18).

A sergeant—whom Plaintiff names as a Doe defendant—then arrived.  (*Id.* at 10). Plaintiff told the Doe Sergeant that his headlight was not out, after which the Doe Sergeant "became irate," said Plaintiff was lying, and handcuffed Plaintiff.  (*Id.*).  Officer Hunt then proceeded to search Plaintiff's car and glove compartment.  (*Id.*).  When Plaintiff informed Doe Sergeant that he had never given Officer Hunt consent to search his vehicle, Doe Sergeant stated "he's not in your vehicle."  (*Id.*).  Officer Hunt then took Plaintiff to the Clark County Detention Center where Plaintiff's clothes were confiscated.  (*Id.* at 4).  Plaintiff spent two days in the "drunk tank" wearing only underwear and was never given the chance to call anyone or speak with an attorney.  (*Id*).  Plaintiff asserts that neither "the district attorney for the State of Nevada nor the magistrate [judge], [took] the [case] as there [were] no convictions and plaintiff was released 2 days later with no charged offenses…"  (*Id.* at 6).  The ordeal caused Plaintiff to be sick for three weeks after his release.  (*Id.*).  Officer Hunt's arrest report, which Plaintiff attaches to his amended complaint, states that Plaintiff was charged with unlawful use of an emergency number and failure by a convicted person to update their address.  (ECF No. 10 at 31-32).

Plaintiff asserts various constitutional, federal, and state law violations against Officer Hunt, Doe Sergeant, Sheriff Lombardo, the LVMPD, and the Roe record keeping agency arising out of this incident.  Plaintiff asserts that he believes Officer Hunt pulled him over for no reason because he is a Black man who was "traveling in a nice vehicle, a Lexus."  (*Id.* at 7).  He alleges that both Officer Hunt and Doe Sergeant discriminated against him by "unreasonably search[ing] for reasons to harass and unlawful[ly] seize my person…because of my race."  (*Id.* at 19).

1    **II.    Screening Plaintiff's amended complaint.**

2         Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

3    complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the

4    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

5    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

6    § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given

7    leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

8    the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*

9    *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10        *A.     Plaintiff's constitutional claims.*

11        Plaintiff asserts six constitutional claims against Officer Hunt, Doe Sergeant, Sheriff

12   Lombardo, and the LVMPD: (1) violations of his Fifth Amendment due process rights;

13   (2) violations of his Fourteenth Amendment due process rights; (3) violations of his Fourteenth

14   Amendment equal protection rights; (4) unreasonable search and seizure in violation of his Fourth

15   Amendment rights; (5) unlawful arrest in violation of his Fourth Amendment rights; (5) violations

16   of 42 U.S.C. § 1985; and (6) violations of 42 U.S.C. § 1986.  Because Plaintiff is suing a local

17   government and its officials for violations of substantive rights conferred by the Constitution,

18   these claims arise under 42 U.S.C. § 1983.  *See Gardner v. Las Vegas Metropolitan Police Dep't*,

19   No. 2:17-cv-00352-PAL, 2019 WL 1923634, at *7 (D. Nev. Apr. 29, 2019) (citing *Graham v.*

20   *Connor*, 490 U.S. 386, 393-94 (1989)).

21             1.    The Court recommends dismissing Plaintiff's constitutional claims against
22                   Doe Sergeant in his official capacity, Sheriff Lombardo, and the LVMPD.

23        The Court recommends dismissing Plaintiff's constitutional claims against Doe Sergeant

24   in his official capacity because Doe Sergeant in his official capacity is a redundant defendant.  A

25   42 U.S.C. § 1983 official capacity suit against an officer is equivalent to a 42 U.S.C. § 1983 suit

26   against a municipality.  *See Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff*

27   *Dep't*, 533 F.3d 780, 799 (9th Cir. 2008).  Because Plaintiff has separately named the LVMPD,

28   Doe Sergeant in his official capacity is a redundant defendant.  *See id.*

1    The Court recommends dismissing Plaintiff's constitutional claims against Sheriff

2  Lombardo because Plaintiff has not explained how Sheriff Lombardo personally participated in

3  the constitutional deprivations Plaintiff alleges.  A supervisor is only liable for constitutional

4  violations of his subordinates if the supervisor participated in or directed the violations or knew of

5  the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

6  1989).  There is no *respondeat superior* liability under 45 U.S.C. § 1983.  *Id.*  Although Plaintiff

7  alleges that Officer Hunt was on the phone with his supervisor during part of the incident,

8  Plaintiff only speculates that the individual with whom Officer Hunt was speaking was Sheriff

9  Lombardo.  (ECF No. 10 at 13).  These are not enough facts to allege that Sheriff Lombardo

10  personally participated in Officer Hunt's alleged constitutional violations.

