**Record/FILE ON DEMAND**



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Mark Clifford Sykes,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al.,<br><br>　　　　　Defendant(s). | Case No.: 2:21-cv-01479-RFB-DJA<br><br>**PLAINTIFF'S REPLY/OBJECTIONS TO MAGISTRATE JUDGE April 22, 2022 REPORT AND RECOMMENDATION (ECF No. 19)** |

Comes now Plaintiff, **Mark Clifford Sykes**, above the age of 18, of the age of the majority, with the exercise of any and all of his natural reserved and retained secured rights hereby respectfully presents his objections to **Magistrate Judge Daniel J. Albregts Report and Recommendation(R&R) (ECF No. 19)**, filed 4-22-2022. Plaintiff hereby objects to Magistrate Judge's R & R for the reasons specified below:

### PLAINTIFF'S POINTS AND AUTHORITIES

### PLAINTIFFS OBJECTIONS TO MAGISTRATE R & R Paragraphs "A7 and A8" (The Court recommends dismissing Plaintiff's 42 U.S.C. § 1985(3) claims against Officer Hunt and Doe Sergeant without prejudice.)

Plaintiff objects to these sections of magistrates R& R because plaintiff has sufficiently alleged a conspiracy under 42 U.S.C. § 1985 in order to support a claim under 42 U.S.C. S 1986 against Officer Hunt and Doe Sergeant as specified below. As presented in "Counts IV and V" of plaintiff's amended "verified" complaint (ECF No. 10) which is hereby reiterated and incorporated by reference in its entirety, which is facts before this court as it is in verified form.

It has been clearly presented by Plaintiff that both Hunt and Doe Sergeant both conspired together to deny that officer Hunt was not unreasonably searching my vehicle when I was clearly watching him search my glove department at the time without my consent, without probable cause nor a warrant in violation his fourth amendment rights. Officer Hunt and Doe Sergeant did an illegal search of his vehicle without his consent and seizure of his person without probable cause nor justification as presented in "Counts IV and V" of plaintiff's amended "verified" complaint (ECF No. 10).

It appears that Defendant, Officer Hunt and Doe Sergeant as a participant sought to arrest Plaintiff on false unlawful statements of charges when they were unable to fine plaintiff for an alleged front right headlight being out.  Officer Hunt arrested Plaintiff for alleged unlawful use of emergency phone number (911) and alleged Failure by a Convicted Person (alleged 12 time felon) to comply with NRS 179C Requirements and transported plaintiff to Clark County Detention Center where plaintiff was booked accordingly without probable cause. Although Doe Sergeant was not the arresting officer, Doe Sergeant personally participated and knew of the alleged violations and failed to act to prevent them therefore is individually liable as well.
"***Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)**.

It appears that the arrest may also have been racially motivated as Officer Hunt and his accomplice Doe Sergeant has discriminated upon myself and my person as plaintiff is a black male traveling in a nice vehicle, a Lexus (see…paragraph 67 of plaintiff's amended verified complaint ECF No. 10) and that the officers did not believe I had committed a crime with my alleged front right headlight being out, but instead unreasonably searched for and found unlawful reasons to seize my person, arrest plaintiff because of my race as none of the alleged reasons to arrest me constitutes as a reason for an immediate arrest without a conviction which is required

under **NRS 193.140** and without giving me a hearing, a phone call nor the right to speak to an attorney. The defendants Officer Hunt and Doe Sergeant has given an oath to follow and bid by the constitution of the United States and the State of Nevada. Therefore have clearly violated plaintiff's established secured constitutional rights, civil rights under the 4th amendment by committing a false arrest and illegally searching plaintiff's vehicle without his consent and seizing his person, all without probable cause nor a warrant as presented in plaintiff's amended complaint (see...ECF No. 10). For these reasons, Plaintiff objects to this section of Magistrate's R & R and plaintiff's claims should not be dismissed against defendants Hunt and Doe Sergeant. These facts are sufficient enough to state a cause of action under 42 U.S.C. § 1985 and 1986 as presented in Magistrates R & R (ECF No. 19, ¶ 7) which all causes of action presented in the referenced cases by the Magistrate apply to the intent of officer Hunt and Doe Sergeant who have conspired together in willfully violating my fourth amendment rights.

Pursuant to Ninth Circuit law, "[a] verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence . . . ." thus satisfying the Celotex affidavit requirement (See...***Hammons v. Donte,* at 8 No. 3:19-cv-00063-MMD-CLB (D. Nev. Mar. 25, 2021) quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1986) and *Lew v. Kona Hospital,* 754 F.2d 1420, 1423 (9th Cir. 1985))** which is the case here. Courts are to treats a verified complaint based on personal knowledge and sworn to be true and correct as an affidavit. ***See...Cherer v. Frazier,* 2:06-CV-00502-PMP-LRL (D. Nev. Aug. 16, 2007) quoting *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).** Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor. ***Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).** A court "may not assume the truth of allegations in a pleading which are

contradicted by affidavit." ***Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977).*** For these reasons, plaintiff objects to this section of Magistrate's R & R and plaintiff's claims under 42 U.S.C. § 1985 and 1986 should not be dismissed against defendants Officer Hunt and Doe Sergeant therefore should be allowed to proceed.

### PLAINTIFFS OBJECTIONS TO MAGISTRATE R & R Section "4"
### The Court recommends dismissing Plaintiff's negligent infliction of emotional distress claim against Officer Hunt and LVMPD with prejudice.

Plaintiff objects to the magistrates R&R recommending to dismiss plaintiff's damage claims of negligent infliction of emotional distress with prejudice because amendment would be futile. It appears that the Magistrate report and recommendation demonstrates that plaintiff could potentially assert negligent infliction of emotional distress as an element of the damages he claims which is supported by ***Shoen v. Amerco, Inc., 111 Nev. 735, 748 (1995).*** Since this is the case, this court should liberally construe these facts in support of plaintiff's claims under this section and therefore should not be denied as being futile, especially with prejudice. It appears that the magistrate does not sight any authority supporting that plaintiff cannot claim negligent infliction of emotional distress as a separate claim as it appears that plaintiff has included his negligent claims with his intentional claims so they are not separate claims, therefore plaintiff objects. It appears that the magistrate bases its recommendation under the assumption that plaintiff has not asserted any claims surrounding negligence only intentional tort claims, and therefore has no grounds on which to seek damages for negligent infliction of emotional distress. On the contrary, it appears that plaintiff has asserted negligent claims. Plaintiff's amended complaint specifies the defendants negligent acts, see...¶¶ 43, 95, 103 of plaintiff's Amended Compliant. For these reasons plaintiff's claims should be allowed to proceed and plaintiff objects to this

section of the Magistrates R & R, as a dismissal with prejudice knowing that plaintiff could bring forth claims of negligent infliction of emotional distress as supported by the supreme court as determined above would be bias and an act of prejudice to the plaintiff and his claims.

## CONCLUSION

For the reasons specified above, Plaintiff objects to the Magistrate's R & R (ECF No. 19) and this court should plaintiff to proceed with the claims objected to as specified above. Furthermore, Plaintiff should be granted leave to amend his complaint or supplement his complaint to include the Doe Sergeant and Roe Records Agency who have now been identified as Officer Smith badge number P# 9643 and National Crime Information Center (NCIC) so that all parties can be served accordingly. Dated this ____ day of **May, 2022**.

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Mark-Clifford : Sykes Beneficiary*
Mark Clifford Sykes, "proper name" pursuant to **Title 18, sec. 1342**
All Natural Rights/ Constitutional Rights "explicitly" Reserved and Retained
c/o P.O. Box 91614
Henderson, via Nevada Republic, Zip Exempt [89009]
email: windsorsykes@yahoo.com
ph. 702-986-1864