UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mark Clifford Sykes,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01479-RFB-DJA<br><br>**ORDER** |

**I.   Introduction**

Before the Court, for consideration, are two separate Reports containing the recommendations of the Honorable Daniel J. Albregts, United States Magistrate Judge. Fist, Judge Albregts issued a Report and Recommendation on December 3, 2021 granting Plaintiff's application to proceed in forma pauperis (IFP) and screening Plaintiff's Complaint. ECF No. 5. Judge Albregts issued a second Report and Recommendation on April 22, 2022, addressing four pending motions brought by Plaintiff and screening Plaintiff's First Amended Complaint (ECF No. 10). ECF No. 19.

The Court denies the first Report and Recommendation as moot, since Plaintiff has filed his First Amended Complaint, which is the subject of the second Report and Recommendation. For the reasons stated below, the Court adopts all the recommendations of the Magistrate Court Judge except that the Court dismisses Plaintiff's negligent infliction of emotional distress claim against Defendants without prejudice, rather than with prejudice.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. §

636(b)(1); Local Rule IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

## II. Summary of Magistrate Judge Albregts April 22, 2022 Report and Recommendation

Magistrate Judge Albregts screened Plaintiff's First Amended Complaint (ECF No. 10) and allowed some claims to proceed, other claims to be dismissed with prejudice, and still other claims to be dismissed without prejudice. ECF No. 19. Judge Albregts also recommended that this Court deny Plaintiff's Motion for Service on Defendants as premature, and grant Plaintiff's Motion to Extend Time for Service in part, setting the service deadline for 90 days from the date of this order. Id.; ECF Nos. 13, 16. Judge Albregts further recommended that Plaintiff's Motions for Recusal of the District and Magistrate Court Judges be denied. ECF Nos. 17, 18, 19.

Plaintiff objected to certain aspects of the Magistrate Judge's Report. ECF No. 20. First, Plaintiff objects to Judge Albregt's recommendation that his civil conspiracy claims, brought pursuant to 42 U.S.C. § 1985, be dismissed without prejudice. Second, Plaintiff objects to Judge Albregt's recommendation that his negligent infliction of emotional distress claim be dismissed with prejudice.

The Court addresses these objections de novo. See 28 U.S.C. § 636(b)(1)

## III. Discussion

### A. Civil Conspiracy Claims brought pursuant to 42 U.S.C. § 1985

To state a colorable claim of conspiracy to violate one's constitutional rights, "the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989). What this means is that Sykes must show "an agreement or meeting of the minds to violate [his] constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Crowe v. Cnty. of San Diego, 608 F.3d 406, 440

(9th Cir. 2010).

The Court agrees with the Magistrate Judge that in this instance, the First Amended Complaint's allegations do not satisfy this standard. Plaintiff is granted leave to amend his complaint at a later stage, if he has new information to allege as it relates to the "meeting of the minds" between the various Defendants to deprive him of his constitutional rights.

### B. Negligent Infliction of Emotional Distress

Under Nevada law, a plaintiff alleging a claim of intentional infliction of emotional distress must establish that defendants (1) engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) that the plaintiff suffered severe or extreme emotional distress; and (3) that actual or proximate causation exists between Defendant's conduct and Plaintiff's injury. Star v. Rabello, 97 Nev. 124, 125 (Nev. 1981). Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. Maduike v. Agency Rent-A-Car, 114 Nev. 1, 3-4 (Nev. 1998) (per curiam).

A claim for negligent infliction of emotional distress for harm inflicted directly upon a plaintiff is only available where the plaintiff has asserted a negligence claim that includes emotional distress as an element of the damages suffered. Shoen v. Amerco, Inc., 111 Nev. 735, 749 (Nev. 1995). In addition, if "emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." Barmettler v. Reno Air, Inc., 114 Nev. 441, 448(Nev. 1998).

The Court finds that at this stage, dismissing the pro se Plaintiff's negligent infliction of emotional distress claim with prejudice is not appropriate. Plaintiff alleges that after being stopped on the grounds that he had a broken tail light, Defendants searched his car without a warrant and forced him to spend two days in jail in nothing but his underwear. He alleges that he did not have access to an attorney, or even the ability to make a phone call. He alleges that this experience deeply affected him, and that he suffered extreme emotional distress thereafter. The Magistrate Judge is correct to note that Plaintiff does not allege any negligence claim pursuant to which he

could allege negligent infliction of emotional distress, as it relates to his request for damages. The Court denies this claim without prejudice.

IV.     **Conclusion**

**IT IS THEREFORE ORDERED** based on the foregoing that the Magistrate Judge's Recommendation (ECF No. 5) be DENIED as moot.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Recommendation (ECF No. 19) be ADOPTED except as to its assessment that Plaintiff's negligent infliction of emotional distress claim be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's negligent infliction of emotional distress claim be DISMISSED without prejudice. Plaintiff shall have 21 days from the date of this order to file an amended complaint and may seek leave of the Court to amend his complaint at another juncture in the course of this litigation upon learning new information relevant to his case.

**DATED:** September 30, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**