

_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
           COUNSEL/PARTIES OF RECORD

OCT 17 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

**Record/FILE ON DEMAND**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Mark Clifford Sykes, Sui Juris;<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY NEVADA (LVMPD), Officer S. Hunt badge number P#17602, Officer Smith badge number P# 9643, National Crime Information Center (NCIC), et al.,<br><br>Defendant(s). | Case No.: 2:21-cv-01479-RFB-DJA<br><br>2nd AMENDED Verified - Civil Suit at Common-Law, Verified Civil Rights Complaint for Violations of U.S. Constitution, 4th and 14th Amendments and the Bill of rights, 42 U.S.C. § 1983 & 1988, NRS 200.510 (1), Claim For Relief Intentional Infliction Of Emotional Distress Violation Of Title VI Of The Civil Rights Act Pursuant to 42 U.S.C. § 2000d *et. seq.*<br>**JURY TRIAL DEMANDED** |

## 2nd AMENDED VERIFIED COMPLAINT

### **JUDICIAL NOTICE**

All officers of the court for U.S. District for the state of Nevada are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000) relying on *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992), *"United States v. International Business Machines Corp.*, 517 U.S. 843, 856 (1996), quoting *Payne v. Tennessee,* 501 U.S. 808, 842 (1991) (Souter, J., concurring). *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647, *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001).

**In re *Haines***: pro se litigants (Party Aggrieved is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in

their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Hebbe v. Pliler*, **627 F .3d 338, 342 & n.7. (9th Cir. 201 0)** (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*). In re *Platsky:* court errs if court dismisses the pro se litigant (Party Aggrieved is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.

Plaintiff a.k.a. Proper person in his natural capacity, Mark Clifford Sykes, for his complaint against Defendants **LVMPD of CLARK COUNTY NEVADA,** OFFICER S. Hunt P#17602, Officer Smith, National Crime Information Center (NCIC), **et al.** as follows:

## INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 against **officer S. Hunt, Officer Smith,** in their individual capacities and the **LVMPD** in their official capacities. The United States Constitution protects individuals' rights to privacy and freedom from unreasonable and unlawful threats. Plaintiff alleges that Defendant **Officer S. Hunt,** made an unreasonable search and seizure of his person and property, assaulted, harassed, falsely arrested him, physically restrained and detained him without cause and falsely imprisoned him after pulling him over in his vehicle while traveling all without due process of law and probable cause. It appears that these

constitutional violations were committed as a result of the policies and customs of the **LVMPD,** and that the **LVMPD** is believed to be liable under the theory of respondent superior for the torts committed by Defendant **Officer S. Hunt** of the **LVMPD.**

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States, Nevada Constitution which is believed to arise under 42 U.S.C. § 1983, pursuant to the Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202.

   This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Nevada state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court for the District of Nevada because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Clark County, Nevada. 28 U.S.C. § 1391(b)(2).

4. Divisional venue is in the Southern Division because the events leading to the claim for relief arose in Clark County NV.

## PARTIES

5. Plaintiff Mark Clifford Sykes, of the age of majority, over the age of 18, an adult natural citizen and native of the City Henderson, Nevada.

6. Defendant **Officer S. Hunt** was a Peace officer with the LVMPD when the relevant events occurred. He is sued in his individual capacity.

7. Defendant, Officer Smith of the LVMPD who arrived at the scene that gave rise to this claim for relief. He failed to take reasonable steps to end the unlawful conduct alleged in this complaint. He is sued in his individual and official capacities.

8.  Defendant Las Vegas Metropolitan Police Department is located in Clark County, Nevada. It is a municipal corporation, a political subdivision in Nevada and the public employer of Defendants, officer Smith, Officer S. Hunt.

9.  Defendant, National Crime Information Center (NCIC) is the agency to which unverified false information has been published to third parties in a search of alleged records.

## **BACKGROUND**

10. On or about 8-8-2020 Plaintiff was stopped for an alleged front right headlight that was allegedly claimed to be out as stated by officer **S. Hunt** of the **LVMPD** for his probable cause to stop and pull plaintiff over as I was traveling in my private vehicle.

11. On or about 8-8-2020, Officer S. Hunt had plaintiff falsely arrested without any probable cause, and violated his due process common law rights and unlawfully detained/seized plaintiff and threw him in the Clark County Detention Center which plaintiff was held for about two (2) days, and plaintiff was stripped of his cloth's without his consent and held me in a drunk tank which has caused plaintiff emotional distress. I was ill for 3 weeks because of this.

12. The false arrest and false imprisonment were "extreme and outrageous causing Plaintiff to suffer emotional distress as I was stripped of my clothing and put in a cell with only boxers on for 2 days without access to an attorney nor phone call, where I had no choice but to get sick and was done without legal or probable cause with the willful intent to injure and harm plaintiff.

13. The **LVMPD, OFFICER S. Hunt,** et al., of the State of Nevada have violated my naturally reserved and retained Due process and common law rights by:

   a.  Illegally and unlawfully searching my vehicle without my consent, a warrant, nor probable cause supported by oath or affirmation  in violation of the **U.S. Constitution, 4th amendment;**

b. Unlawfully detaining and seizing my person after it was determined by both Officer Hunt and the Plaintiff that the front right headlight of my vehicle was not out, therefore there was no probable cause to pull plaintiff over, no reason to detain/seize my person nor harass plaintiff any further;

c. Commencing a False Arrest in violation of **Section 1983 civil rights violations in Nevada**, without a warrant nor probable cause as officer **S. Hunt's** reason for pulling me over is that my front right headlight was out and when I asked to get out of the vehicle and proceeded to get out the vehicle to check and confirm officer **Hunt's** allegations, it turned out to be a false deceptive statement as both of my front headlights were illuminated/on and working, therefore there was no probable cause to pull me over nor arrest me;  Officer Hunt harassed plaintiff and unreasonable searched for a reason to detain/seized plaintiff where none existed, no probable cause existed at the time because it was already determined that the plaintiff's front right headlight was not out.

d. Defamation of Character as Officer **Hunt** provided false information on the arrest report without verified, sufficient factual evidence authenticating that the person detained is the correct person (Mark Clifford Sykes or Mark Sykes) as Hunt only did an alleged record check in violation of **NRS 200.510**.  As a result plaintiff has been damaged for Hunt's unlawful acts, as I have had portions of my Life, Liberty and the pursuit of Happiness taken from me while I was detained/seized as I believe I am not a 12 time convicted felon/Person required to register under NRS 179C.200 as reported;

e. Officer Hunt's other alleged reason for arresting plaintiff was that there was an unlawful use of an emergency number without specifying what that unlawful use was when there clearly was not an unlawful use of an emergency number thereby the officer was acting as a judge and or jury denying me of my due process common law rights.

    i. **NRS 207.245 states that:** Use of system providing telephone number to be used in emergency when no actual or perceived emergency exists; calling nonemergency telephone line to report emergency when no actual or perceived emergency exists; (1) It is unlawful for any person knowingly or willfully to make or cause to be made: (a) Any telephonic access to a system; or (b) A nonemergency telephone call to report an emergency on any nonemergency telephone line maintained by a governmental entity, if no actual or perceived emergency exists. (2) Except as otherwise provided in subsection 3, a person who violates any provision of this section is guilty of a gross misdemeanor. **Section 207.245(6)(a)** of the Nevada code states in general that: Emergency means a situation in which <u>immediate intervention</u> is necessary to protect the <u>physical safety</u> of a <u>person</u> or others from an <u>immediate threat</u> of <u>physical injury</u> or to protect against an immediate threat of severe property damage....

    ii. **NRS 193.140 Punishment of gross misdemeanors states that:** Every person <u>convicted</u> of a gross misdemeanor shall be punished by imprisonment in the county jail for not more than 364 days, or by a fine of not more than $2,000, or by both fine and imprisonment, unless the statute in force at the time of commission of such gross misdemeanor prescribed a different penalty.

    iii. The definition of **Conviction**: A **conviction** is an <u>adjudication</u> of a criminal defendant's

guilt; specifically, it is the act or judicial process of finding a criminal defendant guilty of a charged offense.

iv.   The definition of **Adjudication**: The process by which a formal judgment or decision is made, after the adjudicator has heard all of the arguments in the matter, and has reviewed all of the relevant exhibits. A judgment or decision by a judge in a court of law.

f.   Plaintiff felt an immediate intervention was necessary to protect his physical safety as he felt that there was an immediate threat to his life, liberty, property and pursuit of happiness, that could potentially turn into physical injury which has happened to him many times by the LVMPD and other police departments in the state of Nevada as plaintiff has been pulled over by Hunt and not released when there wasn't any evidence of any probable cause, nor any tickets issued for an alleged traffic violation/crime for which was alleged to be the reason for pulling the Plaintiff over.  Black males have been getting shot by police officers across the nation after being pulled over and this is another reason why plaintiff felt an immediate threat to his life that could potentially turn into a physical injury or even loss of life.  Hunt has caused False Statements to be published on the public records of a third party agency that was used to defame plaintiff's character, to arrest a private living man in their natural capacity for properly exercising their common law rights to make a 911 call when Plaintiff feels his life is in immediate threat/danger and without valid proof and evidence of sufficient facts that "I am a 12 time convicted felon" that has been verified;

g.   Nothing in the Nevada revised statute authorizes an immediate arrest without a conviction for a charged offense.  Instead of writing plaintiff a citation for a charged offense, and adjudicating the matter for a court order to get a conviction before being arrested, where plaintiff could exercise his due process common law rights to defend the matter. Officer Hunt arrested plaintiff without a conviction and took away portions of his life, liberty and pursuit of happiness by unlawfully arresting plaintiff with no conviction for alleged unlawful use of an emergency number.  The district attorney for the State of Nevada nor the magistrate, did not take the case because the arrest was unreasonable, unlawful and without any probable cause as there was no convictions and plaintiff was released 2 days later with no charged offenses, nothing that justified the arrest and detaining/seizing plaintiff as he was not drunk, on any kind of drugs, did not harm any other natural person nor damaged their property. Hunts own "Declaration of Arrest Report" evidences that there was no probable cause to arrest plaintiff as this report evidences that Hunt asked the Magistrate to find the "existence of a probable cause" (see…Exhibit-A). The magistrate and the district attorney (DA) on behalf of the court did not pick up the case and plaintiff was released without a hearing nor charged offense because there was no probable cause to pull plaintiff over, arrest plaintiff, detain/seize him and hold him any further denying his liberty.

14. Plaintiff believes Officer Hunt has Discriminated upon him as plaintiff is a black male traveling in a nice vehicle, a Lexus;

15. Officer Hunt has deprived me of my right to travel as I have explicitly exercised; "The right to

travel is a part of the liberty of which the citizen cannot be deprived without due process of law under the Fourteenth Amendment." ***Kent v. Dulles,*** **357 US 116, 125.** "The right to travel is a well-established common right that does not owe its existence to the federal government. It is recognized by the courts as a natural right." ***Schactman v. Dulles*** **96 App DC 287, 225 F2d 938, at 941;**

16. **The LVMPD of CLARK COUNTY NEVADA,** Officer **S. Hunt,** and **Officer Smith,** of the **State of Nevada** have violated my naturally reserved and retained common law rights on or about 8-8-2020 at about 22:51 as Plaintiff was traveling westbound on Fremont St. approaching Bruce St. and when crossing the Bruce Street Intersection Plaintiff observed a **LVMPD** patrol unit on the right at light on Bruce Street Police patrol unit turned right onto to Freemont Street behind Plaintiff and put lights on and pulled Plaintiff over. Plaintiff properly signaled and turned left into a commuter parking lot at 1732 Fremont St. Las Vegas, NV 89101.

17. Plaintiff properly signaled his intention to turn, and did not violate any traffic laws. He was not illegally parked in the commuter lot, and he did not engage in any unlawful conduct while in the lot.

18. A police car driven by Defendant Officer S. Hunt followed Plaintiff's automobile into the commuter lot.

19. Officer S. Hunt approached Plaintiff's **vehicle and informed** Plaintiff that there is a headlight out. Plaintiff asked Officer S. Hunt if he could get out to see that there was a light out and Plaintiff got out of his vehicle, proceeded to the front of vehicle and seen that all headlights were working.

20. Plaintiff then **asked** Defendant Officer S. Hunt "**what light is out?**" **and** Defendant Officer S. Hunt said to Plaintiff, **"What did you do?"** Plaintiff responded to Defendant Officer S. Hunt

"I got out to see what you're talking about," my lights are clearly working. Defendant Officer

S. Hunt stood there without saying anything so Plaintiff told Defendant Officer S. Hunt, "no

harm no foul, are we done here?" Then Defendant Officer S. Hunt told Plaintiff, **"NO! I HAVE**

**TO EVALUATE YOU NOW, WHATS YOUR NAME!**

21. Plaintiff told Defendant Officer S. Hunt his name and date of birth, then Plaintiff said to

Defendant Officer S. Hunt, "hold on for a minute, you said you pulled me over because

my head light was out, which you see is clearly working, now you want to evaluate me

for what reason?" Defendant Officer S. Hunt responded aggressively to Plaintiff's

questions about why he was being detained/seized. Defendant Officer S. Hunt said"

you're a felon"!  Even if Plaintiff was a felon in the past, felons still have common law

rights and nothing in the law requires an officer to unlawfully detain/seize someone in

their natural capacity who may have been a felon in the past, this is clearly a defamation

of my character and definitely a violation of my common law rights and due process

rights, to be secure in my person, to enjoy life liberty and pursuit of happiness as no crime

has been committed.

22. Plaintiff then asked Defendant Officer S. Hunt to call his watch commander.

23. Defendant Officer S. Hunt kept asking Plaintiff questions, continuously harassing plaintiff

even after Plaintiff repeatedly asked Defendant Officer S. Hunt for a watch commander to be

called after seeing that there was no crime foreseen or a crime being committed, no damage

to any property, no injury or harm to anyone and there was no breach of peace, so clearly no

probable cause for Defendant Officer S. Hunt to have pulled plaintiff over in the first place

other than to harass him.

24. Plaintiff became highly suspicious, fearful and under immediate threat of Defendant

Officer S. Hunt interrogation motives after asking Defendant Officer S. Hunt to call his

watch commander numerous times as evidenced by Hunt's "DECLARATION OF

ARREST REPORT (Exhibit – A)" so, Plaintiff called 911 because plaintiff believed and

feared for his life, that plaintiff's life was in immediate threat, feared for his safety and

his freedom, his right to be secure in his person, his liberty because this has happened

numerous times over the past 15 years by the **Las Vegas Metropolitan Police Department**

and Henderson Police Department;

25. Plaintiff called the 911 operator and told her the situation and while Plaintiff had the 911

operator on the phone, defendant officer Hunt was still harassing plaintiff, trying to give

orders and plaintiff was still asking him for a watch commander to come out. The 911

operator told Plaintiff that someone was on the way and asked if that was all I needed so we

hung up;

26. Plaintiff then told Defendant Officer S. Hunt that he was going to sit in his car to wait for

watch commander and Defendant Officer S. Hunt commanded me to get in front of his

vehicle which Plaintiff did, further harassing plaintiff and denying him his right to liberty;

27. Plaintiff continued asking Defendant Officer S. Hunt why he is making plaintiff stand in from

of the car when the officer pulled up with back up vehicles;

28. When Officer Smith walked up, Plaintiff told Officer Smith that Officer S. Hunt said he

pulled him over because one of my headlights was out and could he please see that my

lights are not out when Officer Smith became irate and said I was lying and to put me in

cuffs;

29. Plaintiff observed Defendant Officer S. Hunt open his passenger door to the vehicle and

was in my glove compartment so I told Officer Smith that I never gave Officer S. Hunt

consent to search Plaintiff's vehicle, and Officer Smith said, "he's not in your vehicle",

so I said, "yes he is he is in my glove compartment right now", and Officer Smith said,

"he's not in your car", Plaintiff told Officer Smith, OK, I know what this is and then I

was further harassed and then kidnapped, detained/seized again by the **LVMPD** and

arrested without probable cause, without due process;

30. Pursuant to **LVMPD** policy, Defendant Hunt had a video camera attached to his car and

his vest which discovery is needed to review the context of the unlawful stop which I

hereby reserve the right to request and physically review as evidence of Hunt's unlawful

and unreasonable acts in violation of my civil rights;

31. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following

injuries and damages:

        a.    Violation of his common law constitutional rights under the Fourth and
Fourteenth Amendments to the United Sates Constitution to be free from any
unreasonable search and seizure of his person and property;
        b.    Loss of his physical liberty;
        c.    Intentional, offensive contact with his body; and
        d.    Fear of imminent peril resulting from an offer or attempt to injure him.

32. The actions of Defendants violated the following clearly established and well settled

federal common law constitutional rights of Plaintiff:

        e.    Freedom from the unreasonable seizure of his person and property.

33. At all relevant times, Defendants **LVMPD, Officer Hunt, and Officer Smithh, et al.,**

were acting under color of law and under color of authority as police officers, employees,

and agents or servants of City of ***Las Vegas, Las Vegas Metropolitan Police Department***,

County of **Clark County, state of Nevada**;

34. Plaintiff sent out a notice of intent on or about February 25, 2021 (see…exhibit B) to

**Officer S. Hunt**, and other parties under U.S.P.S. certified mail numbers 7019 0700 0001

4876 8251 and 7019 0700 0001 4876 8268 which was delivered to them on or about

March 1, 2021 to try to settle this matter of which Defendant's decided not to respond to

try to settle and resolve this matter;

35. Plaintiff has filed documentation on the public records that has been recorded and identifies

his status and a fee schedule for violations of his rights and other matters therefore is a

certified public record as provided under NRS 247.210 (Chapter 247 – County Recorders

which can and will be produced later in these proceedings which include a fee schedule for

such violations by public officials. NRS 247.210 – Recordation of certified copy or abstract

of document recorded in another state. Universal Citation:

NV Rev Stat § 247.210 (2011)) which states the following:

- A copy or abstract of a document once recorded or filed in any recording office of
  any state, certified by the county recorder or other appropriate officer in whose public
  office the document is recorded or filed, may be recorded in any county of this state,
  and when so recorded, the record thereof has the same force and effect as though it
  were of the original document.

36. Discovery is much needed in this case for the following reasons:

   a. To identify any and all records and systems of which **Officer S. Hunt**, the
      Defendant, searched and received their false information regarding plaintiff defaming
      him and slandering him in order to detain/seize and arrest him without a warrant,
      probable cause, without due process as defendants have damaged the plaintiff;

   b. To produce records, video's et al., documenting the acts of the defendant who
      harassed, detained/seized, arrested, kidnapped plaintiff without a warrant nor
      conviction as evidence to support plaintiff claims in this case.

37. Plaintiff accepts and reserves the right to request leave of court at a later date to amend his

complaint to add addition parties and claims upon learning new information relevant to this

case as ordered by the judge (ECF No. 21).

38. The unlawful stop by Officer Hunt resulting in an unlawful arrest was unreasonably

pretextual because the stop would not have occurred in the absence of an impermissible

reason, in this case allegations that plaintiff's front right headlight was out. There was no

reason to stop plaintiff because the front right headlight was not out, this is clear factual

evidence that the arrest was unreasonably pretextual as there was no probable cause for the

unlawful stop.  Further evidence that plaintiff's front right headlight was not out, that Hunt

was unreasonably searching for a probable cause, a reason to unlawfully arrest plaintiff is

that officer Hunt failed to include that my headlight was out as a charged offense, traffic

violation on the arrest report and Hunt failed to mention that we both checked the front

headlights after I asked to get out of my vehicle to check Hunts allegations regarding my

front right headlight.  [I]n order to prove that a stop is unreasonably pretextual, a party must

show that the stop would not have occurred in the absence of an impermissible

reason." ***United States v. Maestas***, **2 F.3d 1485, 1489 (10th Cir. 1993)).**  Plaintiff has clearly

proven this fact as specified above that the stop would not have occurred in the absence of an

impermissible reason which in this case would be my front right headlight allegedly being

out.

39. It appears that Officer Hunt's supervisor was well aware of the situation as Hunt

Documents and evidences in his Declaration of Arrest Report and stated that, "I advised

Sykes once more I would notify my supervisor. As I was on the phone with my supervisor...

(See...Exhibit – A).  Although the supervisor was not physically present at the scene, it

appears that they were present on the phone with Hunt it is believed that the supervisor

personally participated and knew of the alleged violations and failed to act to prevent Hunt

from further depriving plaintiff of his common law civil rights but did not do so therefore is

individually liable as well. "***Taylor v. List***, **880 F.2d 1040, 1045 (9th Cir. 1989)**.

40. Because Hunt was on the phone with his supervisor and the officers are trained to follow policy, it appears that it was the policy of the Las Vegas Metropolitan Police Department which instructed Hunt to violate plaintiff's constitutional rights.  Advancing a policy that instructs subordinates to violate constitutional rights also is a basis for § 1983 liability. *OSU Student All. v. Ray*, **699 F.3d 1053, 1076 (9th Cir. 2012).**  Official capacity claims filed against state officials are an alternative way of pleading a claim against the entity for which the defendant is an officer. *See...Hafer,* **502 U.S. at 25.**

## COUNT I

### VIOLATION OF THE FOURTH AMENDMENT PROTECTION AGAINST UNREASONABLE SEARCHES AND SEIZURES, THE FOURTEENTH AMENDMENT DEPRIVATION OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW, BY THE GOVERNMENT
### Pursuant to 42 U.S.C. § 1983 against Defendants Officer S. Hunt, and Officer Smith

41.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs ¶¶ 1–40.

42.     At all times plaintiff claims that defendants have willfully and negligently deprived plaintiff of his rights secured and established by the Constitution or federal statutes.

43.     At all times plaintiff claims that defendants conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.

44.     At all times defendants violations resulted from a want of probable cause to initiate the a criminal proceeding.

45.     At all times, defendant Hunt abused his power under his badge.

46.     Defendants Officer S. Hunt, and Officer Smith each have given an oath stating, "I, ........................, do solemnly swear (or affirm) that I will support, protect and defend the Constitution and Government of the United States, and the Constitution and government of the State of Nevada, against all enemies, whether domestic or foreign, and that I will bear true faith,

allegiance and loyalty to the same, any ordinance, resolution or law of any state notwithstanding, and that I will well and faithfully perform all the duties of the office of ................, on which I am about to enter; (if an oath) so help me God; (if an affirmation) under the pains and penalties of perjury" as required under NRS 282.020 but have failed to support, protect and defend the constitution and have in fact violated it in some shape form or fashion as outlined in this entire verified complaint.

47.     The Fourth Amendment of the United States Constitution protects the people from unreasonable searches and seizures by the government. As such, it prohibits police from subjecting a person to a stop in the absence of probable cause, objective, and articulable reasonable suspicion of criminal activity. The Fourth Amendment also prohibits police from subjecting a person to be detained/seized in the absence of individualized, objective and articulable reasonable suspicion to believe that the person has committed a crime without.

48.     The Defendants developed, implemented, enforced, encouraged, and sanctioned a policy, practice, and custom of subjecting members of the Main Class to police stops without individualized, objective, and articulable reasonable suspicion of criminal activity, and unreasonably searching, detaining and seizing members of the Main Class without individualized, objective, and articulable reasonable suspicion that the person is armed and dangerous and without probable cause, as required by the Fourth Amendment.

49.     Plaintiff suffered a violation of his clearly established right to be free from suspicionless police stops when stopped as a pedestrian or traveler by at least one LVMPD officer without probable cause while engaged in routine, lawful activities, and under circumstances that did not give rise to individualized, objective, and articulable reasonable suspicion of criminal activity. As a result, Plaintiff was detained by an LVPMD officer,

questioned, and made to suffer the humiliation and indignity of being wrongfully branded a criminal suspect on at least one occasion and suffering emotional distress, loss of liberty, and/or violations of his constitutional and statutory rights.

50.     Plaintiff suffered the additional violation of their clearly established right to be free from suspicionless police stops without probable cause when at least one LVMPD officer frisked and/or searched them under circumstances that did not give rise to individualized, objective, and articulable reasonable suspicion that they were armed or dangerous.

51.     The Defendants developed, implemented, enforced, encouraged, and sanctioned a policy, practice, and custom of LVMPD stops of Subclass members that results in significant racial and ethnic disparities and that is motivated by race and ethnicity, rather than the reasonable suspicion required by the Fourth Amendment. Defendants' policy, practice and custom of high-volume, suspicionless stops involves racial and ethnic profiling.

52.     Plaintiffs is a Black male, and suffered a violation of his clearly established right to equal protection of the law when he was subjected to a police stop where no probable cause existed, motivated by race and/or ethnicity, rather than the reasonable suspicion required by the Fourth Amendment. As a result, Plaintiff was detained by an LVMPD officer, questioned, and made to suffer the humiliation and indignity of being wrongfully branded a criminal suspect.

53.     Defendants' policies, practices, and customs directly and proximately caused, and continue to cause, the violation of Plaintiffs' rights to equal protection under the law.

54.     Defendants deprived Plaintiff of his right to be free and his liberty by incarcerating him for 2 days without a hearing.

55.     Defendant **Officer S. Hunt,** falsely arrested and imprisoned Plaintiff by unlawfully detaining him against his will. Defendant **Officer S. Hunt** had no reason to

detain/seize or search Plaintiff nor his property because Hunt could not reasonably believe that

Plaintiff had committed an offense when there was no probable cause to pull plaintiff over for a

headlight that was not out. Defendant **Officer Smith** participated in the unlawful detention

therefore is equally liable for the violations of plaintiff's established and secured rights.

  56. The acts by officer Hunt which may have been directed by his supervisor as

hunt alleges he was on the phone with at the time of the violations, has deprived plaintiff of his

rights as presented in this verified complaint while acting personally under color of state law

with allegation's that plaintiff made an unlawful 911 call and Failure by an alleged Convicted

Person to comply with NRS 179C Requirements which plaintiff became aware of the arrest

charges after he was released from jail when he requested a copy of the arrest report. Officer

Hunt as the declarant of the written arrest report filed on the record, asked the Magistrate "that a

finding be made that probable cause existed (see…ECF No. 6, Exhibit-A)" as evidenced by their

false arrest report which was denied as the court did not pick up the case and plaintiff was

released without any hearing, nor citations for any charged offense after release to which Hunt's

report asked for a finding of probable cause for.  This is further factual evidence that there was

no probable cause for plaintiff to be falsely detained and arrested where parts of his life, liberty

and pursuit of happiness was unlawfully taken away from him otherwise probable cause would

have been determined by the magistrate and District Attorney (DA) who would have picked up

the case.

  57. Defendants act under color of state law when their actions, policies, practices,

customs, and omissions create a real, imminent, and substantial threat that Plaintiff was stopped

and unreasonably searched in violation of their Fourth Amendment rights, and their acts and

omissions can be fairly attributed to the City.

58.     Plaintiffs suffered emotional distress a violation of his clearly established right to be free from suspicionless, unlawful, unreasonable police stops when stopped as a pedestrian or traveler amongst the public highways by at least one LVMPD officer while engaged in routine activities, and under circumstances that did not give rise to individualized, objective, and articulable reasonable suspicion of criminal activity. As a result Plaintiff was detained by an LVMPD officer, questioned, harassed and made to suffer the humiliation and indignity of being stripped of his clothing without his consent, wrongfully branded a 12 time felon when the initial stop was for a reason that could not be justified as plaintiff's front right headlight was on and clearly working.

59.     Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries, harassment, and harm as set forth above against Defendants **LVMPD, Officer S. Hunt, and Officer Smith et al.,** for willful violations of plaintiff's common law constitutional civil rights under color of state law.

60.     Defendant *Officer S. Hunt* **and Officer Smith** have detained plaintiff without probable cause and without due process of being in front of a judge or jury to decide the issues, and controversy before falsely detaining and incarcerating the plaintiff for up to 2 days before releasing him.

61.     Defendant *Officer S. Hunt* **and Officer Smith** detained, arrested and charged plaintiff upon an erroneous name search that was neither validated, verified, nor authenticated as there maybe multiple names identical to the plaintiff who may have 12 felonies which led to the detaining, kidnapping, seizing and arrest of plaintiff as a natural person.

62.     Defendant *Officer S. Hunt* **and Officer Smith** swindled plaintiff by using false allegation to add to a police report on a unlawful stop which had nothing to do with the reason plaintiff was allegedly pulled over while traveling as plaintiff has a common law right to travel.

63.     It is believed that **Sheriff Joseph Lombardo** on behalf of the LVMPD helped

developed and maintained policies or customs exhibiting deliberate indifference to the

constitutional rights of persons in the state of Nevada which caused the violation of Plaintiff's

common law rights, civil rights.

64.     Defendant *Officer S. Hunt and Officer Smith* continued to harass Plaintiff

when there was no probable cause to pull him over because all headlights had been confirmed to

be on and working on both sides of plaintiff's vehicle by a visual view from both the Plaintiff

and Hunt.

65.     Plaintiff reserves the right to produce evidence through discovery of whether

Officer Hunt followed the Direction of a known policy of the LVMPD that was required to be

followed under the direction of the his supervisor, Sheriff Joseph Lombardo and or an unknown

supervisor as the force behind the violations which ultimately caused Plaintiff's secured and

established natural constitutional rights to be violated because Hunt alleged that he was on the

phone with his supervisor at the time of the incident (see…exhibit-A, DECLARATION OF

ARREST REPORT).

66.     The arrest appears to also have been racially motivated as Officer Hunt and his

accomplice, unknown Sergeant has discriminated upon myself and my person as being that I am

a black male with an unverified past of being a 12 time convicted felon traveling in a nice

vehicle, a Lexus and that the officers could not believe I had committed a crime with my alleged

front right headlight being out, but instead unreasonably searched for reasons to harass and

unlawful seize my person to arrest and detain me because of an alleged unverified past because

of my race as none of the alleged reasons to arrest and detain me constitutes as a reason for an

immediate arrest without a conviction which is required under **NRS  193.140** and without due

process, a hearing and an opportunity for plaintiff to be heard before an arrest to which Hunt was requesting a determination of probable cause.

67.    It was the policy and/or custom of the LVMPD and its supervisor **Sheriff Joseph Lombardo** who fail to exercise reasonable care in hiring its police officers, including Defendants **Officer S. Hunt, and Officer Smith,** thereby failing to adequately prevent constitutional civil rights violations on the part of its police officers.

68.    It was the policy and/or custom of the LVMPD to inadequately supervise and train its police officers, including Defendants **Officer S. Hunt, and Officer Smith,** thereby failing to adequately discourage further constitutional civil rights violations on the part of its police officers.

69.    As a result of the departments policies and customs, police officers of the LVMPD, including **Officer S. Hunt, and Officer Smith,** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70.    The above described polices and customs demonstrate a deliberate indifference on the part of the LVMPD to the common law constitutional civil rights of natural persons within the state of Nevada and were the cause of the violations of Plaintiff's common law constitutional civil rights alleged herein.

71.    Defendant LVMPD is liable for the actions of its officers which violated the plaintiff's common law civil and due process rights, and false imprisonment committed against Plaintiff by Defendants **Hunt, and Officer Smith**. The LVMPD employed the officers, who committed the actions, and false imprisonment while acting in the scope of their employment. Advancing a policy that instructs subordinates to violate constitutional rights also is a basis for §

1983 liability. ***OSU Student All. v. Ray***, **699 F.3d 1053, 1076 (9th Cir. 2012).** Official capacity

claims filed against state officials are an alternative way of pleading a claim

against the entity for which the defendant is an officer. ***See…Hafer,*** **502 U.S. at 25.**

72.     As a result of defendants actions, plaintiff has been harmed, damaged and injured

73.     Defendants deprived plaintiff of his liberty, his well-established common right to

travel of which a citizen cannot be deprived without due process of law under the Fourteenth

Amendment." ***Kent v. Dulles,*** **357 US 116, 125.** "

74.     The Fourteenth Amendment's due process clauses requires that before the

government deprives a person of life, liberty, or property, it must give the person notice and an

opportunity to be heard. ***See Clement v. City of Glendale***, **518 F.3d 1090, 1093 (9th Cir. 2008).**

75.     The Equal Protection Clause of the Fourteenth Amendment of the United States

Constitution requires that all people be treated equally under the law without regard for, among

other things, their race or ethnicity. The Equal Protection Clause prohibits intentional

discrimination on the basis of race or ethnicity. As such, it prohibits law enforcement officers

from conducting racial and ethnic profiling in unlawful unreasonable stop practices. It also

prohibits police from conducting stops in a manner that has a discriminatory effect on a racial or

ethnic group, and that is motivated by a discriminatory purpose.

76.     As a result of the policies, practices, customs, and conduct of the Defendants,

Plaintiff suffered harm, including humiliation, pain, physical injuries, and/or emotional distress,

loss of liberty, and/or violations of their constitutional and statutory rights. Defendants' conduct

continues to violate the Fourteenth Amendment rights of Black people, people of color in the

state of Nevada on a daily basis and is the proximate cause of widespread harm among members

of the Black community.

77.     As a result of defendant's actions, plaintiff has been harmed, damaged and injured.

## COUNT II

### *NRS 200.510 (1) Libel, Defamation of Character against Defendant Officer S. Hunt and National Crime Information Center (NCIC) (public or otherwise), et al.*

78.   Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs ¶¶ 1–77;

79.   At all times, plaintiff claims that defendants Hunt and National Crime Information Center (NCIC) intentionally, maliciously, with the willful intent to injure plaintiff and slander his reputation;

80.   Defendant **Officer S. Hunt** have made false statement at the location where the violations took place and applied a false statement on the police arrest report as there was no misuse of an emergency number and the plaintiff is not a 12 time convicted felon.

81.   Defendant *Officer S. Hunt* defamed Plaintiff by intentionally and offensively expressed by print, writing, or any communication embodied in physical form injurious false information to plaintiff's reputation, which has been done to injure plaintiff without verified authentic proof of any facts which has been tried and decided in a court of law as presented in Hunts arrest report information used to arrest plaintiff.

82.   Defendant Hunt and the **National Crime Information Center (NCIC) (public or otherwise), et al.,** has documented and produced false information on the record (public or otherwise) about plaintiff as a 12-time felon to be searched by other parties using their system such as **officer S. Hunt** did which has injured plaintiff and damaged him throughout many of the years as this information has been used in conjunction to detain and arrest plaintiff and defame his character and violate his rights.

83.   This defamation has injured the plaintiff and has subjected him to limitations on his doing business, forming a profitable business in his profession.

84.     Plaintiff seeks compensatory and punitive damages against defendants.

85.     Plaintiff is seeking damages for slander for a minimum of $500,000 against Hunt and $4,000,000 against the **National Crime Information Center (NCIC)** for past, present and future damages of defamation.

**COUNT III**
**CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**against Hunt and Smith**

86.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs ¶¶ 1–85.

87.     Defendant and its employees engaged in extreme and outrageous conduct when they detained Plaintiff in incarcerated him for 2 days without ever taking him to court or giving him access to counsel nor a phone call causing Plaintiff to suffer emotional distress and was done without legal or probable cause

88.     Defendant's and its employees' negligent actions of detaining and keeping custody of Plaintiff by incarceration for 2 days without Plaintiff ever having access to counsel or being in front of a magistrate judge in the District of Nevada resulted in significant physical and emotional harm to Plaintiff as there was no probable cause to arrest and detain plaintiff.

89.     As a direct and proximate result of Defendants intentional infliction of emotional distress upon Plaintiff, he has incurred general damages and is further entitled to punitive damages.

90.     As a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress as he was sick after being thrown in a cell for 2 days with nothing but his underwear on.

91.     Defendant's and its employees' actions and inactions were taken with reckless disregard for whether they would cause Plaintiff to suffer severe emotional distress.

92.     Defendants owed a duty of care to the plaintiff under the constitution to which they have given an oath to uphold, protect and defend but have breach their duty as presented above. Defendant also owed Plaintiff a general duty of care not to subject him to harm and emotional distress as a result of the conduct alleged above.

93.     Defendant breached the duty of care by failing to prosecute and by detaining Plaintiff for 2 days without having access to an attorney, to a phone call, the court or even bail. As a result of Defendant's conduct, Plaintiff has experienced extreme agitation and has suffered severe anxiety.

94.     As a direct, proximate, and foreseeable result of the actions and omissions of Defendant and its employees, Plaintiff was incarcerated for 2 days and suffered harm, extreme and severe fright, shock, fear, horror, and emotional distress.

95.     The actions described above constitutes the tort of Negligent Infliction and Intentional infliction of Emotional Distress under the laws of Nevada.

96.     Defendants breach is the cause of plaintiff's injuries as presented above.

## COUNT IV

### VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT
### Pursuant to 42 U.S.C. § 2000d *et. seq.* against LVMPD

97.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs ¶¶ 1-96.

98.     Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving federal financial assistance, including law enforcement programs and activities. Title VI prohibits intentional discrimination

on the basis of race or ethnicity. As such, it prohibits law enforcement officers from conducting racial and ethnic profiling in an unlawful unreasonable traffic stop practice. It also prohibits police from conducting stops in a manner that has a discriminatory effect on a racial or ethnic group, and that is motivated by a discriminatory purpose.

99.     The Defendant is a recipient of substantial amounts of federal financial assistance, including financial assistance for law enforcement activities.

100.    The Defendant developed, implemented, enforced, encouraged, and sanctioned a policy, practice, and custom of LVMPD stops searches of members of the Subclass that results in significant disparate impact on Black people and that is motivated by race and ethnicity, rather than the reasonable suspicion required by the Fourth Amendment. Defendants' policy, practice and custom of high-volume, suspicionless stops searches involves racial and ethnic profiling.

101.    As a direct and proximate result of the above-mentioned policies, practices, customs, and acts, Plaintiff have suffered injuries and have been deprived of his rights under Title VI of the Civil Rights Act. Without appropriate injunctive relief, these violations will continue to occur.

102.    The records of the LVMPD will show a substantial difference in the number of Black, colored people versus any other race that are being pulled over, detained and arrested on a daily, monthly, yearly bases because of the policies of the department. Plaintiff reserves the right to provide proof of this through discovery from the LVMPD.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.      Enter judgment in favor of Plaintiff and against Defendants; and

B.      Enter an order declaring Defendants *Officer S. Hunt* and *Officer Smith* conduct unconstitutional; and

C.     Award Plaintiff compensatory and punitive damages as specified above and or the damages specified in his fee schedule against Defendants wherein will be presented later in this case which gave the LVMPD and its employees/officers notice of what the fees will be in case of a violation of plaintiff's secured and established rights; and

D.     Award Plaintiff damages in the format presented in ***Trezevant v. City of Tampa, 741 F.2d 336 (1984)*** for being unlawfully arrested, detained and imprisoned for 2 days.  In ***Trezevant v. City of Tampa, 741 F.2d 336 (1984)*** damages were set as $25,000 dollars per twenty-three 23 minutes plaintiff was detained in a false imprisonment case.  I hereby incorporate by reference and request the same format when calculating damages in my case for a total of $3,600,000 in damages as the defendants, both known and unknown have violated my common law secured and established civil rights as specified in this verified complaint; and

E.     Award Plaintiff's counsel if applicable, reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

F.     Enter a permanent injunction, upon proper motion, requiring Defendant ***LVMPD*** to adopt appropriate policies related to the hiring and supervision of its police officers; and

G.     Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## **JURY TRIAL DEMAND**

Plaintiff demands a Jury Trial/Trial by Struck Jury, pursuant to common law, the Seventh Amendment to the Constitution of the United States and the Bill of Rights, as to all claims for damages. Dated this   17th   day of **October, 2022**.

Respectfully presented,

"Without Prejudice"

By: Mark-Clifford: Sykes

Mark Clifford Sykes, "proper name" pursuant to **Title 18, sec. 1342**
All Natural Rights/Constitutional Rights "explicitly" Reserved and Retained
c/o P.O. Box # 91614, Henderson, via Nevada Republic, Zip Exempt [89009]
email: windsorsykes@yahoo.com
ph. 702-986-1864

**<u>Affidavit of Verification</u>**

I, **Mark Clifford Sykes**, hereby swear, attest, affirm, ascribe, and declare as follows:

1. I am a Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Nevada Republic and I am of the age of the Majority, over the age of 18;

2. I have reviewed the 2nd Amended verified complaint in its entirety and have personal firsthand knowledge of myself, my activities, and my intentions, including those set out in the foregoing **2nd Amended Verified Civil Suit at Common Law/Verified Civil Complaint;**

3. I have personal firsthand knowledge of all the allegations in this **2nd Amended Verified Civil Suit at Common Law/Verified Civil Complaint** for and the relief requested, and swear all of them to be true and correct;

4. I do hereby swear, attest, affirm, ascribe, and declare that the aforementioned claims are true, correct and accurate and that I have firsthand knowledge of the foregoing facts stated in this **2nd Amended Verified Complaint** as being true, correct and accurate, and I do so under penalty of the Constitution of the United States of America as such so help me god. Executed on **October _____, 2022**.

FURTHER AFFIANT SAYETH NOT.
By:  Mark Clifford Sykes
"proper name" pursuant to **Title 18, sec. 1342**

By: MARK=Clifford 'Sykes

# Schedule of Exhibits:
# A

*Detailed Schedule of Exhibits:*

### EXHIBITS – A

1. Copy of **Arrest Report (2 pages);**

**3 pages total including this Schedule of Exhibits**

**EXHIBIT - A**

## LAS VEGAS METROPOLITAN POLICE DEPARMENT
# DECLARATION OF ARREST REPORT

TCR1092787

☐ County Jail      ☐ City Jail      ☐ Adult .      ☐ Juvenile      Bureau: DTAC

| ID# | EVENT # | ARRESTEE'S NAME (LAST) | (FIRST) | (MIDDLE) | SSN# |
|-----|---------|------------------------|---------|----------|------|
| 1365985 | LLV200800034924 | SYKES | MARK | | 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 |

| RACE | SEX | DOB | HGT | WGT | HAIR | EYES | POB | | |
|------|-----|-----|-----|-----|------|------|-----|---|---|
| B | M | 7/1/1961 | 6'01" | 215 | BLK | BRO | LAREDO | | |

| ARRESTEE'S ADDRESS          STREET | CITY | STATE | ZIP CODE |
|-----|------|-------|----------|
| BOULDER HWY/ SUNSET RD | HENDERSON | NV | 89011 |

| OCCURRED | | ARREST | | LOCATION OF ARREST (NUMBER, STREET, CITY, STATE, ZIP CODE) |
|----------|---|--------|---|---|
| DATE: 8/8/2020 | TIME: 22:51 | DATE: 8/8/2020 | TIME: 23:06 | 1732 FREMONT E LAS VEGAS NEVADA 89101 |

LOCATION OF CRIME (NUMBER, STREET, CITY, STATE, ZIP CODE)

1732 FREMONT E LAS VEGAS NEVADA 89101

Use and Dissemination of this
is Regulated by Law. Secondar
... ... ....ation of any kind in Prohibited
... ... ....ad subject the offender to Criminal
.... Civil Liability.
..... ........mation Released To:

CHARGES / OFFENSES

PC - LVJCR - 53173 - G - UNLAW USE OF EMERG PHONE NUMBER (911)
PC - LVJCR - 56759 - M - FAIL BY CONV PERS TO COMPLY W/ NRS 179C REQS

CONNECTING REPORTS (TYPE ON EVENT NUMBER)

RFP, WITNESS LIST, ICR, TCR, DOA

_Mark SYKES_
_P. DI6353.0_  Date: _08-12-20_
_..... Metro Police Dept_

The undersigned makes the following declarations subject to the penalty of perjury and says: That I am a peace officer with the Las Vegas Metropolitan Police Department, Clark County, Nevada, being so employed for a period of approximately 2 year(s).

That I learned the following facts and circumstances which lead me to believe that the above named subject committed or was committing the offenses above at the location of  1732 FREMONT E   LAS VEGAS NEVADA 89101 and that the offense(s) occurred at approximately 22:51 hours on the 8th day of August, 2020.

**Details for Probable Cause:**

BWC Available

On 08/08/2020 at approximately 2251 hours I Officer S. Hunt P#17602 was operating as marked patrol unit 1VC40. I was patrolling the area of Fremont St. and Bruce St. Las Vegas, NV 89101. I has driving eastbound on Fremont St. when I observed a silver Lexus bearing California License Plate "5WLX285" with its front right headlight out, a violation of NRS 484D.110. The silver Lexus was proceeding westbound of Fremont St. approaching Bruce St. I made a U-turn and proceeded to conduct a vehicle stop on the above vehicle at the location of Fremont and Bruce. The silver Lexus continued driving and pulled into a parking space at the location of 1732 Fremont St. Las Vegas, NV 89101.

Upon contact with the vehicle the driver verbally identified himself as Sykes, Mark DOB: 07/01/61. Sykes was uncooperative with myself as he would not obey my commands to step in front of my patrol vehicle. Sykes became irate and demanded the watch commander be called to the location of the vehicle stop due to him feeling he was stopped unlawfully. I advised Sykes I would advise my supervisor as soon as he stepped to the front of my patrol vehicle. Sykes refused to obey my commands and stated he was not listening to me due to him being stopped unlawfully. I advised Sykes once more I would notify my supervisor. As I was on the phone with my supervisor Sykes proceeded to call the 911 emergency line from the telephonic number 702-986-1864, due to him being concerned that I was asking him to step in front of my vehicle. Sykes continued to be very uncooperative with myself and continued asking for the "watch commander".

I conducted a records check of Sykes through various police databases which revealed he is a 12 time convicted person. I asked Sykes what his current address is and he responded by stating you already know look on the computer. I advised Sykes due to his previous convictions it is his responsibility to notify LVMPD and keep a current up to date address within 48 hours of moving. I asked Sykes once more what his current address was and he responded with "148 Hunter Drive". A

_Wherefore, Declarant prays that a finding be made by a magistrate that probable cause exists to hold said person for preliminary hearing (if charges are a felony or gross misdemeanor) or for trial (if charges are misdemeanor)._

Arresting Officer:  S.  HUNT                          P#: 17602

LVMPD 602 (Rev 02/18) Word 2013

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**
# CONTINUATION REPORT

SCOPE ID: 1365985    EVENT #: LLV200800034924

Page 2 of 2

records check through multiple police databases revealed his most current and up to date address of residency is Boulder Hwy and Sunset Rd, Henderson, NV 89110 which was last updated on 01/22/2018.

Due to Sykes willfully and unlawfully make a nonemergency telephone call to report an emergency on any nonemergency telephone line maintained by a governmental entity if no actual or perceived emergency exists, by calling the 911 emergency line to request a "watch commander" to the scene of his vehicle stop due to him being concerned that I asked him to step in front of my patrol vehicle his is in violation of NRS 207.245.

Due to Sykes being a registered convicted person for: (Attempt Theft, in 2000 out of NV; Poss Narc Control Sub, in 1993 out of CA; Wire Fraud, in 1997 out of CA; Fail to register telephonic seller, in 1995 out of CA; Tele fail to maintain bond, in 1995 out of CA; Engage in fraud telemarket sale, in 1995 out of CA) did violate to provisions of 179C, to wit: did change his place of residence of Boulder Hwy and Sunset Rd to his current residence of 148 Hunter Drive without notifying the LVMPD within 48 hours of said change, a violation of NRS 179C.200.

Sykes was arrested for unlawful use of emergency phone number (911) and Failure by Convicted Person to comply with NRS 179C Requirements and transported to Clark Country Detention Center where he was booked accordingly.

\*\*\*\*\*\*\*\* End \*\*\*\*\*\*\*\*

*Wherefore, Declarant prays that a finding be made by a magistrate that probable cause exists to hold said person for preliminary hearing (if charges are a felony or gross misdemeanor) or for trial (if charges are misdemeanor).*

Arresting Officer: S. HUNT                    P#: 17602

LVMPD 602 (Rev 02/18) Word 2013

# Schedule of Exhibits: B

*Detailed Schedule of Exhibits:*

### EXHIBITS – A

1. Copy of **Notice of Intent to Sue (3 pages);**

**4 pages total including this Schedule of Exhibits**

Date: February 24, 2021

From:   The Office of Beneficial Owner Absolute FOR
        SYKES, MARK-CLIFFORD TRUST Estate
        Federal Gov't Grantor/Owner
        404 S. Boulder Hwy # 91614
        Henderson, Nevada [89015]

To:     LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY, NEVADA
        Attention: Joseph Lombardo
        400 S. Martin L. King Blvd.
        Las Vega, Nevada, 89106
        (702) 828-3422
        Certified Mail #:  7017 1450 0001 0728 3693

### NOTICE OF INTENT TO SUE

Dear all parties addressed and copied in this Notice, your supervisors, agents and/or legal department, your successors and/or assigns,

        You are hereby put on notice that on or about 8-8-2020 I was stopped for an alleged headlight that was allegedly out as stated by officer S. Hunt of the **Las Vegas Metropolitan Police Department** who has a badge number of P#17602 as I was traveling in a vehicle. On or about 8-8-2020, Officer S. Hunt had me falsely arrested without any probable cause which I was held for two (2) days in the Clark County Detention Center, stripped and held in a drunk tank two (2) days. I was ill for 3 weeks because of.  The **LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY, NEVADA, OFFICER S. Hunt P#17602,** and the **State of Nevada** are hereby put on notice by this presentment that I plan to file a lawsuit against you for violating my naturally reserved and retained rights by:

1. Illegally searching my vehicle without my consent,  a warrant,  nor probable cause supported by oath or affirmation;
2. Commencing a False Arrest without a warrant nor probable cause as your reason for pulling me over is that one of my headlights was out and when I asked to get out of the vehicle and proceeded to get out the vehicle to check and confirm your allegations, your allegation turned out to be a false deceptive statement as both of my headlight were on and therefore there was no probable cause to pull me over nor arrest me;
3. Defamation of Character as you provided false information on the arrest report without sufficient factual evidence though certified discovery that would determine that the person to have detained is the correct person (Sykes) validated on an alleged record check.  As a result of your unlawful acts, I have had portions of my Life, Liberty and the pursuit of Happiness taken from me as there was no unlawful use of an emergency number, and I am not a 12 time convicted Person required to register under NRS 179C.200 as reported; These are False Statements now on the public records of a third party that was used to defame my character, used for Constructive Trust Fraud in a Fictitious Entity Name for unjust Enrichment and BANK FRAUD & MALICIOUS PROSECUTION to arrest a living man in their natural capacity for properly exercising their rights to make a 911 call and without valid proof and evidence of sufficient facts that I am a 12 time convicted felon;
4. Discrimination;
5. Depriving me of my right to travel as I have explicitly exercised;

My case will hold you liable under the following:

- U.S. Constitution, 4th amendment
- NRS 200.510 (1) Libel
- NRS 200.571 Harassment
- NRS 200.460 – Nevada False Imprisonment
- Section 1983 civil rights violations in Nevada - false arrest
- Title~42: USCS~1986 Knowledge and Stop-Correct-Wrongs.
- Title~18: USCS~1001 & 1002: false-statements
- Title~42: USCS~1985-1: Conspiracy-Civil
- Title~42: USCS~1985-3: Depriving persons of rights or privileges
- Title~18: USCS~241: Conspiracy against rights
- Title~18: USCS~242: Deprivation of rights under color of law
- Title~42: USCS~1983: Civil action for deprivation of rights
- Title~18: USCS~1341: Frauds and swindles
- Title~18: USCS~1342: Fictitious name or address
- NRS 173.105 - Charging defendant by fictitious or erroneous name: Insertion of true name.

This is being sent prior to filing a suit, I am willing to give you an opportunity to amicably cure your violations of my rights. I am demanding that the **LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY, NEVADA, and/or the State of Nevada pays me $1,800,000** as settlement for your unlawful acts to violate my civil/constitutional rights and without probable cause. See: *Trezevant v. City of Tampa, 741 F.2d 336 (1984)*, wherein damages were set as 25,000 dollars per twenty-three 23 minutes in a false imprisonment case. The lawsuit will name **LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY, NEVADA, OFFICER S. Hunt P#17602, the State of Nevada and or other parties known or unknown** as the defendants who has violated my rights. You can check your records for confirmation of the dates of this matter.

I am willing to settle these matters amicably without having to file a lawsuit based on these issues for this matter and without you having to spend more money in legal fees as I have all the evidence I need in my possession to proceed with a lawful claim which will justify that you violated my rights without probable cause and without a warrant. I have attached a copy of the false and inaccurate arrest report to this notice. I am giving you **10 calendar days** from receipt of this presentment to settle this matter before I seek redress and remedy by exercising my rights to litigation. You can make the certified check out to **Mark Clifford Sykes.** If the above referenced defendants chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law for the maximum amount allowed by law with penalties which by my calculations is well over **$3,600,000** and request for discovery to determine any other evidence that will support your wrongful acts that has been repeated numerous times over the past ten years.

I can be reached directly at **702-986-1864 (cell)** or via email at **windsorsykes@yahoo.com**. This cell number and email is not to be called, shared, or used for any other purposes other than to address the matters at hand only!!

Respectfully Presented,

*Mark-Clifford Sykes*
Mark Sykes

CC:

THE STATE OF NEVADA

U.S. DEPARTMENT OF JUSTICE
Attention: ATTORNEY GENERAL Aaron D. Ford
555 E. WASHINGTON AVE #3900
Las Vega, Nevada, 89101
Certified Mail #:  7019 0700 0001 4876 8275

GOVERNOR OF NEVADA
Attention: The Honorable Steve Sisolak
555 E. WASHINGTON AVE #3900
Las Vega, Nevada, 89101
Certified Mail #:  7017 1450 0001 0728 3686

LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY, NEVADA
Attention: OFFICER S. Hunt P#17602
400 S. Martin L. King Blvd.
Las Vega, Nevada, 89106
(702) 828-3422
Certified Mail #:  7019 0700 0001 4876 8251

Regional Justice Center
Attention: Steven B. Wolfson
200 Lewis Ave.
Las Vega, Nevada, 89101
(702) 828-3422
Certified Mail #:  7019 0700 0001 4876 8268