UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mark Clifford Sykes,<br><br>    Plaintiff,<br><br>    v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01479-RFB-DJA<br><br>**Order** |

Plaintiff Mark Clifford Sykes is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a second amended complaint after the Court gave him leave to do so. (ECF No. 22). Because the Court finds that Plaintiff's claims pass the screening standard, it allows them to proceed and provides him additional time to serve Defendants.

**I.     Background.**

In his second amended complaint, Plaintiff alleges that on August 8, 2020, Las Vegas Metropolitan Police Department ("LVMPD") Officer S. Hunt pulled him over for having a headlight out. (ECF No. 22 at 4). Plaintiff asserts that, after he stopped, he asked to get out and inspect his headlight. (*Id.* at 7). After Plaintiff saw that both headlights were working, Officer Hunt refused to let Plaintiff leave, stating "No! I have to evaluate you now, what's your name?" (*Id.* at 7-8). Plaintiff gave Officer Hunt his name and date of birth but questioned Officer Hunt about why he was being detained. (*Id.*).

Officer Hunt then looked up Plaintiff's information, which record check erroneously revealed that Plaintiff is a twelve-time convicted felon. (*Id.* at 8, 21-22). Plaintiff asserts that the record keeping agency responsible for providing information to the LVMPD—the National Crime Information Center (the "NCIC")—published this false information, which Officer Hunt then used to wrongfully detain Plaintiff. (*Id.*). After Officer Hunt looked up Plaintiff's information,

he exclaimed, "you're a felon!" (*Id.* at 8). Plaintiff asserts that he began to fear for his life because Officer Hunt had pulled him over for no reason, found false information that Plaintiff was a twelve-time felon, and was continually interrogating him. (*Id.* at 8-9). He thus asked Officer Hunt to call his watch commander, which request Officer Hunt initially declined. (*Id.*). Officer Hunt continued to ask Plaintiff questions, during which Plaintiff repeated his request that Officer Hunt call his watch commander. (*Id.*). During this exchange, Plaintiff called 911, believing his life was in danger. (*Id.*). Officer Hunt then asked Plaintiff to stand in front of Officer Hunt's vehicle, which Plaintiff did. (*Id.*).

While Plaintiff was standing in front of Officer Hunt's vehicle, Officer Smith arrived. (*Id.*). Plaintiff told Officer Smith that Officer Hunt had pulled Plaintiff over for Plaintiff's headlight, which was not out. (*Id.*). Officer Smith became irate, told Plaintiff he was lying, and put Plaintiff in cuffs. (*Id.*). Officer Hunt then began searching Plaintiff's car and glove compartment. (*Id.* at 9-10). Plaintiff told Officer Smith that he had never given Officer Hunt consent to search his vehicle. (*Id.*). Officer Smith responded, "he's not in your vehicle." (*Id.*).

Officer Hunt ultimately placed Plaintiff in the Clark County Detention Center "drunk tank." (*Id.* at 4). Plaintiff's clothes were confiscated, and he spent two days in a cell wearing only his underwear and without access to an attorney or a phone call. (*Id.*). After two days, Plaintiff was released, and no conviction ultimately resulted from the arrest. (*Id.* at 6). The ordeal caused Plaintiff to be sick for three weeks after his release. (*Id.* at 4). Officer Hunt's arrest report, which Plaintiff attaches to his amended complaint, states that Plaintiff was charged with unlawful use of an emergency number and failure by a convicted person to update their address. (*Id.* at 29).

**II.     Screening Plaintiff's second amended complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given

leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, Plaintiff alleges: (1) unreasonable search and seizure in violation of the Fourth Amendment against Officer Hunt and Officer Smith; (2) unlawful arrest in violation of the Fourth Amendment against Officer Smith; (3) violation of the due process clause of the Fourteenth Amendment against Officer Hunt and Officer Smith; (4) violation of the equal protection clause of the Fourteenth Amendment against Officer Hunt and Officer Smith; (5) violation of Title VI of the Civil Rights Act against LVMPD; (6) defamation against Officer Hunt and the NCIC; and (7) intentional infliction of emotional distress against Officer Hunt and Officer Smith.[1] These claims pass screening.[2]

> **A.  *Unreasonable search and seizure in violation of the Fourth Amendment against Officer Hunt and Officer Smith.***

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause. *See* U.S. Const. Amend. 4. Plaintiff has alleged that Officer Hunt began searching his car and glove compartment without justification or probable cause and that Officer Smith ignored the violation and helped Officer Hunt perpetuate it, even telling Plaintiff that Officer Hunt was "not in [the] car" after Plaintiff complained about the violation. (ECF No. 22 at 10). Plaintiff's Fourth Amendment claim shall proceed against Officer Hunt and Officer Smith.[3]

---

[1] The Court notes that Plaintiff also lists 42 U.S.C. § 1988 and the Bill of Rights in his caption. (ECF No. 22 at 1). However, Plaintiff does not otherwise mention these. The Court does not construe Plaintiff's complaint as alleging claims related to either.

[2] The Court screens the complaint without the benefit of the adversarial process. *See Bartleson-Burton v. Macy's Corporate Office*, No. 2:22-cv-02056-CDS-NJK, 2023 WL 1767659, at *2 n.1 (D. Nev. Jan. 3, 2023) (citing *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

[3] Although Plaintiff does not name Sheriff Joe Lombardo or the LVMPD in the cause of action addressing his Fourth and Fourteenth Amendment rights, Plaintiff includes allegations against them. (ECF No. 22 at 13-20). But Plaintiff does not name Sherriff Lombardo as a Defendant or include LVMPD in the heading of the cause of action. And, other than the absence of Sheriff

### B.     *Unlawful arrest in violation of the Fourth Amendment against Officer Smith.*

A claim for unlawful arrest is cognizable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause exists if, at the moment of arrest, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the subject had committed a crime. *Blankenhorn v. City of Orange*, 485 F.3d 463, 471-72 (9th Cir. 2007). Here, although Plaintiff does not list unlawful arrest under the Fourth Amendment in a separate cause of action, he alleges that he was unlawfully arrested throughout his complaint. Plaintiff asserts that, after Officer Hunt pulled him over and Plaintiff called 911, Officer Smith arrived, became irate after Plaintiff told him his car headlights were both working, and placed Plaintiff in handcuffs. Plaintiff asserts that the stated reason for his arrest—using an emergency number when no emergency existed, not updating his address, and lying about his headlight—was fabricated because Plaintiff had a legitimate reason to call 911, is not a twelve-time convicted felon, and because his headlight was working. Because the Court must determine whether Officer Smith had probable cause to arrest Plaintiff upon arriving at the scene, Plaintiff's claim for unlawful arrest against Officer Smith shall proceed. While Plaintiff occasionally alleges that Officer Hunt arrested him, based on Plaintiff's complaint, it appears that Officer Smith—not Officer Hunt—ultimately arrested Plaintiff. The Court thus liberally construes Plaintiff's complaint as alleging a cause of action for unlawful arrest in violation of the Fourth Amendment against Officer Smith.

---

Lombardo and the LVMPD from the heading, the allegations are nearly identical to those in Plaintiff's first amended complaint, which the Court already found to be insufficient to pass screening. *Compare* (ECF No. 22 at 13-20) *with* (ECF No. 10 at 13-20). It thus appears that these allegations are vestiges of Plaintiff's prior complaint, rather than renewed allegations against these parties. As a result, the Court does not construe these as distinct claims.

### C. *Violation of the Due Process Clause of the Fourteenth Amendment against Officer Hunt and Officer Smith.*

"Citizens have a fundamental right of free movement historically part of the amenities of life as we have known them." *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 (9th Cir. 1997). To establish a substantive due process violation, a plaintiff must show that the defendant deprived him or his life, liberty, or property and engaged in "conscience shocking behavior." *Perez-Morciglio v. Las Vegas Metropolitan Police Dep't*, 820 F.Supp.2d 1111, 1126-27 (D. Nev. Oct. 25, 2011) (citing *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006)). An official's conduct may shock the conscience where the official acts with the purpose to harm in a rapidly evolving situation, or where he acts with deliberate indifference or reckless disregard for the plaintiff's rights in situations where the official had the opportunity to deliberate. *Tennison v. City & Cnty. of S.F.*, 570 F.3d 1078, 1089 (9th Cir. 2009); *Porter v. Osborn*, 546 F.3d 1131, 1137–39 (9th Cir. 2008).

Plaintiff alleged that Officer Hunt pulled him over under the false pretense that Plaintiff's headlight was out, depriving him of his right to travel. (ECF No. 22 at 4-13). Plaintiff also asserts that Officer Smith arrested him for a pretextual reason and that he was detained in the Clark County Detention Center "drunk tank" for two days. (*Id.*). Plaintiff has sufficiently alleged that Officer Hunt and Officer Smith impeded his right to movement and deprived him of his liberty. Because Plaintiff asserts that Officer Hunt and Officer Smith pulled him over and arrested him, respectively, for pretextual reasons, he has also sufficiently alleged that they engaged in conscience shocking behavior, disregarding Plaintiff's rights where they had the opportunity to deliberate. Plaintiff's Fourteenth Amendment due process claims shall proceed against Officer Hunt and Officer Smith.

### D. *Violation of the Equal Protection Clause of the Fourteenth Amendment against Officer Hunt and Officer Smith.*

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. 14 § 1. The clause requires the government to treat all similarly situated persons alike. *City of Cleburne v. Cleburne Living*

*Ctr., Inc.*, 473 U.S. 432, 439 (1985). If a law is administered to discriminate unjustly between persons similarly situated, a denial of equal protection may be the result. *Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir. 1984).

Although Plaintiff does not raise these allegations in a separate claim, he alleges that the "arrest appears to also have been racially motivated," and invokes the Equal Protection Clause. (ECF No. 22 at 18, 20). Plaintiff asserts that Officer Hunt pulled him over, asked him multiple questions, and evaluated his record not because his headlight was out, but because Plaintiff "is a black male traveling in a nice vehicle." (*Id.* at 6). Plaintiff also asserts that Officer Smith arrested him because he is Black, instead of for the fabricated reason that Plaintiff unlawfully used 911 or that Plaintiff was lying about his headlight. (*Id.* at 18). Indeed, Plaintiff asserts that he had a legitimate reason for calling 911 because he felt threatened by Officer Hunt's actions. (*Id.* at 9). Liberally construing Plaintiff's complaint, Plaintiff has alleged that Officer Hunt and Officer Smith administered the law unjustly—by pulling Plaintiff over and arresting him for pretextual reasons—because he is Black. Plaintiff has thus sufficiently alleged that Officer Hunt and Officer Smith administered the law to discriminate unjustly between persons similarly situated. Plaintiff's claim against Officer Smith and Officer Hunt for violations of the Equal Protection Clause of the Fourteenth Amendment shall proceed.

### E.   *Violation of Title VI of the Civil Rights Act against LVMPD.*

Title VI states "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A *prima facie* case of disparate impact under Title VI requires the plaintiff to: (1) identify the specific practices or policies being challenged; (2) show disparate impact; and (3) prove causation. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990). The second and third factors are generally shown with statistics. *U.S. v. Maricopa County, Ariz.*, 915 F.Supp.2d 1073, 1078 (D. Ariz. Dec. 12, 2012) (citing *Rose*, 902 F.2d at 1424). However, at the motion to dismiss stage, a complaint need not allege statistical data. *Id.*

Liberally construing Plaintiff's complaint and taking his allegations as true, the Court finds that Plaintiff has plausibly alleged a Title VI claim against LVMPD. Plaintiff has identified LVMPD's traffic stops and subsequent searches as the policies he is challenging. Plaintiff has also alleged that LVMPD uses traffic stops disparately to unlawfully detain Black individuals. Plaintiff asserts that, "the records of the LVMPD will show" that more Black individuals are pulled over, detained, and arrested than other individuals. (ECF No. 22 at 24). Plaintiff's Title VI claim shall proceed against LVMPD.

### F. Defamation against Officer Hunt and the National Crime Information Center.

Defamation encompasses both slander (spoken) and libel (written) defamatory statements. *Flowers v. Carville*, 292 F. Supp. 2d 1225, 1232 n.1 (D. Nev. 2003), aff'd, 161 F. App'x 697 (9th Cir. 2006). To state a claim for defamation, Plaintiff must allege "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 135 Nev. 436, 442, 453 P.3d 1220, 1225 (Nev. 2019) (quotation omitted); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel). Plaintiff has alleged that: (1) Officer Hunt wrote a false statement that Plaintiff unlawfully called 911 in his police report and that the NCIC published a false statement about Plaintiff's status as a twelve-time felon; (2) Officer Hunt published the police report to the LVMPD and the NCIC published the false statement to everyone capable of accessing the record; (3) the publications were intentional; and (4) Plaintiff suffered damages. Plaintiff's defamation claim shall proceed against Officer Hunt and the NCIC.

### G. Intentional infliction of emotional distress against Officer Hunt and Officer Smith.

The elements of an intentional infliction of emotional distress claim are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 378-79, 989 P.2d 882, 886 (1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and regarded as "utterly intolerable" in a civilized society. *Maduike v. Agency Rent-A-*

*Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998). Plaintiff alleges that Officer Hunt and Officer Smith "engaged in extreme and outrageous conduct when they detained Plaintiff [and] incarcerated him for 2 days without ever taking him to court or giving him access to counsel nor a phone call…" (ECF No. 22 at 22). Plaintiff asserts: (1) that Officer Hunt and Officer Smith engaged in extreme and outrageous conduct by arresting him and placing him in the "drunk tank" without having had cause to pull him over in the first place; (2) that he suffered extreme distress and became sick for three weeks after the incident; and (3) that Officer Hunt and Officer Smith's actions caused his distress. (*Id.*). Plaintiff's intentional infliction of emotional distress claim will proceed against Officer Hunt and Officer Smith.[4]

### III.   Scheduling.

Because Plaintiff has filed an amended complaint, he has not yet had the opportunity to serve Defendants. Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for the failure to serve a defendant within 90 days after filing a complaint, the court must extend the time for service for an appropriate period. Here, because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915. Because the Court must screen his allegations before they proceed, Plaintiff has been unable to serve Defendants within 90 days. The Court will thus provide Plaintiff with 90 days from the date of this order to serve Defendants.

---

[4] Plaintiff references negligence in his claim for intentional infliction of emotional distress. (ECF No. 22 at 22-23). These allegations are nearly identical to those in his previous complaint. *Compare* (ECF No. 22 at 22-23) *with* (ECF No. 10 at 25-26). But Plaintiff has removed the reference to negligent infliction of emotional distress from his cause of action heading and has not separately alleged a negligence claim that includes emotional distress as an element of the damages suffered. *See* (ECF No. 21 at 3-4) (dismissing Plaintiff's negligent infliction of emotional distress claim without prejudice because he did not allege a negligence claim pursuant to which he could allege negligent infliction of emotional distress). It appears that Plaintiff's references to negligence are again vestiges of his previous complaint, rather than an attempt to allege a separate claim for negligent infliction of emotional distress, particularly because Plaintiff has removed that allegation from his heading. The Court does not construe Plaintiff's complaint as attempting to allege negligent infliction of emotional distress here.

**IT IS THEREFORE ORDERED** that Plaintiff's second amended complaint (ECF No. 22) shall proceed on his claims for: (1) unreasonable search and seizure in violation of the Fourth Amendment against Officer Hunt and Officer Smith; (2) unlawful arrest in violation of the Fourth Amendment against Officer Smith; (3) violation of the Due Process Clause of the Fourteenth Amendment against Officer Hunt and Officer Smith; (4) violation of the Equal Protection Clause of the Fourteenth Amendment against Officer Hunt and Officer Smith; (5) violation of Title VI of the Civil Rights Act against LVMPD; (6) defamation against Officer Hunt and the NCIC; and (7) intentional infliction of emotional distress against Officer Hunt and Officer Smith.

**IT IS FURTHER ORDERED** that service must be accomplished on or before **May 31, 2023.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses to the following Defendants: (1) LVMPD Officer S. Hunt P#17602; (2) LVMPD Officer Smith P#9643; (3) the Las Vegas Metropolitan Police Department; and (4) the National Crime Information Center. The Clerk of Court shall deliver the summonses and four copies of the complaint (ECF No. 22) to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff four blank copies of form USM-285.[5]

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 form for each Defendant and provide an address where each Defendant can be served with process. Once completed, Plaintiff must provide USM-285 forms to the U.S. Marshal. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required forms.

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the U.S. Marshal shall attempt service upon Defendants.

---

[5] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return

**IT IS FURTHER ORDERED** that, within twenty days after receiving from the U.S. Marshal a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on an unserved Defendant, he must file a motion with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: March 3, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE