LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:            (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*
*and Joseph Smith*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES, Sui Juris, | CASE NO.: 2:21-cv-01479-RFB-DJA |
| Plaintiff, | |
| vs. | **LAS VEGAS METROPOLITAN POLICE DEPARTMENT AND SERGEANT JOSEPH SMITH'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT of CLARK COUNTY NEVADA (LVMPD; Officer S. Hunt badge number P#17602, Officer Smith badge number P# 9643, National Crime Information Center (NCIC), et al., | |
| Defendants. | |

Defendants Las Vegas Metropolitan Police Department and Sergeant Joseph Smith (collectively, "LVMPD Defendants"), through their counsel, Kaempfer Crowell, file an Answer to Plaintiff Mark Sykes's Second Amended Complaint, (ECF No. 22), and admit, deny, and allege as follows:

## INTRODUCTION

1.        Answering Paragraph 1 of the Second Amended Complaint, the allegations

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer Paragraph 1.  To the extent factual allegations are in Paragraph 1, LVMPD Defendants deny the allegations.

## JURISDICTION AND VENUE

2.     Answering Paragraph 2 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer Paragraph 2.

3.     Answering Paragraph 3 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer Paragraph 3.

4.     Answering Paragraph 4 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer Paragraph 4.

## PARTIES

5.     Answering Paragraph 5 of the Second Amended Complaint, LVMPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny the same.

6.     Answering Paragraph 6 of the Second Amended Complaint, LVMPD Defendants admit that Officer S. Hunt was a police officer and employed by LVMPD at the time of his encounter with Plaintiff.  With regard to the remaining allegations in said paragraph, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer.

7.     Answering Paragraph 7 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

8. Answering Paragraph 8 of the Second Amended Complaint, LVMPD Defendants affirmatively allege that LVMPD is a political subdivision of the State of Nevada and was the employer of Officer Hunt and Sergeant Smith at the time of the encounter with Plaintiff.

9. Answering Paragraph 9 of the Second Amended Complaint, LVMPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny the same.

## BACKGROUND

10. Answering Paragraph 10 of the Second Amended Complaint, the LVMPD Defendants admit that Plaintiff was pulled over by Officer Hunt on August 8, 2020. As to the remaining allegations in said paragraph, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer.

11. Answering Paragraph 11 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

12. Answering Paragraph 12 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

13. Answering Paragraph 13 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

14. Answering Paragraph 14 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

15. Answering Paragraph 15 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

16. Answering Paragraph 16 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

17. Answering Paragraph 17 of the Second Amended Complaint, LVMPD

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

Defendants deny the allegations.

18.     Answering Paragraph 18 of the Second Amended Complaint, LVMPD Defendants admit the allegations.

19.     Answering Paragraph 19 of the Second Amended Complaint, the LVMPD Defendants affirmatively allege that the Body Worn Camera Footage of the incident speaks for itself.

20.     Answering Paragraph 20 of the Second Amended Complaint, the LVMPD Defendants affirmatively allege that the Body Worn Camera Footage of the incident speaks for itself.

21.     Answering Paragraph 21 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

22.     Answering Paragraph 22 of the Second Amended Complaint, LVMPD Defendants admit that Plaintiff requested a watch commander.

23.     Answering Paragraph 23 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

24.     Answering Paragraph 24 of the Second Amended Complaint, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny the same.

25.     Answering Paragraph 25 of the Second Amended Complaint, LVMPD Defendants affirmatively allege that the 911 recordings from the encounter with Plaintiff speak for themselves.

26.     Answering Paragraph 26 of the Second Amended Complaint, LVMPD Defendants deny the allegations.

27.     Answering Paragraph 27 of the Second Amended Complaint, LVMPD defendants

1   affirmatively allege that the Body Worn Camera Footage of the encounter with Plaintiff speaks

2   for itself.

3       28.     Answering Paragraph 28 of the Second Amended Complaint, LVMPD

4   Defendants deny the allegations.

5       29.     Answering Paragraph 29 of the Second Amended Complaint, LVMPD

6   Defendants deny the allegations.

7       30.     Answering Paragraph 30 of the Second Amended Complaint, the allegations

8   contained therein consist of non-factual legal conclusions and, therefore, the LVMPD

9   Defendants are not required to answer Paragraph 30.

10      31.     Answering Paragraph 31 of the Second Amended Complaint, the LVMPD

11  Defendants deny the allegations.

12      32.     Answering Paragraph 32 of the Second Amended Complaint, the LVMPD

13  Defendants deny the allegations.

14      33.     Answering Paragraph 33 of the Second Amended Complaint, the allegations

15  contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants

16  are not required to answer Paragraph 33.

17      34.     Answering Paragraph 34 of the Second Amended Complaint, the LVMPD

18  Defendants are without knowledge or information sufficient to form a belief as to the truth of the

19  allegations contained in said paragraph and therefore deny the same.

20      35.     Answering Paragraph 35 of the Second Amended Complaint, the LVMPD

21  Defendants are without knowledge or information sufficient to form a belief as to the truth of the

22  allegations contained in said paragraph and therefore deny the same.

23      36.     Answering Paragraph 36 of the Second Amended Complaint, the allegations

24  contained therein consist of non-factual legal conclusions and, therefore, the LVMPD

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

Defendants are not required to answer.

37.    Answering Paragraph 37 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, the LVMPD Defendants are not required to answer.

38.    Answering Paragraph 38 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

39.    Answering Paragraph 39 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

40.    Answering Paragraph 40 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

## **COUNT I**

**VIOLATION OF THE FOURTH AMENDMENT PROTECTION AGAINST UNREASONABLE SEARCHES AND SEIZURES, THE FOURTEENTH AMENDMENT DEPRIVATION OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW, BY THE GOVERNMENT**
**Pursuant to 42 U.S.C. § 1983 against Defendants Officer S. Hunt, and Officer Smith**

41.    Answering Paragraph 41 of the Second Amended Complaint, LVMPD Defendants repeat and re-allege the allegations contained in the preceding paragraphs as though fully set forth herein.

42.    Answering Paragraph 42 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

43.    Answering Paragraph 43 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

44.    Answering Paragraph 44 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

45.    Answering Paragraph 45 of the Second Amended Complaint, the LVMPD

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

Defendants deny the allegations.

46.     Answering Paragraph 46 of the Second Amended Complaint, the LVMPD Defendants allege that Paragraph 46 does not accurately recite an oath that police officers are required to take.   To the extent Paragraph 46 contains factual allegations, the LVMPD Defendants deny the allegations.

47.     Answering Paragraph 47 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer.

48.     Answering Paragraph 48 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

49.     Answering Paragraph 49 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

50.     Answering Paragraph 50 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

51.     Answering Paragraph 51 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

52.     Answering Paragraph 52 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

53.     Answering Paragraph 53 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

54.     Answering Paragraph 54 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

55.     Answering Paragraph 55 of the First Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

56.     Answering Paragraph 56 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

57.     Answering Paragraph 57 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

58.     Answering Paragraph 58 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

59.     Answering Paragraph 59 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer Paragraph 59.

60.     Answering Paragraph 60 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

61.     Answering Paragraph 61 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

62.     Answering Paragraph 62 of the Second Amended Complaint, the LVMPD Defendants deny the allegations.

63.     Answering Paragraph 63 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

64.     Answering Paragraph 64 of the Second Amended Complaint, LVMPD Defendants deny the allegations contained therein.

65.     Answering Paragraph 65 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer.

66.     Answering Paragraph 66 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

67.     Answering Paragraph 67 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

68.     Answering Paragraph 68 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

69.     Answering Paragraph 69 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

70.     Answering Paragraph 70 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

71.     Answering Paragraph 71 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

72.     Answering Paragraph 72 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

73.     Answering Paragraph 73 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

74.     Answering Paragraph 74 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer.

75.     Answering Paragraph 75 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer.

76.     Answering Paragraph 76 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

77.     Answering Paragraph 77 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

## **COUNT II**

***NRS 200.510 (1) Libel, Defamation of Character against Officer S. Hunt and National Crime Information Center (NCIC) (public or otherwise), et al.***

78.     Answering Paragraph 78 of the Second Amended Complaint, LVMPD Defendants repeat and re-allege the allegations contained in the preceding paragraphs as though fully set forth herein.

79.     Answering Paragraph 79 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

80.     Answering Paragraph 80 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

81.     Answering Paragraph 81 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

82.     Answering Paragraph 82 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

83.     Answering Paragraph 83 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

84.     Answering Paragraph 84 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

85.     Answering Paragraph 85 of the Second Amended Complaint, this allegation concerns a claim that is not asserted against LVMPD Defendants and, therefore, LVMPD Defendants are not required to answer the same.

**COUNT III**
**CLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Against Hunt and Smith**

86.     Answering Paragraph 86 of the Second Amended Complaint, LVMPD Defendants repeat and re-allege the allegations contained in the preceding paragraphs as though fully set forth herein.

87.     Answering Paragraph 87 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

88.     Answering Paragraph 88 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

89.     Answering Paragraph 89 of the Second Amended Complaint, LVMPD Defendants deny the allegations contained therein.

90.     Answering Paragraph 90 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

91.     Answering Paragraph 91 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

92.     Answering Paragraph 92 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

93.     Answering Paragraph 93 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

94.     Answering Paragraph 94 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

95.     Answering Paragraph 95 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

96.     Answering Paragraph 96 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

## COUNT IV

**VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT Pursuant to 42 U.S.C. § 200d *et.seq*. against LVMPD**

97.     Answering Paragraph 97 of the Second Amended Complaint, LVMPD Defendants repeat and re-allege the allegations contained in the preceding paragraphs as though fully set forth herein.

98.     Answering Paragraph 98 of the Second Amended Complaint, the allegations contained therein consist of non-factual legal conclusions and, therefore, LVMPD Defendants are not required to answer Paragraph 98.

99.     Answering Paragraph 99 of the Second Amended Complaint, the allegation does not identify a specific "Defendant" being referenced and, thus, the LVMPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore deny the same.

100.    Answering Paragraph 100 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

101.    Answering Paragraph 101 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

102.    Answering Paragraph 102 of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

/ / /

KEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

20230517 LVMPD Answer to Pltf_s Second Amended Complaint.doc  6943.211

Page 12 of 18

## PRAYER FOR RELIEF

Answering this Paragraph of the Second Amended Complaint, the LVMPD Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

Further, as affirmative defenses to each and all of Plaintiff's alleged causes of action, the LVMPD Defendants allege:

1. Plaintiff's Complaint on file herein fails to state a claim against LVMPD Defendants upon which relief can be granted.

2. Some or all of the Plaintiff's claims are barred by the statute of limitations and the claims notice statute.

3. LVMPD Defendants' actions were reasonable and justified under the circumstances and were privileged.

4. At all times mentioned in Plaintiff's Complaint, the LVMPD Defendants acted under the good faith belief that their actions were legally justifiable.

5. There can be no recovery for punitive damages against any government official acting in his or her official capacity, pursuant to 42 U.S.C. § 1983.

6. No award of punitive damages can be awarded against LVMPD Defendants under the facts and circumstances alleged in Plaintiff's Complaint.

7. Plaintiff's claims are subject to the doctrines of waiver and/or estoppel.

8. At all times mentioned in Plaintiff's Complaint, the LVMPD Defendants did not personally participate in any of the Plaintiff's alleged violations of constitutional rights.

9. To the extent Plaintiff's causes of actions against LVMPD Defendants sound in negligence, no recovery may be had predicated upon 42 U.S.C. § 1983.

10. Plaintiff's suit fails to state a claim for relief as it fails to allege violation of a

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

11.     LVMPD did not enact or promulgate any policy, statute, ordinance, or custom, policy, or procedure which denied or abridged any of the Plaintiff's constitutional rights.

12.     LVMPD Defendants are qualifiedly immune from the actions alleged against them in Plaintiff's Complaint.

13.     The Nevada Revised Statutes, chapter 41, limit the damages that may be collectable against a political subdivision of the State of Nevada.

14.     LVMPD Defendants are not subject to suit upon the facts and conclusions as stated in Plaintiff's Complaint by reason of their sovereign immunity as a political subdivision of the State of Nevada and more particularly by reason of the provisions of NRS 41.031, 41.032, 41.033.

15.     Plaintiff's Complaint concerns a discretionary function of LVMPD for which LVMPD Defendants are immune.

16.     Plaintiff's claims of a constitutional violation are unsupported in both fact and law, as Plaintiff has not alleged a sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

17.     LVMPD Defendants engaged in no conduct shocking to the conscience to be held liable for a substantive due process violation.

18.     LVMPD Defendants acted at all pertinent times in accordance with applicable state and federal laws, and under legal authority.

19.     LVMPD Defendants' conduct did not violate clearly established statutory and constitutional rights of which a reasonable person could have known.

20.     Any injuries allegedly sustained by Plaintiff were the result of his own negligence

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

and/or actions.

21.     Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

22.     Plaintiff cannot recover punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, or fraud.  Plaintiff is not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of LVMPD's supervisors, directors, or managing agents committed the alleged malicious, fraudulent, or oppressive acts were authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscious disregard for the higher safety of others.

23.     LVMPD has not been negligent and has not breached its alleged duty to properly supervise the conduct of its employees with whom Plaintiff interacted.

24.     LVMPD Defendants were not deliberately indifferent to Plaintiff's health, safety, or constitutional rights.

25.     LVMPD Defendants allege that the damages, if any, alleged by Plaintiff were caused in whole or in part, or were contributed to by reason of the negligence and/or intentional acts of Plaintiff, or by actions of a third person(s) who is not within the control of LVMPD.

26.     No act or omission of the LVMPD Defendants was a cause in fact or a proximate cause of the injuries and damages, if any, sustained by Plaintiff.

27.     The policies, procedures, or protocols of LVMPD were not violated.

28.     LVMPD cannot be held liable under 42 U.S.C. § 1983 on a Respondent Superior theory of liability.

/ / /

KÆMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

29.     The search, arrest, identification, and imprisonment of Plaintiff, if any, was completely justified and privileged under the circumstances alleged and was perfected pursuant to probable cause and reasonable cause.

30.     LVMPD Defendants did not engage in extreme or outrageous behavior with either the intention of or reckless disregard for causing the Plaintiff emotional distress.

31.     Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable inquiry upon the filing of Plaintiff's Second Amended Complaint, and therefore, LVMPD Defendants reserve the right to amend their Answer to the Plaintiff's First Amended Complaint to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, LVMPD Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by virtue of Plaintiff's Second Amended Complaint on file herein, and that the same be dismissed with prejudice;

2.      For an award of reasonable attorney's fees and costs of suit incurred in the defense of this action;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

1    3.    For such other and further relief that this Court may deem just and proper in the

2   premises.

3    DATED this 9th day of June, 2023.

4    KAEMPFER CROWELL

5

6    By:    /s/ Lyssa S. Anderson
     LYSSA S. ANDERSON (Nevada Bar No. 5781)
7    RYAN W. DANIELS (Nevada Bar No. 13094)
     1980 Festival Plaza Drive, Suite 650
8    Las Vegas, Nevada  89135

9    ***Attorneys for Defendants,***
     ***Las Vegas Metropolitan Police Department,***
10   ***And Sergeant Smith***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

## **CERTIFICATE OF SERVICE**

2

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I

3

caused the foregoing **LVMPD AND SERGEANT SMITH'S ANSWER TO PLAINTIFF'S**

4

**SECOND AMENDED COMPLAINT** to be served via CM/ECF and/or First Class Mail (where

5

indicated) addressed to the following:

6

Mark Clifford Sykes
P.O. Box 91614

7

Henderson, NV 89009

8

***Plaintiff in Proper Person***

9

10

DATED this 9th day of June, 2023.

11

_/s/ Linda Gilman_____

12

an employee of Kaempfer Crowell

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

20230517 LVMPD Answer to Pltf_s Second Amended Complaint.doc   6943.211

Page 18 of 18