# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mark Clifford Sykes, | Case No. 2:21-cv-01479-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Las Vegas Metropolitan Police Department; Officer S. Hunt; Officer Smith; and National Crime Information Center, | |
| Defendants. | |

Before the Court are Plaintiff's motion to issue subpoenas (ECF No. 50) and motions to amend complaint (ECF Nos. 51 and 52). Plaintiff moves the Court to issue subpoenas to LVMPD to learn Officer S. Hunt's address so that he can serve him. (ECF No. 50). In that motion, Plaintiff also asks for an extension of time—thirty days after his requested subpoena—to serve Hunt. LVMPD responds to the motion, asserting that it cannot provide Hunt's address because that information is confidential under Nevada Revised Statute 289.025. (ECF No. 53). LVMPD explains that it can provide Hunt's last known address under seal so that the U.S. Marshals Service can attempt service. Plaintiff did not file a reply.

The Court grants in part and denies Plaintiff's motion for a subpoena. As LVMPD points out, Nevada Revised Statute 289.025 prevents LVMPD from releasing Hunt's home address. The Court will, however, require LVMPD to file Hunt's last known address under seal and will grant Plaintiff's request for additional time to serve Hunt under Federal Rule of Civil Procedure 4(m).

Plaintiff also filed two motions to amend on August 8, 2023 and August 11, 2023. Both seek to replace Defendant the National Crime Information Center with the Federal Bureau of Investigation. The Court denies the first motion to amend (ECF No. 51) as moot because an amended complaint supersedes the original pleading. *See Ramirez v. Cty. of Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[i]t is well established in our circuit that an amended complaint

supersedes the original, the latter being treated thereafter as non-existent, the original pleading no longer performs any function").

The Court also denies Plaintiff's second motion to amend (ECF No. 52) as futile. In it, Plaintiff asserts that he learned that the FBI—not the National Crime Information Center—maintains Plaintiff's arrest record, which Plaintiff alleges contains false information. While leave to amend should be freely given when justice so requires under Federal Rule of Civil Procedure 15(a), courts must consider whether an amendment is futile. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Plaintiff's proposed amendment is futile because his claims against the FBI would be barred by the doctrine of sovereign immunity. "Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014). Without a waiver, sovereign immunity bars both equitable and legal claims against the United States, its agencies, and its officers acting in their official capacities. *See Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. Of Oil & Gas Cons. Of State of Mont.*, 792 F.2d 782, 792 (9th Cir. 1986). The party suing the United States bears the burden of identifying an unequivocal waiver of immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Because the FBI is a federal agency and because neither Plaintiff's motion nor proposed amended complaint provide any basis for a waiver of sovereign immunity, the Court denies Plaintiff's motion to amend as futile. *See Wise v. Director of Federal Bureau of Investigations*, No. 2:21-cv-02269-JAM-DMC, 2022 WL 705826, at * 1 (E.D. Cal. Mar. 9, 2022). However, because Plaintiff could potentially amend his complaint to provide a basis for waiver of sovereign immunity, the Court denies his motion to amend without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for subpoenas (ECF No. 50) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request for an extension of time to serve Hunt. Plaintiff shall have until **December 11, 2023** to serve Hunt. The motion is denied in part regarding Plaintiff's request for subpoenas.

**IT IS FURTHER ORDERED** that LVMPD shall file Hunt's last known address under seal on or before **November 8, 2023.**

**IT IS FURTHER ORDERD** that the Clerk of Court is kindly directed to send the U.S. Marshals Service a copy of Plaintiff's complaint (ECF No. 22) and the summons issued to LVMPD Officer S. Hunt P#17602 (ECF No. 24 at 1).

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 22, 2023** to send the U.S. Marshals Service the required Form USM-285.[1]  Plaintiff should indicate on the Form USM-285 that LVMPD has filed Hunt's last known address under seal and include the docket number where the U.S. Marshals Service can find Hunt's sealed, last known address.  Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshals Service showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 51) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 52) is **denied without prejudice.**

DATED: October 25, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form can be found online at https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return