LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*
*and Sergeant Smith*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>  Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA, et al.,<br><br>  Defendants. | CASE NO.:   2:21-cv-01479-RFB-DJA<br><br>**LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO ISSUE SUBPOENA AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT OFFICER S. HUNT**<br>**[ECF Nos. 56, 57]** |

Defendants Las Vegas Metropolitan Police Department and Sergeant Smith (collectively "LVMPD Defendants"), through their counsel, Kaempfer Crowell, file this Response to Plaintiff's Motion to Extend Time to Serve Defendant Officer S. Hunt, (ECF No. 56), and Second Motion to Issue Subpoena, (ECF No. 57).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Court should deny Plaintiff's Motions, (ECF Nos. 56, 57), because they rely on incorrect statements about this case's procedural history.  Contrary to Plaintiff's statements,

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3591901_1.doc  6943.289

Page 1 of 6

LVMPD already complied with the Court's Order to file under seal Defendant Hunt's last known address. Further, in October 2023 LVMPD Defendants made two attempts to have Plaintiff review and agree to a proposed Discovery Plan and Scheduling Order. Plaintiff still has not completed service as to Hunt despite being able to do so, and Plaintiff has not responded to LVMPD Defendants' proposed Discovery Plan and Scheduling Order.

Plaintiff still has until December 11, 2023, to complete service of process as to Defendant Hunt. As of that deadline, Plaintiff will have had 437 days to complete this task. The Court is well within its discretion to deny Plaintiff's pending request for more time to complete service of process against Hunt. Moreover, this case can move forward with discovery through the Court's entry of a proposed Discovery Plan and Scheduling Order attached as Exhibit 1, which LVMPD Defendants proposed to Plaintiff in October 2023.

## II. ARGUMENT

### A. LVMPD Defendants Complied with the Court's Instructions to File Officer Hunt's Last Known Address under Seal.

Plaintiff, as the one who filed this case, has the obligation to timely complete service of process as to each defendant. That obligation exists despite Plaintiff's *pro se* status. *Kern v. Clark Cnty. Sheriff*, No. 2:13-cv-00855-RFB-NJK, 2016 WL 107942, at *3 (D. Nev. Jan. 7, 2016) (denying the plaintiff's motion for court assistance in serving a defendant because "Plaintiff is obligated to provide the necessary information to help effectuate service. . . . He has failed to do that here.") (internal citations omitted).

The docket reflects that Plaintiff attempted to serve Defendant Hunt after the Court's Order allowing his Amended Complaint but was not able to do so because he did not have information on Hunt's physical address. So, on October 25, 2023, the Court instructed LVMPD to file Defendant Hunt's last known address under seal. (Order, ECF No. 54). The Court set a

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3591901_1.doc  6943.289

Page 2 of 6

1  deadline of November 8, 2023, for LVMPD to provide that information under seal, after which
2  Plaintiff held the responsibility of providing a completed USM-285 Form to the United States
3  Marshals Service so that the Marshals Service could complete service of process on Hunt. (*Id.*)
4  (ordering that Plaintiff "shall have until November 22, 2023 to send the U.S. Marshals Service
5  the required Form USM-285," setting December 11, 2023, as the deadline to serve Hunt, and
6  explaining to Plaintiff that he "should indicate on the Form USM-285 that LVMPD has filed
7  Hunt's last known address under seal and include the docket number where the U.S. Marshals
8  Service can find Hunt's sealed, last known address).[1]

9  LVMPD complied with the Court's instructions on November 7, 2023, with ECF No. 55.
10 Thus, Plaintiff's now-pending Motions can be denied because they rely on an incorrect factual
11 basis when arguing for a subpoena and more time to complete service due to LVMPD
12 "conceal[ing] information needed to locate and serve" Hunt. (Pl.'s Mots. at 1–2, ECF Nos. 56,
13 57).

14
15  **B.   The Court Should Not Provide Plaintiff More Time to Complete Service of Process on Defendant Hunt.**

16  Under Federal Rule of Civil Procedure 4, Plaintiff had to serve Defendant Hunt within 90
17 days after the Court's September 30, 2022 Order allowing his Amended Complaint[2] to
18 proceed—in other words, by December 29, 2022. *See* Fed. R. Civ. P. 4(m); (Report and
19 Recommendation ("R&R"), ECF No. 19) (allowing some claims in the Amended Complaint to

---

[1] Officer Hunt is a former employee of LVMPD, so LVMPD was not able to accept service of process for him.

[2] Plaintiff's original Complaint and Amended Complaint named Officer Hunt as a defendant. (Compl., ECF No. 6); (Am. Compl., ECF No. 10). So the 90-day deadline to complete service of process began once the Court entered the Order, (ECF No. 21), allowing the Amended Complaint to proceed. Plaintiff's Second Amended complaint filed after the Court's Screening Order did not automatically extend this deadline as to Hunt. *DLJ Mortg. Cap., Inc. v. Old Republic Title Ins. Grp., Inc.*, No. 2:20-cv-01662-KJD-VCF, 2021 WL 246107, at *1 (D. Nev. Jan. 25, 2021) ("The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint."); *Mitchell v. Cnty. of Nye*, No. 2:15-cv-01714-APG-NJK, 2016 WL 6782740, at *2 (D. Nev. Nov. 14, 2016) ("Moreover, Mitchell cannot unilaterally reopen the time frame to effect service of process by filing an amended complaint.").

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3591901_1.doc  6943.289

Page 3 of 6

proceed); (Order, ECF No. 21) (adopting the R&R).  The Court extended this service deadline to May 31, 2023, then extended it twice more and instructed Plaintiff on the method to complete service of process: provide USM-285 Forms to the United States Marshals Service, and the United States Marshals Service will complete service of process afterward. (Order, ECF No. 23) (entered March 3, 2023, and providing Plaintiff "90 days from the date of this order" to serve the named Defendants); (Orders, ECF No. 27) (ordering Plaintiff to "provide the USM-285 forms to the U.S. Marshal" and giving Plaintiff "until May 16, 2023 to furnish the U.S. Marshal with the required forms," though retaining the deadline for service of "May 31, 2023"); (Order, ECF No. 35) ("Plaintiff shall have until August 28, 2023 to complete service"); (Order, ECF No. 54) (ordering that Plaintiff "shall have until November 22, 2023 to send the U.S. Marshals Service the required Form USM-285," and setting December 11, 2023, as the deadline to serve Hunt).

In total, Plaintiff has had 437 days to complete service of process as to Defendant Hunt. Plaintiff, however, still has not completed service as to Hunt.

Plaintiff now incorrectly blames LVMPD for this delay by claiming that LVMPD did not provide Hunt's last known address to the Court as instructed.  But, because LVMPD Defendants already complied with the Court's Order to file Hunt's last known address under seal, and because Plaintiff still has until December 11, 2023, to complete service as to Hunt, the Court is well within its discretion to deny Plaintiff's Second Motion asking for more time to complete service as to Hunt.  If Plaintiff does not complete service as to Hunt by the December 11, 2023 deadline, Officer Hunt is entitled to dismissal without prejudice. *See Urenda-Bustos v. Williams*, 822 F. App'x 577, 579 (9th Cir. 2020) ("The court alerted Urenda-Bustos to this deadline and explained that he could serve Foley from prison by filing a motion requesting service, after which the court would direct the United States Marshals Service to serve Foley at his last known address, which had already been filed under seal with the court. But he never did. The court did

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3591901_1.doc  6943.289

Page 4 of 6

not err, then, in rejecting his pro se status, incarceration, or inability to personally learn Foley's address as good cause to extend the service deadline.").

### C. The Court Can Enter LVMPD Defendants' Proposed Discovery Plan and Scheduling Order So That This Case Can Proceed against Parties Who Have Been Served.

In October 2023, LVMPD Defendants circulated and attempted to receive Plaintiff's written approval on a proposed Discovery Plan and Scheduling Order.  Plaintiff, however, has not provided written approval for this Plan despite being asked twice to review and consent to dates discussed during an October 13, 2023 phone call between LVMPD Defendants' counsel and Plaintiff. **Ex. 2**, Emails between Pl. and LVMPD Defs.' Counsel (showing LVMPD Defendants' counsel proposing a Discovery Plan and Scheduling Order to Plaintiff on October 18, 2023, and following up on the proposal on October 25, 2023).  The proposed Discovery Plan and Scheduling Order is attached to this Response as **Exhibit 1**, and the Court can enter the Plan to establish a discovery schedule.

## III. CONCLUSION

For the reasons stated above, the Court should deny Plaintiff's Motions, (ECF Nos. 56, 57), and enter the proposed Discovery Plan and Scheduling Order attached as **Exhibit 1**.

DATED this 27th day of November, 2023.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
***Attorneys for LVMPD Defendants***

**Exhibit List**:
Exhibit 1: Proposed Discovery Plan and Scheduling Order
Exhibit 2: Emails between Pl. and LVMPD Defs.' Counsel

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3591901_1.doc  6943.289

Page 5 of 6

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO ISSUE SUBPOENA AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT OFFICER S. HUNT** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

| | |
|---|---|
| Mark Clifford Sykes<br>P.O. Box # 91614<br>Henderson, NV  89009<br><br>windsorsykes@yahoo.com<br>*(Via CM/ECF)*<br><br>***Plaintiff, Pro Se*** | Jason M. Frierson<br>United States Attorney<br>Virginia Tomova<br>Assistant United States Attorney<br>U.S. Department of Justice<br>501 Las Vegas Blvd. So., Suite 1100<br>Las Vegas, NV 89101<br>Virginia.tomova@usdoj.gov<br><br>***Attorneys for the United States of America*** |

DATED this 27th day of November, 2023.

                */s/ Linda Gilman*
                an employee of Kaempfer Crowell

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3591901_1.doc  6943.289

Page 6 of 6