# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mark Clifford Sykes,<br><br>        Plaintiff,<br><br>   v.<br><br>Las Vegas Metropolitan Police Department; Officer S. Hunt; Officer Smith; and National Crime Information Center,<br><br>        Defendants. | Case No. 2:21-cv-01479-RFB-DJA<br><br>**Order** |

Before the Court are Plaintiff's motions to extend time to serve Defendant Officer S. Hunt (ECF No. 56) and to issue subpoenas to LVMPD to learn Officer S. Hunt's address so that he can serve him (ECF No. 57). Plaintiff explains that, after the Court ordered LVMPD to place Hunt's last known address under seal, LVMPD failed to comply.[1] He thus seeks a thirty-day extension of time to serve Hunt and requests a subpoena to LVMPD to provide Hunt's address. LVMPD responds that it did file Hunt's last known address under seal in compliance with the Court's order. (ECF No. 59) (LVMPD's response); (ECF No. 55) (Hunt's last known address). LVMPD thus argues that the Court should deny Plaintiff's motions. Plaintiff replies that he never received notice that LVMPD filed Hunt's last known address under seal and attaches a copy of the docket sheet demonstrating that the filing did not appear when he searched it. (ECF No. 63).

The Court grants Plaintiff's motion to extend time to serve Hunt because Plaintiff has demonstrated good cause for failing to serve Hunt in the time frame the Court previously

---

[1] Plaintiff also argues that his case has been delayed and that there is not yet a scheduling order in this case. (ECF No. 56). LVMPD responds and attaches a discovery plan and scheduling order for the Court to enter. (ECF No. 59-1). In reply, Plaintiff points out that LVMPD's request is moot because the Court already entered the parties stipulated discovery plan. (ECF No. 63). Because the Court already entered the parties' stipulated discovery plan (ECF No. 61), this line of argument is moot.

provided. *See* Fed. R. Civ. P. 4(m). Specifically, Plaintiff has asserted that he did not receive notice that LVMPD placed Hunt's last known address on the docket. The Court will thus give Plaintiff thirty days from the date of this order to serve Hunt. The Court denies Plaintiff's motion for a subpoena. LVMPD has already filed Hunt's last known address on the docket, so a subpoena for this information is unnecessary.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 56) is **granted.** Plaintiff shall have until **February 20, 2024** to serve Hunt.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a subpoena (ECF No. 57) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the U.S. Marshals Service a copy of Plaintiff's complaint (ECF No. 22) and the summons issued to LVMPD Officer S. Hunt P#17602 (ECF No. 24 at 1-2).

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 20, 2024** to send the U.S. Marshals Service the required Form USM-285.[2] Plaintiff should indicate on the Form USM-285 that LVMPD has filed Hunt's last known address under seal at ECF No. 55 in *Sykes v. Las Vegas Metropolitan Police Department of Clark County Nevada, et al.*, Case No. 2:21-cv-01479-RFB-DJA. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshals Service showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

DATED: January 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form can be found online at https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return