UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK CLIFFORD SYKES, | Case No. 2:21-cv-01479-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court for consideration is Plaintiff's Motion for Default Judgment (ECF No. 46) and Defendant National Crime Information Center's Motion to Set Aside Clerks Entry of Default (ECF No. 47). For the following reasons, the Court grants the Motion to Set Aside the Entry of Default and denies the Motion for Default Judgment as moot.

## II.   BACKGROUND

On October 17, 2022, Plaintiff filed the Second Amended Complaint ("SAC"). The SAC alleges brings a Libel and "Defamation of Character" claim against Defendant Officer S. Hunt and the National Crime Information Center ("NCIC"). The SAC alleges that NCIC produced false information about Plaintiff's criminal history. The U.S. Marshals Service served the SAC on the NCIC Criminal Justice Information Services Division on May 4, 2023. The summons was signed and returned executed. NCIC has not responded in this action. Plaintiff moved for an Entry of Default on June 12 and June 13, 2023. On June 20, 2023, the Clerk entered default. On June 22, 2023, Plaintiff filed the instant Motion for Default Judgment in the amount of $4,000,000.

On July 6, 2023, the United States, on behalf of NCIC, filed a motion to set aside the Clerk's entry of default. The United States argues that it only recently learned of this matter, and it is not a party to the SAC. It also states that it has not been served under Federal Rule of Civil Procedure 4. Further, the U.S. asserts that NCIC is not an agency, but rather a computerized index of missing persons and criminal information.

On August 11, 2023, Plaintiff filed a second motion to amend his SAC in order to add the Federal Bureau of Investigations as a Defendant. His motion provided that he had "become aware that the NCIC is not an entity or person" and noted that the FBI is the party that maintains the database. ECF No. 51. The Honorable Daniel J. Albregts, United States Magistrate Judge, denied Plaintiff's motion to amend as futile, finding that Plaintiff's claims against the FBI would be barred by the doctrine of sovereign immunity. Judge Albregts further concluded that Plaintiff's motion and his amended complaint did not provide any basis for a waiver of sovereign immunity. Judge Albregts denied the motion without prejudice, finding that Plaintiff could potentially amend his complaint to provide a basis for a waiver of sovereign immunity.

### III.   LEGAL STANDARD

The entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). Defaults are generally disfavored, Eitel, 782 F.2d at 1472, and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for "good cause." In analyzing whether "good cause" exists, courts consider three factors. United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). First, "whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default." Id. "A defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." Id. at 1092. Second, "whether [it] had [no] meritorious defense." Id. at 1091. To have a meritorious defense, a defendant needs to only "allege sufficient facts that, if true, would

constitute a defense." Id. at 1094. Third, "whether reopening the default judgment would prejudice the other party." Id. Setting aside the entry of a default judgment "must result in greater harm than simply delaying resolution of the case." Id. at 1095. Consideration of these factors is "disjunctive, such that a finding that any one of them is true is sufficient reason for the district court to refuse to set aside the default" Id. at 1091 (cleaned up).

The Court's discretion to set aside entry of default "is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

**IV. DISCUSSION**

The Court concludes that there is good cause to set aside the default against the NCIC. The Court finds that NCIC is not a proper defendant because it is not a suable entity. Rather, it is a data system administered by the Federal Bureau of Investigation. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 923 (9th Cir. 2001) ("That warrant was entered into the National Crime Information Center computer system ("NCIC"), which is a national criminal records data system administered by the Federal Bureau of Investigation. NCIC contains criminal history information, including outstanding arrest warrants, and is available to police departments nationwide.") (citing 28 U.S.C. § 534). Therefore, the motion to set aside default alleges facts, which if true, constitute a meritorious defense.

Even if NCIC was an agency of the United States that could potentially be sued, the Court finds that it was not properly served pursuant to Rule 4. To serve an agency of the United States, the party must comply with Rule 4(i)(2), which requires the plaintiff to serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency. Here, there is no evidence in the record that the United States was served. "Where a clerk's entry of default was entered despite improper service of process, there is good cause to set aside the default as void." Navarrette v. Wren, No. 3:22-CV-0006-LL-AHG, 2022 WL 11128279, at *2 (S.D. Cal. Oct. 19, 2022); see, e.g., McCain v. California Highway Patrol, No. 2:11-CV-01265 KJM, 2011 WL 5169372, at *3 (E.D. Cal. Oct. 28, 2011) (collecting cases for the proposition that "a clerk's entry of default may be set aside as void when default was entered in the absence of proper service

of process").

The Court notes that the deadline for amending the complaint has passed. Therefore, if Plaintiff wishes to amend his SAC to add a new Defendant, he must file a motion under Rule 16(b). Plaintiff should refer to the Court's prior orders, including Judge Albregt's order on the motion to amend (ECF No. 54), and must identify the basis for a waiver of sovereign immunity. "Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." Mills v. United States, 742 F.3d 400, 404 (9th Cir. 2014). The party suing the United States bears the burden of identifying an unequivocal waiver of immunity. See Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Set Aside Clerk's Entry of Default (ECF No. 47) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 46) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that NCIC is **DISMISSED** from this case with prejudice.

**DATED:** March 29, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**