LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:            (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
***Attorneys for Defendants***
***Las Vegas Metropolitan Police Department***
***and Sergeant Smith***

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES, Sui Juris, <br><br> Plaintiff, <br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA, et al., <br><br> Defendants. | CASE NO.:   2:21-cv-01479-RFB-DJA <br><br> **LVMPD DEFENDANTS' REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT** <br> **[ECF No. 75]** |

Defendants Las Vegas Metropolitan Police Department and Sergeant Smith ("LVMPD Defendants"), by and through their counsel, Kaempfer Crowell, file this Reply in support of the Motion for Summary Judgment, (ECF No. 75).

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

LVMPD Defendants' Motion contains citations to legal authorities and evidence supporting summary judgment in their favor on all causes of action brought by Plaintiff Mark Sykes.  Plaintiff's Response, in contrast, does not provide any evidence.  Instead, he relies on an

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 1 of 15

1   incorrect understanding of the law, and he improperly tries to raise new claims at this summary

2   judgment stage that were not in his operative Second Amended Complaint.

3       Plaintiff's Response revolves around his incorrect belief that his arrest must have been

4   unlawful because it "lacks a necessary conviction."  An arrest does not require a conviction to be

5   valid.   Evidence—including indisputable body camera footage—establishes how Plaintiff's

6   arrest lawfully occurred, including for the crime of misusing the 9-1-1 emergency line in front of

7   an officer.  Lawfulness of the arrest wholly undermines Plaintiff's claims against LVMPD and

8   Sergeant Smith.

9       Moreover, Plaintiff failed to meet his burden of presenting any evidence to support his

10   allegations of LVMPD employing unconstitutional or discriminatory policies.  Although it is not

11   LVMPD's burden at this stage to disprove Plaintiff's allegations, LVMPD came forward with

12   undisputed evidence showing thorough efforts and written policies ensuring non-biased policing,

13   prohibiting discrimination, and strict adherence to the law.

14       For all these reasons stated in LVMPD Defendants' Motion and this Reply, the Court

15   should grant summary judgment in LVMPD Defendants' favor and close this case.

16   **II.    ARGUMENT**

17       **A.    Plaintiff's Second Amended Complaint Does Not Contain a Stand-Alone
            Claim for "Violation of the Right to Travel" against An LVMPD Defendant,**

18       **and He Cannot Assert a New Claim at the Summary Judgment Stage.**

19       Plaintiff's Response contains a stand-alone section regarding a "Violation of Right to

20   Travel." (Resp. at 7, ECF No. 77).   This is a unique theory of liability grounded in the

21   fundamental right to move between States and within States. *Miller v. Reed*, 176 F.3d 1202, 1205

22   (9th Cir. 1999) ("The Supreme Court has recognized a fundamental right to interstate travel.").

23       But, Plaintiff's Second Amended Complaint did not assert a cause of action based on the

24   fundamental right to travel freely.  He cannot assert such a new claim for relief at the summary

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 2 of 15

1    judgment stage. *See, e.g.*, *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th

2    Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out

3    inadequate pleadings."); *IV Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, No. CV 13-9026-

4    GW(AJWX), 2015 WL 12843822, at *14 (C.D. Cal. Jan. 29, 2015) (collecting cases and

5    explaining that "[a]llowing a plaintiff (or defendant) to allege one theory, but then pursue relief

6    on an entirely different theory at summary judgment and trial, is inconsistent with the Federal

7    Rules."); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) ("Thus, the

8    complaint gave the Appellees no notice of the specific factual allegations presented for the first

9    time in Pickern's opposition to summary judgment.").[1]

10   Further, to the extent Plaintiff's "Right to Travel" theory is based on the stop of his

11   vehicle for a suspected traffic violation, this is not a valid theory of liability because there is not

12   a fundamental right to operate a motor vehicle. *Andreaccio v. Weaver*, 674 F. Supp. 3d 1011,

13   1021–22 (D. Nev. 2023) ("So, to the extent that Andreaccio's claims are grounded in a violation

14   of the constitutional right to travel or his belief that he doesn't need a license or registration to

15   drive on public roads, they fail as a matter of law."); *Augmon v. Pennsylvania*, No. CV 22-1466,

16   2022 WL 16966723, at *3 (W.D. Pa. Oct. 25, 2022), *report and recommendation adopted*, No.

17   222CV01466CCWPLD, 2022 WL 16963926 (W.D. Pa. Nov. 16, 2022) ("Thus, merely because

18   Plaintiff's vehicle was stopped and towed (because he did not have proper registration) does not

19   mean that his constitutional right to travel was impeded.").  In fact, courts consider this type of

20   argument to be a "frivolous" legal theory. *See Berry v. City of St. Louis*, No. 4:21-CV-685 RLW,

21   ────────────────────

22   [1] *See also Gould v. Trinity Servs. Grp., Inc.*, No. 2:21-cv-00045-CDS-NJK, 2023 WL 7042591, at *6 (D. Nev. Oct. 24, 2023) ("Thus, while I liberally construe pro se pleadings, I will not consider new allegations raised for the first time at summary judgment."); *Villery v. Jones*, No.

23   1:15-cv-01360-ADA-HBK-PC, 2023 WL 5934675, at *13 (E.D. Cal. Sept. 12, 2023) ("An argument based on new factual bases, akin to one based on new legal theories, is improperly

24   raised at the summary judgment stage.").

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

2021 WL 4191612, at *5 (E.D. Mo. Sept. 15, 2021) ("Courts have routinely denied sovereign citizen claims based on a right to travel.").

If Plaintiff's "Right to Travel" theory is simply a restatement of his "Count 1" arising under the Fourth Amendment concerning allegations of being stopped without reasonable suspicion and arrested without probable cause, his theory fails on its merits as explained in the Motion for Summary Judgment and this Reply.  Plaintiff does not have an actionable claim against LVMPD Defendants when considering the undisputed evidence and the applicable precedent cited in LVMPD Defendants' Motion.

**B.      Plaintiff's Second Amended Complaint Does Not Contain a "Defamation and False Information" Claim against An LVMPD Defendant, and He Cannot Assert This Claim against Them at the Summary Judgment Stage.**

Plaintiff cannot proceed past summary judgment with his Count 2 of "Defamation and False Information" against parties who were not expressly named as defendants for Count 2 in the operative Second Amended Complaint.  With Count 2, he named only Officer Hunt in his "individual capacity" and the National Crime Information Center ("NCIC"). (Sec. Am. Compl. ¶¶ 6, 78–85, ECF No. 22).  Hunt is subject to dismissal for not being served, (Report and Recommendation ("R&R"), ECF No. 73), and the Court already dismissed NCIC from the case, (Order, ECF No. 66).

Because Count 2 did not name LVMPD or Sergeant Smith—the only remaining defendants at this stage—this claim cannot proceed against them on summary judgment.  The Court does not need to analyze Count 2, as it is not pleaded against any active defendant at this stage.

**C.      Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails on Its Merits Because No Evidence Shows Malicious Misconduct by an Officer and Plaintiff Failed to Present Any Evidence of Suffering Emotional Distress.**

Plaintiff had the burden on summary judgment to come forward with evidence

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 4 of 15

1   establishing each element to his claim for Intentional Infliction of Emotional Distress ("IIED")

2   arising under Nevada law. *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999)

3   (en banc).  This burden includes presenting evidentiary proof that he suffered severe emotional

4   distress caused by an LVMPD Defendant's conduct.  Failure to present such proof of distress is,

5   by itself, grounds for the Court to grant summary judgment against Plaintiff. *Quinn v. Thomas*,

6   No. 2:09-cv-00588-KJD, 2010 WL 3021795, at *6 (D. Nev. July 28, 2010) ("Because Plaintiff

7   has not raised a genuine issue of material fact regarding extreme and outrageous conduct or

8   sufficiently established that he experienced severe emotional distress, the Court grants summary

9   judgment on Plaintiff's IIED claim against LVMPD."); *Larsen v. City of Henderson*, No. 2:06-

10  cv-00153-RLH-RJJ, 2007 WL 1703459, at *3 (D. Nev. June 11, 2007) (granting summary

11  judgment in the defendants' favor with an IIED claim because "Plaintiff has not submitted any

12  additional or alternative evidence to show that he suffered severe emotional distress").

13       Here, the Court should grant summary judgment in LVMPD Defendants' favor with

14  Plaintiff's IIED claim because Plaintiff provided no evidence to support it.  He did not present

15  any medical records showing that he suffered emotional distress.  Nor did he present expert

16  testimony establishing causation related to LVMPD Defendants' actions.  His pleading

17  allegations and arguments in briefing are not evidence that could create a dispute of fact to avoid

18  summary judgment. *Wilson v. JPMorgan Chase Bank, N.A.*, No. 20-36011, 2022 WL 17335811,

19  at *1 (9th Cir. Nov. 30, 2022) ("Neither the Wilsons' pleading nor their arguments in their briefs

20  are competent evidence to oppose summary judgment." (citing *Anderson v. Liberty Lobby*, 477

21  U.S. 242, 248 (1986)); *Douris v. City of Henderson*, No. 2:22-cv-00371-CDS-EJY, 2023 WL

22  4421409, at *8 (D. Nev. July 10, 2023) ("And courts may only rely on the evidence that the

23  parties put in front of them."); *Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 260 (1st Cir. 2001)

24  ("[S]ummary judgment decisions ... often turn[ ] on the surprising failure by one party or the

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

1   other to proffer any significant evidence in favor of their position.").

2      Regardless, all evidence undermines his IIED claim on its merits.  Evidence establishes

3   that officers' actions were rooted in a good-faith investigation and lawful arrest based on a crime

4   committed in front of an officer—not malicious conduct.  As a result, the Court should grant

5   summary judgment in LVMPD Defendants' favor.

6      **D.      The Court Should Grant Summary Judgment in LVMPD Defendants' Favor
             with Plaintiff's "Count 1" Because Body Camera Footage Establishes the
7            Lawful Basis for Arresting Plaintiff.**

8      Plaintiff's "Count 1" proceeds under 42 U.S.C. § 1983 and names only Defendants Hunt

9   and Smith in it. (Sec. Am. Compl. at 13, ECF No. 22).  But, the Court does not have jurisdiction

10  over Officer Hunt because Plaintiff never served Hunt. *Lawrence v. Las Vegas Metro. Police*

11  *Dep't*, 451 F. Supp. 3d 1154, 1165 (D. Nev. 2020) ("A federal court is without personal

12  jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4 of

13  the Federal Rules of Civil Procedure." (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.

14  1986))).   As discussed in Judge Albregts's unopposed Report and Recommendation, the

15  circumstances support dismissing Officer Hunt at this late stage under Federal Rule of Civil

16  Procedure 4 based on Plaintiff's failure to serve him with this case. (R&R, ECF No. 73)

17  ("[G]iven Plaintiff's inability to serve Hunt despite the Court's repeated extensions and

18  instructions and Plaintiff's ability to rely on the United States Marshals Service, it is not clear

19  that Plaintiff will eventually be able to serve Hunt. The Court thus recommends denying

20  Plaintiff's motion for an extension of time to serve Officer Hunt and recommends dismissing

21  Plaintiff's claims against Officer Hunt without prejudice.").

22     Consequently, the Court's analysis of Plaintiff's "Count 1" at this summary judgment

23  stage revolves only around actions taken or explicitly approved by Sergeant Smith.  In other

24  words, it would be legal error for the Court to allow Count 1 to proceed against Sergeant Smith

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 6 of 15

1    based on actions taken by Officer Hunt that Smith did not authorize. *See* (Mot. Summ. J. 11:22–

2    13:6, ECF No. 75) (collecting cases and explaining that, to hold a named official liable under

3    § 1983, the named official must have personally participated in the conduct that violated a

4    citizen's constitutional rights).

5        So, while Plaintiff spends a majority of his arguments in the Response about whether

6    Officer Hunt lawfully pulled him over for having a headlight out or lawfully searched his car,

7    those arguments cannot influence the Court's decision on summary judgment as to Count 1

8    against Sergeant Smith because Smith was not on scene during the stop, did not authorize the

9    initial traffic stop, and did not authorize a search of Plaintiff's car.[2]

10        Plaintiff's Count 1 is not viable against Sergeant Smith as explained in the Motion for

11   Summary Judgment and below in this Reply.

12              **1.    *Plaintiff's "Count 1" Fails against Sergeant Smith On Its Merits
                        Because Sergeant Smith Lawfully Approved of Plaintiff's Arrest
13                      Based on Information Given to Smith.***

14        Plaintiff does not dispute that Sergeant Smith was not on scene during the at-issue

15   incident.   Likewise, there is no dispute that Sergeant Smith's conduct involved merely (1)

16   authorizing a traffic citation of Plaintiff based on Officer Hunt stating that Plaintiff drove with an

17   inoperable headlight[3]; and (2) authorizing Hunt's arrest of Plaintiff for misusing 9-1-1 during the

18   traffic stop. (LVMPD Defs.' MSJ 7:10–8:19, ECF No.75) (discussing Smith's involvement).

19        These actions by Sergeant Smith were wholly lawful.   Body camera footage shows

20

21   [2] To be clear, Officer Hunt's actions were lawful as shown on body camera footage.  LVMPD
     Defendants do not concede that any part of Hunt's actions were unlawful or erroneous.

22
     [3] As discussed in the Motion for Summary Judgment, Sergeant Smith could take what Officer
23   Hunt said as true and rely on that statement. (LVMPD Defs.' MSJ 13:21–14:6, 14:15–24, ECF
     No. 75).   Whether Officer Hunt was ultimately mistaken about the headlights is irrelevant to
24   whether Sergeant Smith could rely on Hunt's statements as Hunt said them.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

1   Plaintiff committing the crime of misusing 9-1-1 by calling this emergency line to report

2   Plaintiff's disagreement with Officer Hunt's actions on scene. **Ex. B** to LVMPD Defs.' MSJ,

3   Body Camera Footage, Video 467-7 at 13:00–14:30.  This non-emergency use of an emergency

4   call line violated Nevada Revised Statute 207.245.  The lawful basis for Plaintiff's arrest means

5   that his Count 1 fails on its merits at this summary judgment stage against Smith. *Atwater v. City*

6   *of Lago Vista*, 532 U.S. 318, 354, (2001) ("If an officer has probable cause to believe that an

7   individual has committed even a very minor criminal offense in his presence, he may, without

8   violating the Fourth Amendment, arrest the offender.").

9          Rather than presenting evidence to overcome summary judgment, Plaintiff's Response

10  relies on the incorrect argument that his arrest must have been unlawful because the resulting

11  criminal charges were dismissed and there was not a conviction that "preced[ed]" the arrest.

12  (Resp. at 3, ECF No. 77).  Plaintiff's arguments are wrong as a matter of law.

13         The absence of a conviction does not support Plaintiff's Count 1.  Indeed, an arrest does

14  not become invalid if there is not an ultimate conviction. *E.g. Parker v. Washington*, No. C21-

15  5258 BHS, 2023 WL 4561116, at *7 (W.D. Wash. July 17, 2023) (explaining how the probable

16  cause standard for an arrest "is a much lower standard than the beyond a reasonable doubt

17  standard required to convict"); (Resp. at 6, 7, ECF No. 77).  Similarly, dismissal of criminal

18  charges does not render an earlier arrest invalid:

19
20         The fact that the criminal charges against Plaintiff were later dismissed does not
       mean that the Defendants did not have reasonable suspicion to detain Plaintiff or
       probable cause to search his vehicle and arrest him. Criminal charges may be
21     dismissed for a variety of reasons, including the prosecutor's belief that charges
       cannot be proven beyond a reasonable doubt or because a material witness is
22     unavailable to testify at trial.

23  *Barren v. Coloma*, No. 2:11-cv-00653-KJD, 2012 WL 1190838, at *2 (D. Nev. Apr. 10, 2012)

24         Finally, Plaintiff argues that he should have received just a citation for misusing 9-1-1,

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 8 of 15

1    (Resp. at 3, ECF No. 77).   This argument fails under the law.   LVMPD Defendants could

2    lawfully arrest Plaintiff for committing the crime of misusing 9-1-1 or failing to register his

3    current address as a convicted felon. *See Atwater*, 532 U.S. at 354 (noting that if an officer has

4    probable cause to believe that an individual has committed "even a very minor criminal offense

5    in his presence," then it does not violate the Fourth Amendment for the officer to arrest the

6    individual).   There was no requirement to merely give Plaintiff a citation for his criminal offense.

7          Because Sergeant Smith lawfully authorized Plaintiff's arrest based on information about

8    his criminal violations, the Court should grant summary judgment in Sergeant Smith's favor with

9    Plaintiff's Count 1.

10

11   **2.     *Qualified Immunity Bars Plaintiff's "Count 1" against Sergeant Smith.***

12         Plaintiff had a specific burden on summary judgment in order to overcome Sergeant

13   Smith's qualified immunity defense.   That is, Plaintiff had to come forward with a "body of

14   relevant case law" analyzing the "particular" facts like those surrounding Plaintiff's incident and

15   holding that an official who acted as Sergeant Smith did violated the Fourth Amendment.

16   *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021).   Plaintiff did not meet that burden

17   because he did not present any case in place at the time of his arrest where an officer acted as

18   Sergeant Smith did and was found to have violated the Fourth Amendment.

19         The few cases that Plaintiff cites have no relationship to Sergeant Smith's actions and do

20   not show Sergeant Smith's actions as being a violation of the Constitution.   For example,

21   Plaintiff cited *Rodriguez v. United States*, 575 U.S. 348 (2015), and *United States v. Evans*, 786

22   F.3d 779, 786 (9th Cir. 2015).   These cases are inapplicable to Sergeant Smith because they

23   involved the legal question of whether officers can prolong a traffic stop to conduct a dog sniff

24   test for drug possession, whereas Plaintiff's circumstances did not involve Sergeant Smith

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 9 of 15

1   ordering a dog sniff test or authorizing a delay to a traffic stop in order to conduct an unrelated

2   criminal investigation into Plaintiff.

3           *Rodriguez* and *Evans* provide no insight into how an officer in Sergeant Smith's position

4   should act—specifically, an officer who is not on scene but authorizes an arrest of a person after

5   being told by a fellow officer that the person committed the crime of misusing an emergency

6   phone line for a non-emergency purpose in front of the acting officer.[4]  As a result, *Rodriguez*

7   and *Evans* do not provide a basis for the Court to bypass Smith's qualified immunity defense and

8   find that Sergeant Smith violated clearly established law by acting as he did.

9
10          **E.       Plaintiff Did Not Plead a *Monell* Claim against LVMPD and, Regardless,
                        This Theory Fails as a Matter of Law Because No LVMPD Official Violated
                        His Constitutional Rights and There Is No Evidence that LVMPD Employed
11                      Unconstitutional Policies, Customs, or Procedures.**

12          Plaintiff's Second Amended Complaint did not expressly name LVMPD itself in "Count

13  1." (Sec. Am. Compl. at 13, ECF No. 22) (containing the caption to Count 1 and referencing just

14  "Defendants Officer S. Hunt, and Officer Smith").  But, even if the Court construed Plaintiff's

15  Count 1 as containing a portion asserting a claim against LVMPD itself, this type of claim must

16  proceed through a legal theory known as a *Monell* claim.  Such a theory of liability fails on its

17  merits at this summary judgment stage for two independent reasons: (1) LVMPD did not employ

18  unconstitutional policies or procedures; and, regardless, (2) no officer violated Plaintiff's

19  constitutional rights.

20          **1.       *No Evidence Supports a* Monell *Claim against LVMPD.***

21          Plaintiff's Response did not present any evidence to support a *Monell* claim against

22  LVMPD.  His failure to present *any* evidence is a stand-alone reason to grant summary judgment

23  _____

24  [4] Plaintiff also cited *Doe v. Taylor Independent School District*, 15 F.4th 261 (5th Cir. 2021).
    But the undersigned's research did not find this case.  This decision does not appear to exist.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 10 of 15

1    in LVMPD's favor.

2        Moreover, Plaintiff's Response reveals how his theory of liability is incorrect as a matter

3 of law.  He relies on his own arrest and speculates that this one incident is sufficient to show that

4 LVMPD must have had unconstitutional policies and procedures.  Case law consistently holds

5 that a plaintiff cannot bring a *Monell* claim by relying on his or her own single incident and

6 broad speculation that there must have been unconstitutional policies because this one incident

7 occurred or officers were not disciplined afterward. *Hodges v. Las Vegas Metro. Police Dep't*,

8 No. 2:13-cv-2014-JCM-NJK, 2016 WL 4697340, at *8 (D. Nev. Sept. 6, 2016) ("It is well

9 settled in the Ninth Circuit that a plaintiff can not establish a de facto policy with a single

10 constitutional violation. Instead, a plaintiff's theory must be founded upon practices of sufficient

11 duration, frequency and consistency that the conduct has become a traditional method of carrying

12 out policy.") (internal citations and quotations omitted); *Diggs v. Las Vegas Metro. Police Dep't*,

13 No. 2:09-cv-02339-RLH, 2015 WL 3994926, at *9 (D. Nev. June 30, 2015) ("The Ninth Circuit

14 has held that the mere failure to discipline officers who have been accused of unconstitutional

15 conduct, without more, does not amount to ratification of the allegedly unconstitutional

16 actions.").[5]

17        Besides, LVMPD has come forward with evidence conclusively disproving any *Monell*

18 theory against LVMPD.  As discussed in LVMPD Defendants' Motion for Summary Judgment,

19 LVMPD had exhaustive policies and training measures to prevent biased policing and

20 discrimination. (LVMPD Defs.' MSJ 19:8–20:16, ECF No. 75).  Because this evidence stands

21 uncontroverted at this stage, the Court should grant summary judgment to LVMPD.

---

[5] *See also Calhoon v. City of S. Lake Tahoe*, No. 2:19-cv-02165-KJM-JDP, 2020 WL 5982087, at *5 (E.D. Cal. Oct. 8, 2020) ("Rather, courts generally only are willing to infer an unconstitutional policy or custom when the plaintiff provides multiple incidents of prior, similar conduct, as opposed to the one previous incident plaintiff alleges here.").

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 11 of 15

1

**2.      *No Officer Violated Plaintiff's Constitutional Rights.***

2

In order to proceed with a *Monell* claim, Plaintiff not only has the burden to show

3

unconstitutional policies and procedures but also that he suffered a violation of his constitutional

4

rights because of those policies and procedures. *E.g. Lockett v. Cnty. of Los Angeles*, 977 F.3d

5

737, 741 (9th Cir. 2020) ("*Monell* claims thus require a plaintiff to show an underlying

6

constitutional violation."). Just as with Plaintiff's Count 1 against Sergeant Smith, Plaintiff's

7

Response attempts to prop up a claim against LVMPD by arguing that a violation to his

8

constitutional rights occurred through a prolongation of the traffic stop and an arrest "without the

9

required conviction." He is wrong on both points.

10

As discussed above, an arrest does not require a conviction to be valid. Body camera

11

footage shows Plaintiff committing the crime of misusing 9-1-1 on scene in front of Officer

12

Hunt. So there can be no dispute of fact or law that Sykes's arrest lawfully occurred for

13

committing a crime on scene. *See Hernandez v. Town of Gilbert*, 989 F.3d 739, 743 (9th Cir.

14

2021) ("[W]e do not accept a non-movant's version of events when it is "clearly contradict[ed]"

15

by a video in the record."); *Mason v. Las Vegas Metro. Police Dep't*, 754 F. App'x 559, 560 (9th

16

Cir. 2019) ("Where, as here, there is a videotape of the event in question, we must view[ ] the

17

facts in the light depicted by the videotape.") (internal quotations omitted).

18

Further, body camera footage proves there was not an unconstitutional prolongation of

19

the stop.[6]   Officer Hunt could lawfully conduct a traffic stop based on his perspective that

20

_____

21

[6] Plaintiff did not present any evidence of LVMPD employing unconstitutional policies or procedures to unnecessarily prolong traffic stops. Indeed, he provided no evidence of repeated past instances where individuals experienced an unconstitutionally prolonged traffic stop by

22

LVMPD officers—certainly not widespread and recurring prolonged stops that are required to sustain a *Monell* claim. Accordingly, in addition to not showing a violation of his rights, he does

23

not have a valid *Monell* claim at this stage against LVMPD based on a theory of officers prolonging traffic stops because he presents no evidence of such action being an established

24

"policy" within LVMPD.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

Page 12 of 15

1    Plaintiff had a headlight out.  Even if Hunt were ultimately mistaken on a headlight being out,

2    Hunt could still lawfully conduct a traffic stop to investigate. *See United States v. King*, 244 F.3d

3    736, 739 (9th Cir. 2001) ("[A]n officer's correct understanding of the law, together with a good-

4    faith error regarding the facts, can establish reasonable suspicion.").  Hunt could also ask for

5    Plaintiff's identification and conduct a records check as part of this routine traffic stop.

6    *Rodriguez*, 575 U.S. at 355 (explaining that, beyond "determining whether to issue a traffic

7    ticket," an officer's ordinary inquiries incident to the traffic stop lawfully include "checking the

8    driver's license, determining whether there are outstanding warrants against the driver, and

9    inspecting the automobile's registration and proof of insurance").

10          This stop's duration became longer only because Plaintiff initially argued with Hunt

11   about providing Plaintiff's name and, after Plaintiff did, Plaintiff elected to commit a crime in

12   front of Officer Hunt—namely, misusing 9-1-1—as Officer Hunt conducted a standard records

13   review inherently permissible with a traffic stop. **Ex. B** to LVMPD Defs.' MSJ, Body Camera

14   Footage, Video 467-7 at 9:00–16:00.  Altogether, case law condones each step that officers took

15   during this incident.  Since no officer violated Plaintiff's constitutional rights, a *Monell* theory of

16   liability cannot proceed against LVMPD in this case.

17          **F.      The Court Should Grant Summary Judgment to LVMPD with Plaintiff's
18                    Count 5 Arising under Title VI of the Civil Rights Act Because There Is No
                      Evidence of Racial Discrimination by LVMPD During Plaintiff's Detention
19                    Or Arrest.**

20          Plaintiff's Response presents only four sentences about his Count 5 alleging racial

21   discrimination in violation of Title VI.  None of these sentences reveal a viable claim.

22          Plaintiff's central argument is that officers must have discriminated against him because

23   he is an "African American man" who was subject to a prolonged stop and arrest.  But, as

24   discussed above and in the Motion for Summary Judgment, Plaintiff was lawfully arrested for

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

1   misusing 9-1-1 in front of an officer as well as failing to register his address as a convicted felon.

2   And, he was not subject to an unconstitutionally prolonged stop.

3          Moreover, Plaintiff being an "African American man" does not mean that the stop and

4   arrest occurred for discriminatory reasons.  Courts have repeatedly rejected this same position

5   that Plaintiff takes, as this Court should by granting summary judgment in LVMPD Defendants'

6   favor. (LVMPD Defs.' MSJ 24:14–25:21, ECF No. 75) (citing cases holding that a plaintiff's

7   "subjective belief that a defendant's conduct is motivated by discriminatory intent is not

8   sufficient to defeat summary judgment").

9   **III.    CONCLUSION**

10         Plaintiff did not come forward with any evidence to support his causes of action against

11   the remaining Defendants.  LVMPD Defendants, by contrast, came forward with evidence that

12   undermines each of his claims on the merits.  For the reasons stated in LVMPD Defendants'

13   Motion and this Reply, the Court should enter summary judgment in LVMPD Defendants' favor.

14         DATED this 15th day of August, 2024.

15                                KAEMPFER CROWELL

16

17   By:    /s/ Lyssa S. Anderson
           LYSSA S. ANDERSON (Nevada Bar No. 5781)
           KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
18         1980 Festival Plaza Drive, Suite 650
           Las Vegas, Nevada  89135
19
           ***Attorneys for Defendants***
20         ***Las Vegas Metropolitan Police Department***
           ***and Sergeant Smith***

21

22

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289

**CERTIFICATE OF SERVICE**

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I

caused the foregoing **LVMPD DEFENDANTS' REPLY IN SUPPORT OF THE MOTION**

**FOR SUMMARY JUDGMENT [ECF No. 75]** to be served via CM/ECF and/or First Class

Mail (where indicated) addressed to the following:

Mark Clifford Sykes
P.O. Box 674
Russellville, AR  72801

windsorsykes@yahoo.com
*(Via CM/ECF)*

***Plaintiff, Pro Se***

DATED this 15th day of August, 2024.

/s/
an employee of Kaempfer Crowell

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3794377_1.doc  6943.289