LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*
*and Sergeant Smith*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES, Sui Juris, <br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA, et al.,<br><br>Defendants. | CASE NO.: 2:21-cv-01479-RFB-DJA <br><br>**LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**<br>**[ECF Nos. 79, 80]** |

Defendants Las Vegas Metropolitan Police Department and Sergeant Smith ("LVMPD Defendants"), by and through their counsel, Kaempfer Crowell, file this Response in opposition to Plaintiff Mark Sykes's Motion for Leave to File a Surreply, (ECF Nos. 79, 80).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    ARGUMENT**

"Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Escobedo-Gonzalez v. Kerry*, No. 2:15-cv-1687-JCM-PAL, 2018 WL 4778031, at

*2 (D. Nev. Oct. 3, 2018). Surreplies are proper only when a movant's reply brief raises new evidence or new arguments that the non-movant could not have fairly addressed in a response through the normal course of briefing established in Local Rule 7-2. *See* D. Nev. Local Rule 7-2.

Here, LVMPD Defendants did not assert new evidence in their Reply supporting summary judgment. Nor did LVMPD Defendants raise new arguments that Plaintiff could not have fairly addressed in his Response. Plaintiff's Motion seeking leave to file a Surreply[1] is merely an improper attempt to get the last word on issues. That strategy violates this District's Local Rules and warrants denying Plaintiff's Motion for Leave to File a Surreply in full. *Escobedo-Gonzalez*, No. 2:15-cv-1687-JCM-PAL, 2018 WL 4778031, at *2 (D. Nev. Oct. 3, 2018) ("Courts in this district have held that the '[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . . .'" (quoting *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014)).

The below discussion concerning each of Plaintiff's arguments in his proposed Surreply reveals both that Plaintiff has previously raised these arguments in prior briefing and that the now-repeated arguments are meritless.

**1.   Misuse of 9-1-1**

LVMPD Defendants explained in their Motion for Summary Judgment that Plaintiff violated Nevada criminal law by calling 9-1-1 for a non-emergency purpose of voicing disagreement with the acting officer on the scene, Officer Hunt. (LVMPD Defs.' Mot. Summ. J. ("MSJ") 14:7–16:4, ECF No. 75) (explaining how Nevada law defines an emergency for

---

[1] Plaintiff filed two Motions seeking leave to file a Surreply, ECF Nos. 79 and 80. These filings appear duplicative. LVMPD Defendants' Response accordingly addresses the filings as one and cites to just ECF No. 80 when referencing Plaintiff's arguments.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3820745_1.doc  6943.289

Page 2 of 9

purposes of calling 9-1-1 as, for example, "a situation in which immediate intervention is necessary to protect the physical safety of a person or others from an immediate threat of physical injury or to protect against an immediate threat of severe property damage," which does not include a citizen's disagreement with the basis for a traffic stop as that traffic stop is proceeding).

Plaintiff's Surreply merely disagrees with LVMPD Defendants' arguments and asserts that he was "asserting his right to a supervisor." (Pl.'s Surreply at 2, ECF No. 80). He already voiced that meritless position in his Response, (ECF No. 77); he does not need a Surreply to do it again.

## 2.    Qualified Immunity

Plaintiffs' Surreply makes the same argument raised in his Response claiming that Sergeant Smith should be civilly liable because he "authorized the arrest [of Plaintiff] without investigating the facts independently or verifying the basis for the arrest." (Surreply at 2, ECF No. 80). At the outset, Plaintiff does not need a Surreply to make this argument. He already did so in his Response, and LVMPD Defendants fairly addressed it in their Motion as well as Reply. Plaintiff's attempt to get the last word on the issue is improper. *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) ("Filing of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue—even where, as here, the filer is proceeding pro se.").

Regardless, no law requires a sergeant who is not on scene to distrust an on-scene officer's report of criminal conduct then independently verify the facts reported by the officer. Nor does the law require an off-scene sergeant to independently investigate the basis for an arrest when a subordinate, on-scene officer reports criminal actions performed in the officer's presence. The law permits supervising officers to take another officer's statements as true and act

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3820745_1.doc  6943.289

Page 3 of 9

accordingly. (LVMPD Defs.' MSJ 13:21–14:6, ECF No. 75).

Here, Officer Hunt accurately reported to Sergeant Smith that Plaintiff called 9-1-1 during a traffic stop, and Plaintiff did so for the non-emergency purpose of complaining about Hunt's basis for conducting the traffic stop and wanting a supervisor. Hunt's reported information established Plaintiff's conduct in violation of Nevada Revised Statute 207.245, which prohibits the use of 9-1-1 for a non-emergency purpose. Sergeant Smith then lawfully authorized Hunt to arrest Plaintiff based on the reported information: Plaintiff committed a criminal act in Hunt's direct view on scene, as captured on body camera footage.

### 3. Right to Travel

Plaintiff's Surreply argues that it was "clearly false" and "incorrect" for LVMPD Defendants to argue in their Reply that Plaintiff's operative Second Amended Complaint did not assert a viable "Right to Travel" claim under the Fourteenth Amendment. At the outset, Plaintiff should not be using a Surreply for this argument. He already made this argument in his Response. (Pl.'s Resp. at 7, ECF NO. 77). LVMPD Defendants fairly addressed it in the Reply. (LVMPD Defs.' Reply 2:17–4:8, ECF No. 78) (arguing that Plaintiff's Second Amended Complaint does not contain a stand-alone claim against an LVMPD Defendant for "violation of the right to travel," and he cannot assert such a new, stand-alone claim at the summary judgment stage). Plaintiff's Surreply is, again, an improper attempt to get the last word on an issue and not allowed by this District's Local Rules.

Moreover, Plaintiff's argument is wrong. There is not a stand-alone claim based on a "Right to Travel" in this case because Plaintiff's allegations concern a traffic stop and arrest. (*Id.*). These types of allegations concern the Fourth Amendment's prohibition on unreasonable searches and seizures, not a due process right under the Fourteenth Amendment to travel. (*Id.*). As courts have consistently discussed, the circumstance Plaintiff uses as the basis for this case

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3820745_1.doc  6943.289

Page 4 of 9

concerns the Fourth Amendment; there is no viable theory based on a "Right to Travel" under the Fourth Amendment—certainly no violation of that right based on the evidence here. (*Id.*).

### 4.  Traffic Enforcement Policies

Plaintiff's Surreply raises arguments claiming that officers' conduct violated LVMPD's own policies. (Pl.'s Surreply at 3, ECF No. 80).  His arguments are not only an improper attempt to have the last word on an issue but also irrelevant.  Plaintiff's arguments are irrelevant because his claims concern alleged violations of his federal constitutional rights, federal statutes, and a Nevada common law claim for Intentional Infliction of Emotional Distress.  A municipal police agency's internal policies regarding traffic enforcement do not create the legal standard for evaluating whether civil liability can occur.  Stated differently, civil liability depends on the general standard of care owed under the law; internal policies do not define this general standard. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (explaining that violations of "state departmental regulations," without more, "do not establish a federal constitutional violation"); *Nailing v. Navarro*, No. 2:19-cv-08897-AB-JC, 2021 WL 6102527, at *9 n.10 (C.D. Cal. Nov. 18, 2021), *report and recommendation adopted*, No. 2:19-cv-08897-AB-JC, 2022 WL 93931 (C.D. Cal. Jan. 10, 2022) ("[P]laintiff cannot state a due process claim, or any other viable Section 1983 claim, based simply on defendants' alleged violations of departmental policies.").

Besides, as explained throughout LVMPD Defendants' Motion for Summary Judgment and Reply, no officer violated LVMPD's policies on traffic stops.  Officer Hunt validly pulled Plaintiff over for a suspected headlight being out while driving at night, Officer Hunt validly went to check Plaintiff's name in available records for outstanding warrants as a lawful activity in a routine traffic stop, then Plaintiff committed a crime in Officer Hunt's presence by calling 9-1-1 for a non-emergency purpose of voicing a complaint against Hunt and disagreement with Hunt's basis for the stop.  This straightforward legal analysis bars Plaintiff's claims at this stage.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3820745_1.doc  6943.289

Page 5 of 9

### 5.   A *Monell* Claim

Plaintiff's Surreply recognizes how it is merely re-asserting the same arguments already raised in earlier briefing about his attempt to bring a *Monell* claim against LVMPD. Plaintiff's Surreply highlights his belief that he already "provided ample evidence to support a *Monell* claim" through evidence of how he made a complaint about Officer Hunt's actions to LVMPD and was unlawfully arrested. (Pl.'s Surreply at 4, ECF No. 80). He made essentially the same arguments in his Response. (Pl.'s Resp. at 5–6, ECF No. 77).

Plaintiff's Surreply is an improper, unnecessary filing that wrongly drains the Court's limited resources so Plaintiff can have the last word on an issue. LVMPD Defendants' Motion for Summary Judgment and Reply defeat Plaintiff's position by explaining how (1) Plaintiff did not assert a *Monell* claim in his governing pleading and, thus, cannot raise one on summary judgment for the first time; (2) Plaintiff cannot support a *Monell* claim by citing to his own arrest, because his own incident cannot serve as evidence of unconstitutional policies and procedures existing at the time of that arrest as required for a *Monell* claim; and (3) LVMPD's actual written policies, procedures, and training of officers establish constitutional efforts to conduct lawful traffic stops and arrests of citizens, thus barring a *Monell* claim on the merits. (LVMPD Defs.' Reply 6:6–9:9, 10:9–13:16, ECF No. 78); (LVMPD Defs.' Mot. Summ. J. 17:14–21:12, ECF No. 75).

### 6.   Misuse of 9-1-1

Plaintiff's Surreply at pages 4 to 5 establish the improper purpose of this filing. His Surreply re-emphasizes the arguments "as presented in his opposition to defendants [sic] motion for summary judgment." (Pl.'s Surreply at 5, ECF No. 80). Plaintiff goes as far as "reiterate[ing] and incorporate[ing] by reference in its entirety" his Response. (*Id.*). In doing so, Plaintiff establishes the basis to deny his request to file a Surreply.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3820745_1.doc  6943.289

### 7. Duration of the Traffic Stop

Plaintiff's Surreply improperly re-hashes an argument about "prolongation" of the traffic stop, which Plaintiff already addressed in his Response through the normal course of briefing at the summary judgment stage. The Court should deny his request to file the Surreply and ignore the repeated arguments in it.

LVMPD Defendants' Reply appropriately addressed how there was not an unconstitutional prolongation of the traffic stop, especially not in violation of clearly established law. (LVMPD Defs.' Reply 9:10–10:8, 12:1–14:8 ECF No. 78); (Pl.'s Resp. at 3–4, ECF No. 77). So, Plaintiff's arguments on this theory in his Response fail on their merits. And, not only does Plaintiff's legal theory fail on its merits, Plaintiff cannot proceed with such a theory because it concerns Officer Hunt—who is not an active defendant in this case due to earlier dismissal.

### 8. Arrest Records and Plaintiff's Identity

Plaintiff's Surreply argues, without citation to briefing, that LVMPD Defendants improperly attributed someone else's arrest records to Plaintiff when reciting Plaintiff's criminal history. Plaintiff appears to be referring to the criminal database records cited in LVMPD Defendants' Motion for Summary Judgment—which show Plaintiff, not some other person, as having a criminal history involving at least one felony and recent misdemeanor citations from June 3, 2018, for "Headlamps not Illuminated When Required" in Henderson and a "Rear License Plate Lamp Violation" in July 2018. (Exs. I, J to LVMPD Defs.' MSJ, ECF No. 75).

Plaintiff could fairly address these records through his Response because LVMPD Defendants provided them as Exhibits to their initial Motion, not in the later Reply. Plaintiff's attempt to file a Surreply on this topic is procedurally improper and meritless.

### 9. Intentional Infliction of Emotional Distress

Plaintiff's Surreply does not offer the Court any new argument or additional information

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3820745_1.doc 6943.289

than what his Response at the summary judgment stage contained about the claim for Intentional Infliction of Emotional Distress. Because his Surreply rehashes the same arguments he already raised, the Court should reject his Surreply as improper.

### 10. Title VI

Just as with Plaintiff's rehashed arguments regarding his Intentional Infliction of Emotional Distress claim, Plaintiff's Surreply takes the same approach with his Title VI claim. He makes the same arguments as in his Response. For that reason, the Court should deny his request for leave to file the Surreply. This District's Local Rules prohibit Plaintiff's improper attempt at getting the last word outside the normal course of briefing.

## II. CONCLUSION

The Court should deny Plaintiff's Motion for Leave to File a Surreply, (ECF No. 80). Plaintiff's Surreply is an improper filing that attempts to get the last word on issues, in contravention of this District's Local Rules and case law on standard motion practice. Moreover, this Surreply raises meritless arguments that cannot survive summary judgment in LVMPD Defendants' favor.

DATED this 26th day of September, 2024.

KAEMPFER CROWELL

By: */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*
*and Sergeant Smith*

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3820745_1.doc  6943.289

Page 8 of 9

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY [ECF Nos. 79, 80]** to be served via CM/ECF and/or First Class Mail (where indicated) addressed to the following:

Mark Clifford Sykes
P.O. Box 674
Russellville, AR  72801

windsorsykes@yahoo.com
*(Via CM/ECF)*

***Plaintiff, Pro Se***

DATED this 26th day of September, 2024.

/s/ _____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135