UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK CLIFFORD SYKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01479-RFB-DJA<br><br>**ORDER** |

  Before the Court for consideration is the Report and Recommendation (ECF No. 73) of the Honorable Daniel J. Albregts, United States Magistrate Judge, entered on May 16, 2024. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985). Pursuant to Local Rule IB 3-2(a), objections were due by May 30, 2024. No objections have been filed.

  The Court has reviewed the record in this case, concurs with the Magistrate Judge's recommendation, and denies Plaintiff's Motion to Extend Time for service on unserved

defendants. Where a Plaintiff shows good cause for failure to serve the Defendant within ninety days after the complaint is filed, courts may exercise their discretion to extend the time for service for an appropriate period. The district court is to consider several factors, including "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2001).

The Court has reviewed the record and agrees that the facts of this case weigh against granting the extension. The prejudice to Defendants at this late stage of the litigation is significant. Discovery has already closed, Defendants have filed a motion for summary judgment, ECF No. 75, and Plaintiff has failed to offer evidence suggesting that Defendant Hunt has notice of the lawsuit. Moreover, in the absence of evidence that Defendant Hunt has been evading service, the Court remains unsure whether eventual service will be carried out. The deadline for service of the original complaint was March 3, 2022. The deadline for service of the amended complaint was May 31, 2023. To date, Plaintiff has never properly served Officer Hunt despite being granted multiple extensions. The Court also agrees with the Magistrate Judge that it does not appear that Plaintiff is acting quickly to serve Hunt as he might if Hunt's participation was vital to this case. For example, Plaintiff waited over a month and a half after the most recent service deadline passed to file the instant motion. ECF Nos. 64, 70. Plaintiff also failed to file any objection to the Magistrate Judge's Report and Recommendation. For the foregoing reasons, the Court finds that a denial of Plaintiff's request for an addition extension is appropriate.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 73) is **ACCEPTED** and **ADOPTED in full.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 70) is **DENIED** and Plaintiff's claims against Officer S. Hunt are dismissed without prejudice.

**DATED:** <u>October 21, 2024.</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**