LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
*Attorneys for Defendants Las Vegas Metropolitan Police Department and Sergeant Smith*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK CLIFFORD SYKES, Sui Juris, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT OF CLARK COUNTY NEVADA, et al., <br><br> Defendants. | CASE NO.: 2:21-cv-01479-RFB-DJA <br><br> **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S PETITION** <br> **[ECF Nos. 91, 92]** |

Defendants Las Vegas Metropolitan Police Department and Sergeant Smith ("LVMPD Defendants") file this Response in opposition to Plaintiff Mark Sykes's Petition, (ECF Nos. 91, 92),[1] which seeks to vacate, alter, or amend the Order granting summary judgment in LVMPD Defendants' favor.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Plaintiff's Petition essentially moves for reconsideration of the Order granting summary

---

[1] Plaintiff's filings at ECF Nos. 91 and 92 appear identical. So, this Response addresses them collectively as the "Petition."

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 1 of 10

judgment. Plaintiff does so by re-hashing the same arguments that this Court (and other courts around the country) conclusively rejected.

Specifically, Plaintiff repeats the flawed legal theory that his arrest must have been unconstitutional because he was not convicted of the unlawful conduct *before* the arrest occurred. He is wrong as a matter of law, because a conviction is not required to precede the arrest.

He also repeats the flawed argument that probable cause did not support his arrest because he subjectively believed there was an "emergency" that warranted him calling 9-1-1 on scene to protest the arresting officer's traffic stop and detention. But, as the Court correctly recognized, an "emergency" for purposes of lawfully calling 9-1-1 has a specific meaning under Nevada law: imminent physical harm to person or property. There was no evidence of imminent physical harm to Plaintiff or his property. The Court had body camera footage showing the absence of imminent threat of physical harm on scene.

Further, Plaintiff continues to assert without evidence that LVMPD engaged in racially discriminatory conduct in violation of federal law. But, the Court correctly looked to the actual evidence here, not Plaintiff's unsupported arguments, when rejecting Plaintiff's discrimination claims on the merits.

Altogether, Plaintiff's Petition is an attempt to re-state the same arguments he already made in the hope of getting a different result. This is an improper basis to seek altering, amending, or vacating the Court's prior Order and entry of Judgment in LVMPD Defendants' favor.

II.   **BACKGROUND**

At the time of summary judgment, Plaintiff's Second Amended Complaint governed the case. His Second Amended Complaint asserted four "Counts" in total: (1) violation of the

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 2 of 10

Fourth Amendment protection against unreasonable searches and seizures and Fourteenth Amendment through deprivation without due process of law, against "Defendants Officer S. Hunt and Officer Smith"; (2) Libel under Nevada Revised Statute 200.510(1), against the National Crime Information Center ("NCIC"); (3) Intentional Infliction of Emotional Distress under Nevada law, against Officer Hunt and Sergeant Smith; and (4) violation of Title VI of the Civil Rights Act "pursuant to 42 U.S.C. § 2000d *et. seq.*," against LVMPD.

As the case progressed, the Court entered an Order on March 29, 2024, dismissing NCIC from the case. (Order, ECF No. 66). On May 16, 2024, Magistrate Judge Albregts entered a Report and Recommendation to dismiss Defendant Hunt without prejudice because Plaintiff had not accomplished service of process against Hunt in the three years since this case began. (Report and Recommendation ("R&R"), ECF No. 73). The deadline for Plaintiff to file an Objection to the R&R expired fourteen days later. He did not file a timely Objection. Nor has he filed an Objection to date.

As a result, only two defendants were left in this case at the summary judgment stage: the Las Vegas Metropolitan Police Department, and Sergeant Smith.

After full briefing on summary judgment and a February 21, 2025 Hearing, the Court entered a written Order granting summary judgment in LVMPD Defendants' favor. (Mins. Proceedings, ECF No. 87); (Order, ECF No. 88) (entered March 30, 2025). The Court's decision centered on the merits of Plaintiff's claims.

On April 22, 2025, Plaintiff mailed to the Court his Petition, (ECF Nos. 91, 92), seeking reconsideration of the Court's decision. He appears to attack every aspect of the Court's Order.

III.   **LEGAL STANDARD**

A motion for reconsideration of summary judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 3 of 10

Cir. 1991). Rule 59(e) enables a party to request that a district court reconsider a just-issued judgment. *Banister v. Davis*, 590 U.S. 504, 508 (2020).

Under Rule 59(e), it is appropriate to alter or amend a judgment if: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (simplified). A Rule 59(e) motion must be filed be no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).

"[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation...of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

## IV. ARGUMENT

Plaintiff's Petition relies on Federal Rules of Civil Procedure 59 and 60 to vacate, alter, or amend the Order granting summary judgment. None of the grounds for relief under FRCP 59 or 60 apply here because Plaintiff does not present new evidence, the Court did not commit clear error, and there has been no change in controlling law since the Court's decision. Plaintiff's mere disagreement with the Order—and misapplication of law when doing so—does not provide a valid reason for the Court to reconsider its entry of Judgment in LVMPD Defendants' favor.

### A. The Court Correctly Entered Judgment in LVMPD Defendants' Favor.

The Court correctly granted summary judgment in LVMPD Defendants' favor because no evidence supported Plaintiff's claims. To the contrary, evidence only refuted his theories of

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 4 of 10

liability.

### 1. *An Arrest Properly Occurs Before a Conviction.*

Plaintiff's Petition re-raises his central incorrect legal belief that an arrest cannot lawfully occur unless a conviction precedes the arrest. *See generally* (Petition, ECF No. 91, 92) (arguing "Arrest before conviction is not authorized."). The Court correctly rejected this argument because it is incorrect as a matter of law.

Our justice system imposes a lesser "probable cause" standard to conduct an arrest, which then initiates the criminal justice process of trial and later conviction or acquittal based on a "beyond a reasonable doubt" standard. *E.g. Parker v. Washington*, No. C21-5258 BHS, 2023 WL 4561116, at *7 (W.D. Wash. July 17, 2023) (explaining how the probable cause standard for an arrest "is a much lower standard than the beyond a reasonable doubt standard required to convict"). Plaintiff's novel interpretation of reversing this established process is erroneous.

### 2. *Probable Cause Supported Plaintiff's Arrest.*

Next, Plaintiff's Petition appears to challenge the Court's holding that probable cause supported Officer Hunt's arrest of Plaintiff and Sergeant Smith's alleged condoning of that arrest. Plaintiff makes this challenge by arguing that he *subjectively* felt that the circumstances during the on-scene traffic stop were an "emergency" that compelled him to call 9-1-1 on Officer Hunt.

Plaintiff's subjective belief is not what controls whether the decision to arrest him was lawful. As the Court correctly recognized, an "emergency" for purposes of lawfully calling 9-1-1 has a specific meaning under Nevada law: imminent physical harm to person or property. Nev. Rev. Stat. § 207.245(6)(a) (defining an emergency as "a situation in which immediate intervention is necessary to protect the physical safety of a person or others from an immediate threat of physical injury or to protect against an immediate threat of severe property damage")

Kaempfer Crowell
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 5 of 10

Here, there was no evidence of imminent physical harm to Plaintiff or his property by Officer Hunt. In fact, Plaintiff conceded that Hunt never took out his firearm and never called him derogatory names. **Ex. L** to LVMPD Defs.' MSJ, Pl.'s Resps. to RFAs (in Response to Nos. 3 and 5, Plaintiff admitting that Hunt "did not take his firearm out of his holster" and "did not call me any derogatory names during the incident"). The Court had body camera footage showing the absence of imminent threat of physical harm to Plaintiff on scene. **Ex. B** to LVMPD Defs.' MSJ, Body Camera Footage, Video 467-7 at 13:00–14:30.

Evidence on summary judgment established that Plaintiff called 9-1-1 on scene to merely report his disagreement with Hunt's actions and demand a supervisor appear on scene. Plaintiff's personal disagreement with an officer's actions is not a lawful ground to call emergency services using 9-1-1. His action in calling 9-1-1 for this non-emergency purpose constituted a criminal act under NRS 207.245. The Court correctly recognized as much in its Order granting summary judgment. As further proof that probable cause supported this arrest, a justice court held that probable cause existed for charges stemming from the arrest. **Ex. E** to LVMPD Defs.' MSJ, Register of Actions (stating "Probable Cause Found" on August 9, 2020); *Nieves Martinez v. United States*, 997 F.3d 867, 879 (9th Cir. 2021) ("Moreover, the prior judicial determination that there was probable cause to arrest Nieves Martinez precludes us from revisiting this issue.").

Because Plaintiff's position on Nevada law is wrong as a matter of law, he does not present a valid ground for reconsideration of the Court's decision. The Court rightly decided this issue based on undisputed facts; it was not an issue reserved only for jury resolution. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993) (explaining that "the question of whether a reasonable officer could have believed probable cause (or reasonable suspicion) existed to justify a search or an arrest is an essentially legal question that should be determined

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 6 of 10

by the district court at the earliest possible point in the litigation") (internal quotation and citations omitted).

### 3.  Evidence Only Refuted Plaintiff's Discrimination Claims.

Plaintiff's Petition again raises his belief that his arrest and detention occurred based on "systemic racial bias" by LVMPD. But he presents no evidence to support this position. Nor does he present any new evidence at this stage to undermine the Court's Order rejecting his discrimination-based claims. His reciting of the same unsuccessful arguments is not a valid basis to overturn the Court's entry of Judgment in LVMPD Defendants' favor.

### 4.  The Court Did Not Err in Denying Leave to File a Surreply.

Plaintiff's Petition argues that the Court violated his due process rights by not allowing him to file two Surreplies to oppose LVMPD Defendants' Motion for Summary Judgment. But the Court properly denied his request to do so because, in essence, Plaintiff's Surreplies simply tried to get the last written word on issues. This is an improper purpose that the Court rightly rejected. *Escobedo-Gonzalez*, No. 2:15-cv-1687-JCM-PAL, 2018 WL 4778031, at *2 (D. Nev. Oct. 3, 2018) ("Courts in this district have held that the '[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . . .'" (quoting *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014)).

Moreover, the Court held a hearing on summary judgment, thus allowing Plaintiff a full ability to present all arguments. As a result, the Court's denial of leave to file surreplies—which re-argued Plaintiff's positions already stated in his Response and did not contain new evidence that would change the outcome—did not deprive him of any fair ability to present his positions to the Court.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 7 of 10

### B. Plaintiff Cannot Assert a New Claim under the Thirteenth Amendment.

The Court's Order correctly listed the claims Plaintiff pursued in his governing complaint at the time of summary judgment. The legal bases for these claims were the Fourth and Fourteenth Amendments, alongside Nevada common law and Title VI of the Civil Rights Act. (Order 1:19–28, ECF No. 88). Plaintiff did not have a claim or legal theory based on the Thirteenth Amendment for involuntary servitude.

Now, however, Plaintiff's Petition makes several arguments based on the Thirteenth Amendment. (Pl.'s Petition at 2, 11–13, ECF Nos. 91, 92). At this late stage, he cannot proceed with this theory because it was not properly invoked nor allowed at the pleadings and discovery stage. *Corona v. Time Warner Cable, Inc.*, 2014 U.S. Dist. LEXIS 186736, 2014 WL 11456535, at *3 (C.D. Cal. Oct. 16, 2014) ("It is well-settled in the Ninth Circuit that parties generally cannot assert unpled theories for the first time at the summary judgment stage.") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).

Regardless, his legal theory under the Thirteen Amendment is invalid as a matter of law. Arresting Plaintiff and briefly detaining him at CCDC did not violate the Thirteenth Amendment because (1) probable cause supported the arrest and detention, as held by this Court and a Nevada state court judge overseeing his initial appearance; (2) the law does not require a criminal conviction before an arrest can lawfully occur for suspected crimes; and (3) Plaintiff was not subject to slavery or involuntary labor. *Brogan v. San Mateo Cnty.*, 901 F.2d 762, 764 (9th Cir. 1990) (explaining that involuntary servitude for purposes of the Thirteenth Amendment "occurs when an individual coerces another into his service by improper or wrongful conduct that is intended to cause, and does cause, the other person to believe that he or she has no alternative but to *perform labor*") (citations omitted) (emphasis added).

Plaintiff's novel interpretation of the Thirteenth Amendment as prohibiting arrest or

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 8 of 10

pretrial detention is incorrect on its merits and inapplicable when considering the undisputed evidence in the record. The court in *Stewart v. City of Oceanside*, No. 14cv1472 AJB (JLB), 2015 U.S. Dist. LEXIS 2081, at *18 (S.D. Cal. Jan. 8, 2015), rejected this same incorrect legal theory.

## V. CONCLUSION

For the reasons stated in this Response, the Court should deny Plaintiff's Petition. He does not present any valid basis under FRCP 59 or 60 for the Court to vacate, alter, or amend its Judgment in LVMPD Defendants' favor.

DATED this 15th day of May, 2025.

KAEMPFER CROWELL

By:   */s/ Lyssa S. Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*
*and Sergeant Smith*

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

6943.289

Page 9 of 10

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **LVMPD DEFENDANTS' RESPONSE TO PLAINTIFF'S PETITION [ECF Nos. 91, 92]** to be served via CM/ECF addressed to the following:

Mark Clifford Sykes
P.O. Box 674
Russellville, AR  72801

windsorsykes@yahoo.com
*(Via CM/ECF)*

**Plaintiff, Pro Se**

DATED this 15th day of May, 2025.

/s/ _____
an employee of Kaempfer Crowell

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

6943.289

Page 10 of 10