11    The Court also recommends dismissing Plaintiff's constitutional claims against LVMPD.

12  A government entity may be found liable under 42 U.S.C. § 1983 only when its policy, practice,

13  or custom inflicts injury upon a plaintiff.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  A

14  municipality may not be sued under 42 U.S.C. § 1983 solely because an injury was inflicted by its

15  employees or agents.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

16  There must be a "direct causal link between a municipal policy, practice, or custom and the

17  alleged constitutional deprivation."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th

18  Cir. 2016).  The custom or policy must be a deliberate choice to follow a course of action made

19  from among various alternatives by the official or officials responsible for establishing the final

20  policy in question.  *Id.*  To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must

21  show that: (1) he was deprived of a constitutional right; (2) the defendant had a policy or custom;

22  (3) the policy or custom amounted to deliberate indifference to the constitutional right; and (4) the

23  policy or custom was the moving force behind the constitutional violation.  *Gravelet-Blondin v.*

24  *Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013).  To meet these requirements, the plaintiff must

25  show both causation in fact and proximate causation.  *Id.*  Stated differently, a plaintiff must show

26  that an official policy, custom, or practice on the part of the defendant was the actionable cause of

27  the claimed injury.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012).

28

Here, Plaintiff has asserted that LVMPD established a "policy, practice, and custom of subjecting members of the Main Class[1] to police stops without…reasonable suspicion…." (ECF No. 10 at 14).  However, Plaintiff's allegations of a policy, practice, and custom are conclusory and do not describe the policy, practice, or custom or connect it to Officer Hunt and Doe Sergeant's actions.  Plaintiff has not described how LVMPD made a deliberate choice to conduct stops, arrests, or detentions based on pretextual reasons.  Nor has he connected any official policy, custom, or practice to the incident he alleges.  The Court thus recommends dismissing Plaintiff's constitutional claims against Doe Sergeant in his official capacity with prejudice, against Sheriff Lombardo without prejudice, and against LVMPD without prejudice.

2.   The Court recommends dismissing Plaintiff's Fifth Amendment claims against all Defendants with prejudice because amendment would be futile.

Plaintiff attempts to raise a Fifth Amendment due-process claim, but his claim against state officials—LVMPD, Sheriff Lombardo, Officer Hunt, and Doe Sergeant—is grounded in the Fourteenth Amendment, rather than the Fifth Amendment.  *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States").  The Court thus recommends dismissing Plaintiff's Fifth Amendment due process claims with prejudice because amendment would be futile.

3.   The Court recommends allowing Plaintiff's Fourteenth Amendment due process claims to proceed against Officer Hunt and Doe Sergeant.

"Citizens have a fundamental right of free movement historically part of the amenities of life as we have known them."  *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 (9th Cir. 1997).  To establish a substantive due process violation, a plaintiff must show that the defendant deprived him or his life, liberty, or property and engaged in "conscience shocking behavior."

---

[1] Plaintiff refers to a "Main Class" and "Subclass" throughout his claims.  Plaintiff appears to use these terms interchangeably to refer to Black and African American members of the community. The Court interprets these terms as such.

1   *Perez-Morciglio v. Las Vegas Metropolitan Police Dep't*, 820 F.Supp.2d 1111, 1126-27 (D. Nev.

2   Oct. 25, 2011) (citing *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006)).  An official's

3   conduct may shock the conscience where the official acts with the purpose to harm in a rapidly

4   evolving situation, or where he acts with deliberate indifference or reckless disregard for the

5   plaintiff's rights in situations where the official had the opportunity to deliberate.  *Tennison v.*

6   *City & Cnty. of S.F.*, 570 F.3d 1078, 1089 (9th Cir. 2009); *Porter v. Osborn*, 546 F.3d 1131,

7   1137–39 (9th Cir. 2008).

8          Plaintiff alleged that Officer Hunt pulled him over under the false pretense that Plaintiff's

9   headlight was out, depriving him of his right to travel.  (ECF No. 10 at 5-7).  Plaintiff also asserts

10  that Doe Sergeant arrested him for a pretextual reason—because he was allegedly lying about his

11  headlight—and detained him in the Clark County Detention Center "drunk tank" for two days.

12  (*Id.* at 4, 10).  Taking Plaintiff's allegations as true, he has sufficiently alleged that Officer Hunt

13  and Doe Sergeant impeded his right to movement and deprived him of his liberty.  Because

14  Plaintiff asserts that Officer Hunt and Doe Sergeant pulled him over and arrested him,

15  respectively, for pretextual reasons, he has also sufficiently alleged that they engaged in

16  conscience shocking behavior, disregarding Plaintiff's rights where they had the opportunity to

17  deliberate.  The Court thus recommends that Plaintiff's Fourteenth Amendment due process

18  claims proceed against Doe Sergeant and Officer Hunt.

19                      4.   The Court recommends allowing Plaintiff's Fourteenth Amendment equal
20                           protection claims to proceed against Officer Hunt and Doe Sergeant.

21         The Equal Protection Clause commands that no state shall "deny to any person within its

22  jurisdiction the equal protection of the laws."  U.S. Const. Amend. 14 § 1.  The Equal Protection

23  Clause requires the government to treat all similarly situated persons alike.  *City of Cleburne v.*

24  *Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  If a law is administered to discriminate

25  unjustly between persons similarly situated, a denial of equal protection may be the result.

26  *Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir. 1984).

27         Plaintiff asserts that Officer Hunt pulled him over, asked him multiple questions, and

28  evaluated his record not because his headlight was out, but because Plaintiff "is a black male

traveling in a nice vehicle." (ECF No. 10 at 7).  Plaintiff also asserts that Doe Sergeant arrested him because he is Black, instead of for the fabricated reason that Plaintiff unlawfully used 911 or that Plaintiff was lying about his headlight.  (ECF No. 10 at 19).  Indeed, Plaintiff asserts that he had a legitimate reason for calling 911 because he felt threatened by Officer Hunt's actions. (ECF No. 10 at 5-6).  Liberally construing Plaintiff's complaint, Plaintiff has alleged that Officer Hunt and Doe Sergeant administered the law unjustly—by pulling Plaintiff over and arresting him for pretextual reasons—because he is Black.  Although he does not explicitly allege it, inherent in Plaintiff's allegations is the premise that Officer Hunt and Doe Sergeant would not have pulled him over or arrested him if he were not Black.  Plaintiff has thus sufficiently alleged that Officer Hunt and Doe Sergeant administered the law to discriminate unjustly between persons similarly situated.  The Court thus recommends that Plaintiff's 42 U.S.C. § 1983 claims for violation of his Fourteenth Amendment equal protection rights proceed against Officer Hunt and Doe Sergeant.

> 5.  <u>The Court recommends allowing Plaintiff's Fourth Amendment unreasonable search and seizure claims to proceed against Officer Hunt and Doe Sergeant.</u>

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause.  U.S. Const. Amend. 4. A supervisor is liable for a constitutional violation by his subordinate if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has alleged that Officer Hunt began searching his car and glove compartment without justification or probable cause.  Plaintiff asserts that Doe Sergeant witnessed Officer Hunt search Plaintiff's glove compartment and ignored the violation, even telling Plaintiff that Officer Hunt was "not in [the] car" after Plaintiff complained about the violation.  (ECF No. 10 at 10).  Construing Plaintiff's complaint liberally, the Court recommends that Plaintiff's 42 U.S.C. § 1983 claim against Officer Hunt and Doe Sergeant for violating his Fourth Amendment rights proceed.

6.    The Court recommends allowing Plaintiff's Fourth Amendment unlawful
arrest claims to proceed against Officer Hunt and Doe Sergeant.

A claim for unlawful arrest is cognizable under 42 U.S.C. § 1983 as a violation of the
Fourth Amendment, provided the arrest was without probable cause or other justification.
*Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964-65 (9th Cir. 2001).  An arrest generally must
be supported by probable cause.  *Id.*  Probable cause exists if, at the moment of arrest, under the
totality of the circumstances known to the arresting officers (or within the knowledge of the other
officers at the scene), a prudent person would believe the subject had committed a crime.
*Blankenhorn v. City of Orange*, 485 F.3d 463, 471-72 (9th Cir. 2007).

Plaintiff asserts that, after Officer Hunt pulled him over and Plaintiff called 911, Doe
Sergeant arrived, became irate after Plaintiff told him his car headlights were both working, and
placed Plaintiff in handcuffs.  Plaintiff asserts that the stated reason for his arrest—using an
emergency number when no emergency existed and not updating his address—was fabricated
because Plaintiff had a legitimate reason to call 911 and is not a twelve-time convicted felon.
(ECF No. 10 at 6).  Because the Court must determine whether Doe Sergeant had probable cause
to arrest Plaintiff upon arriving at the scene, the Court recommends that Plaintiff's 42 U.S.C.
§ 1983 claim that Doe Sergeant violated his Fourth Amendment rights by arresting him proceed.
While Plaintiff asserts this claim against Officer Hunt, based on Plaintiff's complaint, it appears
that Doe Sergeant—not Officer Hunt—ultimately arrested Plaintiff.  The Court thus recommends
that Plaintiff's 42 U.S.C. § 1983 claim that Officer Hunt violated his Fourth Amendment rights
by arresting him be dismissed without prejudice.

7.    The Court recommends dismissing Plaintiff's 42 U.S.C. § 1985(3) claims
against Officer Hunt and Doe Sergeant without prejudice.

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy,
(2) to deprive any person or a class of persons of the equal protection of the laws, or of equal
privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of
the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or
privilege of a citizen of the United States."  *See Gilliespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir.

1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Griffin*, 403 U.S. at 102. "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff claims that Doe Sergeant knew that Officer Hunt was conducting a search of Plaintiff's glove compartment and lied, stating "[Officer Hunt]'s not in your car." (ECF No. 10 at 10). But this is not sufficient factual specificity to support the allegation that Doe Sergeant and Officer Hunt conspired together. While Plaintiff alleges that Officer Hunt and Doe Sergeant separately violated his equal protection rights, he does not include enough factual specificity to allege that they conspired together to do so. The Court thus recommends dismissing Plaintiff's 42 U.S.C. § 1985 claim as alleged against Officer Hunt and Doe Sergeant without prejudice.

8.    The Court recommends dismissing Plaintiff's 42 U.S.C. § 1986 claim alleged against Officer Hunt and Doe Sergeant without prejudice.

Plaintiff asserts that Officer Hunt and Doe Sergeant, "after knowledge that none of plaintiff's headlights [were] out failed to stop and correct his wrongs an allow the plaintiff to continue with his travels..." (ECF No. 10 at 23). Under 42 U.S.C. § 1986,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [42 USCS § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

As discussed more fully above, Plaintiff has not sufficiently alleged a conspiracy under 42 U.S.C. § 1985 and thus, does not sufficiently allege a violation of 42 U.S.C. § 1986. The Court thus recommends dismissing Plaintiff's 42 U.S.C. § 1986 claim as alleged against Officer Hunt and Doe Sergeant without prejudice.

**B.**     *Plaintiff's Title IV Civil Rights Act discrimination claims.*

    1.     <u>The Court recommends dismissing Plaintiff's Title VI claim against Officer Hunt, Doe Sergeant, and Sheriff Lombardo without prejudice.</u>

As a preliminary matter, a plaintiff pleading a Title VI claim can only seek recovery from the recipient of the federal funding, not individuals. *Alexander v. Underhill*, 416 F.Supp.2d 999, 1007 (D. Nev. Feb. 17, 2006) (citing *Shotz v. City of Plantation*, 344 F.3d 1161, 1169-70 (11th Cir. 2003)). However, it appears that the Ninth Circuit has not yet addressed the issue of whether Title VI provides for relief against individual defendants. Plaintiff alleges this claim against Officer Hunt, Doe Sergeant, and Sheriff Lombardo. (ECF No. 10 at 26). However, because these are individual defendants, the Court recommends dismissing Plaintiff's Title VI claim as alleged against Officer Hunt, Doe Sergeant, and Sheriff Lombardo. Because the Ninth Circuit has not yet ruled whether Title VI provides relief against individual defendants, the Court recommends denying the claims without prejudice.

    2.     <u>The Court recommends allowing Plaintiff's Title VI claim as alleged against LVMPD to proceed.</u>

Title VI states "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A *prima facie* case of disparate impact under Title VI requires the plaintiff to: (1) identify the specific practices or policies being challenged; (2) show disparate impact; and (3) prove causation. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990). The second and third factors are generally shown with statistics. *U.S. v. Maricopa County, Ariz.*, 915 F.Supp.2d 1073, 1078 (D. Ariz. Dec. 12, 2012) (citing *Rose*, 902 F.2d at 1424). However, at the motion to dismiss stage, a complaint need not allege statistical data. *Id.*

Liberally construing Plaintiff's complaint and taking his allegations as true, the Court recommends allowing Plaintiff's Title VI claim to proceed as alleged against LVMPD. Plaintiff has identified LVMPD's traffic stops and subsequent searches as the policies he is challenging. Plaintiff has also alleged that LVMPD uses traffic stops disparately to unlawfully detain Black

individuals.  Plaintiff asserts that, "the records of the LVMPD will show" that more Black

individuals are pulled over, detained, and arrested than other individuals.  The Court thus

recommends allowing Plaintiff's Title VI claim to proceed as alleged against LVMPD.

### C.   Plaintiff's state law claims.

1.   The Court recommends dismissing Plaintiff's harassment claim against Officer Hunt with prejudice.

As a preliminary matter, the Court construes Plaintiff's claim as alleged against only

Officer Hunt.  While Plaintiff asserts that his claim is against "Officer Hunt, et al.," Plaintiff

provides no facts specific to any other Defendant other than Officer Hunt.  Plaintiff claims that

Officer Hunt "continued to harass [P]laintiff when it was determined that [P]laintiff['s] front

headlight was not out" by "further asking him questions, searching for a probable cause, detaining

and seizing his person for 2 days…"  (ECF No. 10 at 24).  Plaintiff's claims, however, are more

appropriately brought under 42 U.S.C. § 1983, rather than as "harassment" which is not a stand-

alone cause of action.  The Court thus recommends dismissing Plaintiff's harassment claim

against Officer Hunt with prejudice because amendment would be futile.

2.   The Court recommends allowing Plaintiff's defamation claim to proceed against Officer Hunt and the Roe record keeping agency.

Defamation encompasses both slander (spoken) and libel (written) defamatory statements.

*Flowers v. Carville*, 292 F. Supp. 2d 1225, 1232 n.1 (D. Nev. 2003), aff'd, 161 F. App'x 697 (9th

Cir. 2006).  To state a claim for defamation, Plaintiff must allege "(1) a false and defamatory

statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third

person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."  *Rosen

v. Tarkanian*, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted); *see also* Nev. Rev. Stat.

§ 200.510(1) (defining libel).  As a preliminary matter, while Plaintiff asserts his claim against

"Officer S. Hunt and unknown records agency (public or otherwise), et al.," Plaintiff has not

included any facts about Doe Sergeant, the LVMPD, or Sheriff Lombardo.  The Court thus

construes Plaintiff as asserting this claim against Officer Hunt and the Roe record keeping agency

only.  Plaintiff has alleged that: (1) Officer Hunt wrote a false statement that Plaintiff unlawfully

called 911 in his police report and that the Roe record keeping agency published a false statement about Plaintiff's status as a twelve-time felon; (2) Officer Hunt published the police report to the LVMPD and the Roe record keeping agency published the false statement to everyone capable of accessing the record; (3) that the publications were intentional; and (4) that Plaintiff suffered damages.  The Court recommends allowing Plaintiff's defamation claim to proceed against Officer Hunt and the Roe record keeping agency.

3.    The Court recommends allowing Plaintiff's intentional infliction of emotional distress claim to proceed against Officer Hunt and Doe Sergeant.

The elements of an intentional infliction of emotional distress claim are: (1) extreme and outrageous conduct with either the intention of, or disregard for, causing emotional distress; (2) the plaintiff…suffered severe or extreme emotional distress; and (3) actual or proximate causation.  *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378-79 (1999).  Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and regarded as "utterly intolerable" in a civilized society.  *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4 (1998).  Plaintiff alleges that the LVMPD and Officer Hunt "engaged in extreme and outrageous conduct when they detained Plaintiff and threw him "in a cell for 2 days with nothing but his underwear on."  (ECF No. 10 at 25).  Plaintiff asserts: (1) that Hunt engaged in extreme and outrageous conduct by placing him in the "drunk tank" without having had cause to pull him over in the first place and that LVMPD engaged in extreme and outrageous conduct by taking his clothes away and keeping in the "drunk tank" for two days; (2) that he suffered extreme distress and became sick for three weeks after the incident; and (3) that Officer Hunt and the LVMPD's actions caused his distress.  (ECF No. 10 at 15-26).  The Court thus recommends allowing Plaintiff's intentional infliction of emotional distress claim to proceed against Officer Hunt and the LVMPD.

4.    The Court recommends dismissing Plaintiff's negligent infliction of emotional distress claim against Officer Hunt and LVMPD with prejudice.

Negligent infliction of emotional distress claims are typically brought by bystanders who experience emotional distress witnessing an injury to a close relative.  *See Grotts v. Zahner*, 115 Nev. 339, 340 (1999).  Nevada has not yet recognized whether a negligent infliction of emotional

1   distress claim is available for a direct victim, rather than a bystander.  *See Lucatelli v. Texas De*

2   *Brazil (Las Vegas) Corp.*, No. 2:11-cv-01829-RCJ-VCF, 2012 WL 1681394, at *6 (D. Nev. May

3   11, 2012).  However, the Nevada Supreme Court has recognized that "negligent infliction of

4   emotional distress can be an *element of the damage* sustained by the negligent acts committed

5   directly against the victim-plaintiff" because it is "only logical" for a direct victim to recover "if a

6   bystander can recover for negligent infliction of emotional distress."  *Id.* (citing *Shoen v. Amerco,*

7   *Inc.*, 111 Nev. 735, 748 (1995)).

8         While Plaintiff could potentially assert negligent infliction of emotional distress as an

9   element of the damages he claims, he cannot assert it as a separate claim.  Moreover, Plaintiff has

10  only alleged intentional torts, not claims sounding in negligence.  Because Plaintiff has not

11  asserted any negligence claims, he has no grounds on which to seek damages for negligent

12  infliction of emotional distress.  The Court thus recommends that Plaintiff's negligent infliction

13  of emotional distress claim against Officer Hunt and LVMPD be dismissed with prejudice

14  because amendment would be futile.

15  **III.     The Court recommends denying Plaintiff's motion for service as premature.**

16        Plaintiff has moved to serve unserved defendants, explaining that he has identified Doe

17  Sergeant and the Roe record keeping agency.  (ECF No. 13).  However, Plaintiff must first amend

18  his complaint to name these individuals before he can serve them with summons and the

19  complaint.  *See DeLew v. Las Vegas Metropolitan Police Dep't*, No. cv-S-00-0460 RLH (LRL),

20  2001 WL 37120896, at *1-2 (D. Nev. Apr. 5, 2001) (applying the Federal Rule of Civil Procedure

21  15 motion to amend standard to a plaintiff's request to substitute named defendants for Doe

22  defendants).  The Court thus recommends denying Plaintiff's motion for service as premature.

23  **IV.     The Court recommends granting Plaintiff's motion for an extension.**

24        Plaintiff has moved to extend the deadline of March 3, 2022 to serve Defendants.  (ECF

25  No. 16).  Federal Rule of Civil Procedure 4(m) provides that a court must extend the time for

26  service if a plaintiff shows good cause for failing to serve a defendant within ninety days after the

27  complaint is filed.  Plaintiff has demonstrated good cause to extend the service deadline,

28  explaining that he has identified two Doe and Roe defendants and amended his complaint, which

1    was pending the Court's screening process.  The Court thus recommends granting Plaintiff's

2    motion to extend and setting the service deadline ninety days from the date of the Honorable

3    District Judge Richard F. Boulware's decision on the undersigned's report and recommendation.

4

5    **V.    The Court recommends denying plaintiff's motion for recusal of the undersigned magistrate judge and motion for recusal of the assigned district judge.**

6

7    The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable

8    person with knowledge of all the facts would conclude that the judge's impartiality might

9    reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)

10   (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)).  Normally, the alleged bias must

11   stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994).

12   "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at

13   555.  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the

14   course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or

15   partiality motion unless they display a deep-seated favoritism or antagonism that would make fair

16   judgment impossible." *Id.*

17   Plaintiff argues for the recusal of both the undersigned magistrate judge and the assigned

18   district judge because Plaintiff asserts that the judges assigned to his case have skipped over his

19   filings.  Plaintiff claims that he has filed seven items since December 15, 2021 which have not yet

20   been decided while orders have promptly been issued in other cases where plaintiffs paid the

21   filing fee.  Plaintiff argues that this is evidence of bias.

22   However, delays in addressing these filings do not provide grounds for recusal because

23   such delays are not extrajudicial. *Hulihan v. Reg'l Transp. Comm'n of S. Nev.*, No. 2:09-cv-

24   01096-ECR-RJJ, 2011 WL 5546286, at *2-3 (D. Nev. Nov. 14, 2011) (finding that a plaintiff's

25   complaints about the amount of time it took the court to rule on her numerous motions were not

26   extrajudicial and could not ground recusal).  The time it has taken to decide Plaintiff's motions in

27   this case is not unusual, especially given the number of documents he has filed.  Moreover,

28   Plaintiff fails to consider that certain orders—like the ones Plaintiff has cited as proof of bias—

take less time than others.  The Court does not simply decide motions in order of when they are filed but considers a variety of factors in determining the order in which it will decide motions. Plaintiff has filed multiple documents which the Court must read and consider.  Plaintiff has also filed a forty-two-page amended complaint, which the Court must screen.  The Court has done so in due course.  Because Plaintiff's allegations are not extrajudicial and do not provide a basis for recusal, the Court recommends denying Plaintiff's motions to recuse.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's claims listed below be **allowed to proceed**:

- Plaintiff's Fourteenth Amendment due process claims against Officer Hunt and Doe Sergeant.
- Plaintiff's Fourteenth Amendment equal protection claims against Office Hunt and Doe Sergeant.
- Plaintiff's Fourth Amendment unreasonable search and seizure claims against Officer Hunt and Doe Sergeant.
- Plaintiff's Fourth Amendment unlawful arrest claims against Officer Hunt and Doe Sergeant.
- Plaintiff's Title VI claim against LVMPD.
- Plaintiff's defamation claims against Officer Hunt and Roe record keeping agency.
- Plaintiff's intentional infliction of emotional distress claims against Officer Hunt and Doe Sergeant.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims listed below be **dismissed without prejudice**:

- Plaintiff's constitutional claims against Sheriff Lombardo.
- Plaintiff's constitutional claims against LVMPD.
- Plaintiff's 42 U.S.C. § 1985 claims against Officer Hunt and Doe Sergeant.
- Plaintiff's 42 U.S.C. § 1986 claims against Officer Hunt and Doe Sergeant.

- Plaintiff's Title VI claims against Officer Hunt, Doe Sergeant, and Sheriff Lombardo.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims listed below be **dismissed with prejudice**:

- Plaintiff's constitutional claims against Doe Sergeant in his official capacity.
- Plaintiff's Fifth Amendment claims against Officer Hunt, Doe Sergeant, Sheriff Lombardo, and LVMPD.
- Plaintiff's harassment claim against Officer Hunt.
- Plaintiff's negligent infliction of emotional distress claims against Officer Hunt and LVMPD.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for service (ECF No. 13) be **denied as premature**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to extend time (ECF No. 16) be **granted in part and denied in part** and that the service deadline be set **ninety days** from the date of the Honorable District Judge Richard F. Boulware's decision on the undersigned's report and recommendation.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motions for recusal (ECF Nos. 17 and 18) be **denied**.

## <u>NOTICE</u>

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991).


DATED: April 22, 2022


_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE